IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MAGMA DESIGN AUTOMATION, INC., and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,<br><br>Defendants,<br>_____<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | CASE NO. 5:06-cv-05526-EJD<br><br>ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS WITH LEAVE TO AMEND; AUTHORIZING THE PARTIES TO TAKE LIMITED DISCOVERY; AND DENYING GENESIS'S MOTION FOR REVIEW OF TAXATION OF COSTS<br><br>[Re: ECF Nos. 221, 233, 237] |

National Union Fire Insurance Company of Pittsburg ("National Union") moves to dismiss the amended complaint filed by Genesis Insurance Company ("Genesis") and the Amended Crossclaim filed by Magma Design Automation, Inc. ("Magma") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 233, 237. Genesis moves for review of the Clerk's taxation of appellate costs to National Union. ECF No. 221. Having considered the pleadings, the briefing, the matters of which the Court may take judicial notice, and the oral argument presented at the hearing on August 16, 2013, the Court hereby grants the motions to dismiss with leave to

1  amend, authorizes the parties to take limited discovery, and denies the motion for review of taxation
2  of costs.

## I. BACKGROUND

This action arises out of directors and officers ("D & O") liability insurance policies covering Magma for two distinct policy periods.  With respect to the first period, December 15, 2003 through December 15, 2004 ("the 03-04 Period"), Executive Risk Indemnity, Inc. ("ERII") issued the primary policy ("ERII 03-04 Policy") and Genesis issued the first layer excess policy ("Genesis Excess Policy").  Am'd Compl. ¶ 10, ECF No. 153.  With respect to the second period, December 15, 2004 through March 30, 2006 ("the 04-06 Period"), ERII again issued the primary policy ("ERII 04-06 Policy") and National Union issued the first layer excess policy ("National Union Excess Policy").  Id. ¶¶ 13-14.  The policy limits on each of the ERII policies were $10 million and the policy limits on each of the first layer excess policies were $5 million.  Id. ¶¶ 10-14.

**Relevant Policy Provisions**

The policies issued by ERII, Genesis, and National Union are "claims made" policies, meaning that they provide coverage only for claims first made during the policy period.  Am'd Compl. ¶¶ 10-14, ECF No. 153; Policies, Exs. A-D of Am'd Compl., ECF Nos. 153-1, 153-2.  However, the ERII policies contain an express "notice of circumstances" provision stating that if during the policy period Magma (1) becomes aware of circumstances that could give rise to a claim and (2) provides written notice of such circumstances to ERII, any claim subsequently arising from those circumstances shall be deemed to have been first made during the policy period in which the written notice of circumstances first was provided to ERII.  ERII 03-04 Policy § 15(b), Ex. B to Am'd Compl., ECF No. 153-1; ERII 04-06 Policy § 15(b), Ex. C to Am'd Compl., 153-2.  As a condition precedent to coverage under the notice of circumstances provision, Magma was required to provide specific information in its written notice to ERII, including "a description of the Claim, circumstances, or Securityholder Derivative Demand, the nature of any alleged Wrongful Acts, the nature of the alleged or potential damage, the names of all actual or potential claimants, the names of all actual or potential defendants, and the manner in which such insured first became aware of the Claim, circumstances, or Securityholder Derivative Demand."  ERII 03-04 Policy § 15(c), Ex. B to

2

Am'd Compl., ECF No. 153-1; ERII 04-06 Policy § 15(c), Ex. C to Am'd Compl., 153-2. Both the Genesis Excess Policy and the National Union Excess Policy contain "follow form" provisions under which coverage under the excess policies conforms to the coverage provided under the primary ERII policies. Genesis Excess Policy § II, Ex. A to Am'd Compl., ECF No. 153-1; National Union Excess Policy ¶ V, Ex. D to Am'd Compl., ECF No. 153-2. Thus the notice of circumstances provision contained in the ERII policies is incorporated into the Genesis Excess Policy and the National Union Excess Policy.

*Synopsys* **Action**

In September 2004, during the 03-04 Period, Magma was sued for patent infringement in an action entitled *Synopsys, Inc. v. Magma Design Automation, Inc.* In that action, Synopsys alleged that its former employee, Lukas van Ginneken ("van Ginneken"), left Synopsys and co-founded Magma; that Magma subsequently obtained patents for inventions that van Ginneken had conceived and developed while at Synopsys; and that those patents legally belong to Synopsys. *Synopsys* Compl. ¶¶ 6-12, Ex. A to Req. for Jud. Not., ECF No. 234-1.[1] Magma promptly notified ERII and Genesis of the *Synopsys* action. Am'd Counterclaim and Crossclaim ¶ 14, ECF No. 154. Although the pleadings do not address the insurers' response to Magma's tender of the *Synopsys* action, it appears from the briefing that both ERII and Genesis denied coverage for the *Synopsys* action and that Magma did not challenge those denials. *See* Mot. for Rev. of Taxation of Costs at 4, ECF No. 221.

**Shareholder Litigation**

In the summer of 2005, during the 04-06 Period, shareholders brought a securities fraud action and a shareholder derivative action against Magma and certain of its directors and officers (collectively, "shareholder litigation"). Am'd Counterclaim and Crossclaim ¶ 15, ECF No. 154. The shareholders alleged *inter alia* that Magma, its directors, and its officers had failed to disclose

---

[1] The Court grants the requests for judicial notice filed by National Union and Magma. *See* Reqs. for Jud. Not., ECF Nos. 234, 238, 247. Those requests seek judicial notice of documents filed in the present lawsuit and in the underlying lawsuits that gave rise to Magma's insurance claims under the subject policies. "In deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (taking judicial notice of district court's order).

3

CASE NO. 5:06-cv-05526-EJD
ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS ETC.

to the market that Magma faced a serious risk of infringing Synopsys's intellectual property rights because certain of Magma's patents covered inventions designed by van Ginneken while he was employed by Synopsys. *Id*. ¶¶ 16, 18. Magma notified its insurers of the shareholder litigation. *Id*. ¶¶ 17, 19. ERII concluded that Magma's prior notice of the *Synopsys* action during the 03-04 Period constituted a "notice of circumstances" and that the later-filed shareholder litigation arose out of those circumstances. *Id*. ¶ 21. Thus, although the shareholder litigation was filed and reported during the 04-06 Period, ERII deemed that claim to be first made during the 03-04 Period, and ERII advanced defense costs for the shareholder litigation under the ERII 03-04 Policy. *Id*. ¶¶ 20-21.

Genesis, which issued the first layer excess policy for the 03-04 Period, disagreed with ERII's position. Genesis concluded that although Magma had given notice of the *Synopsys* action within the 03-04 Period, that notice did not constitute a "notice of circumstances" sufficient to bring the later-filed shareholder litigation within the 03-04 Period. *Id*. ¶ 22. Genesis thus denied coverage for the shareholder litigation on the ground that it was a claim made during the 04-06 Period, after the Genesis Excess Policy had expired. *Id*.

National Union, which issued the first layer excess policy for the 04-06 Period, adopted ERII's position that the notice of the *Synopsys* action constituted "notice of circumstances" sufficient to bring the shareholder litigation within the 03-04 Period. *Id*. ¶ 23. National Union thus denied coverage for the shareholder litigation on the ground that it properly was deemed a claim first made during the 03-04 Period, before the National Union Excess Policy was in effect. *Id*.

**Present Lawsuit**

In 2006, Genesis filed the present action against Magma, seeking a judicial determination that Magma's notice of the *Synopsys* action did not constitute "notice of circumstances" sufficient to trigger a risk of coverage for the shareholder litigation under the Genesis Excess Policy. ECF No. 1. Magma filed a counterclaim against Genesis and crossclaims against National Union and ERII.[2] ECF Nos. 10-11. As relevant here, Magma sought a declaration that one of the first layer excess policies covers the shareholder litigation. *Id*.

---

[2] Magma later voluntarily dismissed ERII from this action. *See* ECF No. 156.

4

CASE NO. 5:06-cv-05526-EJD
ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS ETC.

**Settlement of Shareholder Litigation**

In November 2007, Magma settled the shareholder litigation. Am'd Counterclaim and Crossclaim ¶ 25. ERII contributed its remaining limits under the ERII 03-04 Policy. *Id*. ¶ 26. Genesis contributed the $5 million limits of its excess policy under a reservation of rights. *Id*. ¶ 25.

**Judge Ware's Summary Judgment Ruling and Ninth Circuit's Reversal**

In July 2008, District Judge James Ware (to whom the present case then was assigned) granted partial summary judgment for National Union, holding that Magma's notice of the *Synopsys* action satisfied the "notice of circumstances" provision such that Genesis was at risk for coverage of the later-filed shareholder litigation. ECF No. 112. The Ninth Circuit reversed, concluding that the notice of the *Synopsys* action that was provided to Genesis did not trigger coverage for the post-period shareholder litigation. *Genesis Ins. Co. v. Magma Design Automation, Inc.("Genesis I")*, 386 F. App'x 728, 730 (9th Cir. 2010). Of particular note, the Ninth Circuit held that "[t]he notice did not contain any of the specific information called for in Section 15(c) of the policy and falls short of the types of notice we have upheld as sufficiently specific under similar notice provisions." *Id*.

**Judge Ware's Ruling on Remand and Ninth Circuit's Reversal**

On remand, Genesis filed the operative amended complaint, seeking to recover the $5 million in policy limits that it paid toward settlement of the shareholder litigation under alternative theories of: (1) restitution against Magma, and (2) equitable subrogation against National Union. ECF No. 153. In response, Magma filed the operative amended counterclaim and crossclaim, asserting claims for: (1) declaratory relief against Genesis, (2) declaratory relief against National Union, (3) breach of contract against National Union, and (4) breach of the implied covenant against National Union. ECF No. 154.

In December 2010, Judge Ware granted partial summary judgment for Genesis, in essence concluding that because the Ninth Circuit had determined that Genesis was not at risk for coverage of the shareholder litigation, the shareholder litigation necessarily was covered under the National Union Excess Policy. ECF No. 186. Judge Ware held that Genesis was entitled to recover its payment of $5 million from National Union under an equitable subrogation theory. *Id*. The Ninth

5

1 Circuit again reversed. *Genesis Ins. Co. ("Genesis II") v. Magma Design Automation, Inc.*, 506 F. App'x 679, 680 (9th Cir. 2013). The Court observed that coverage under the National Union Excess Policy was contingent on exhaustion of the primary ERII 04-06 Policy, and concluded that Genesis had failed to establish exhaustion given ERII's treatment of the shareholder litigation as covered under the ERII *03-04* Policy. *Id*. ERII had stated that it would "adjust its records" to reflect exhaustion of the ERII 04-06 Policy if there was a judicial determination that the shareholder litigation properly was covered under the ERII 04-06 Policy rather than the ERII 03-04 Policy. *Id*. However, as of the time of the appeal, there had been no such determination. *Id*. Accordingly, the appellate court made clear that if Genesis's claims against National Union were not dismissed on other grounds, the district court would be required to "determine whether ERII correctly treated the [*Synopsys*] complaint as notice of circumstances that could give rise to a covered claim under its policy." *Id*.

**Proceedings Following Remand**

On remand, the case was reassigned to the undersigned. Shortly thereafter, National Union filed a bill of costs in this Court seeking $127,607.35 in appellate costs: $127,000 in premiums for the *supersedeas* bond posted to secure National Union's appeal; a $455 filing fee for the notice of appeal; and a $152.35 fee for the reporter's transcript of the district court hearing on the summary judgment motion that resulted in the ruling that was appealed. Bill of Costs, ECF No. 211. The Clerk of the Court taxed costs to National Union in the full amount requested. ECF No. 220. On March 18, 2013, Genesis filed a motion for review of taxation of costs to National Union. ECF No. 221. National Union filed opposition and Genesis filed a reply. ECF Nos. 222, 224.

On May 24, 2013, the Court held a case management conference to discuss further proceedings. The Court invited National Union to renew motions to dismiss that had been mooted by Judge Ware's last ruling and set those motions for hearing on August 16, 2013. The parties then stipulated to set the motion for review of taxation of costs on the same date.

## II. MOTIONS TO DISMISS

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When

6

determining whether a claim has been stated, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As noted above, Genesis asserts a single claim of equitable subrogation against National Union. "Subrogation is the insurer's right to be put in the position of the insured, in order to recover from third parties who are legally responsible to the insured for a loss paid by the insurer." *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health and Welfare Benefit Plan*, 64 F.3d 1389, 1392 (9th Cir. 1995). Thus Genesis may recover its $5 million in policy limits from National Union under an equitable subrogation theory only if Magma would be entitled to such a recovery. Magma is entitled to recovery against National Union only if National Union had an obligation to provide coverage for the shareholder litigation under the National Union Excess Policy. Magma asserts that National Union did have such an obligation and asserts claims against it for declaratory relief, breach of contract, and breach of the implied covenant.

As discussed above, the Ninth Circuit has made clear that "[c]overage under National Union's policy was contingent on exhaustion of the primary coverage provided by Executive Risk Indemnity, Inc. ("ERII") for the 2004-06 policy period." *Genesis II*, 506 F. App'x at 680. National Union points out that neither Genesis's amended complaint nor Magma's amended counterclaim and crossclaim allege exhaustion of the ERII 04-06 Policy. The Court concludes that both pleadings are subject to dismissal on this basis.

At the hearing, Genesis's counsel informed the Court that ERII has reconsidered its initial

7

CASE NO. 5:06-cv-05526-EJD
ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS ETC.

coverage position and has adjusted its records to reflect that the shareholder litigation was covered under the *ERII 04-06 Policy* rather than the ERII 03-04 Policy as initially determined. National Union's counsel expressed the view that ERII lacks the authority to make a "bookkeeping" adjustment that might have a $5 million impact on another party. After considering the comments of all counsel, the Court concluded that (a) the pleadings should be amended to reflect recent developments such as ERII's change of coverage position, and (b) the parties should be permitted to take limited discovery prior to such amendment. The Court requested that the parties submit short briefs as to the appropriate scope of such discovery.

Having reviewed the joint brief submitted by Genesis and Magma and the brief submitted by National Union, the Court concludes that discovery should be limited to the issue of whether there was a material difference between the notice of the *Synopsys* action provided to Genesis, which the Ninth Circuit has found to be inadequate to constitute a notice of circumstances, and the notice of the *Synopsys* action provided to ERII. The Court will adopt the proposal of Genesis and Magma, permitting National Union to conduct one deposition of ERII and one deposition of Magma's broker, Rian Jorgensen. National Union also may conduct limited document discovery focused on the notice provided to Genesis, the notice provided to ERII, and any material differences between the two. Discovery otherwise shall remain stayed.[3]

Although the Court ordinarily would not grant additional time to amend the pleadings pending completion of discovery, the Court concludes that it makes sense to do so in this case given the case's unique factual and procedural history. The Court requests that Genesis and Magma include as much factual specificity as possible in their amended pleadings while still complying with Rule 8(a) of the Federal Rules of Civil Procedure (requiring "a short and plain statement" of each claim for relief).

### III. MOTION FOR REVIEW OF TAXATION OF COSTS

Taxation of costs in the district court is governed by Federal Rule of Appellate Procedure 39,

---

[3] Given the Court's conclusions regarding the necessity for limited discovery and subsequent amendment of the pleadings, the Court will not at this time address the additional arguments presented in National Union's motions to dismiss. National Union may reassert those arguments at a later date if necessary.

8

CASE NO. 5:06-cv-05526-EJD
ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS ETC.

which provides in relevant part as follows:

> (a) **Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise:
>
> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> (2) if a judgment is affirmed, costs are taxed against the appellant;
>
> (3) *if a judgment is reversed, costs are taxed against the appellee*;
>
> (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Fed. R. App. P. 39(a) (bold in original; italics added). In the present case, the judgment in favor of Genesis and against National Union was reversed. *Genesis II*, 506 F. App'x at 680. There is no dispute that the categories of costs taxed to National Union – bond premiums, filing fee and reporter's fee – are taxable. *See* Fed. R. App. P. 39(e). Accordingly, National Union is entitled to the subject costs unless this Court orders otherwise.

      Genesis contends that the Court should order otherwise, or at least should defer taxation of the subject costs, arguing that National Union obtained only a partial victory on appeal. The Court notes that this case does not fall within Rule 39(a)(4), which provides that if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as ordered by the court. This case falls squarely within Rule 39(a)(3), which provides that when judgment is reversed – as it was here – costs "are taxed" against the appellee. While conceding (as it must) that National Union obtained a reversal of the judgment against it, Genesis argues that the Ninth Circuit's rejection of one of National Union's substantive arguments provides a basis for denying National Union the appellate costs to which it otherwise would be entitled. The case upon which Genesis relies, *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077 (9th Cir. 2009), is inapposite. *Exxon Valdez* addressed the propriety of awarding costs to the prevailing party under Rule 39(a)(*4*) when a punitive damages award was upheld but substantially reduced. *Id.* at 1081. The case provides no support for denying costs to a prevailing party under Rule 39(a)(*3*).

      Genesis also argues that National Union's victory on appeal will be short-lived, as Genesis expects to prevail on its subrogation claim on remand. However, a prevailing party's entitlement to

9

taxed costs does not depend on the ultimate outcome of the case on remand. *See Ninilchick Traditional Council v. United States*, 227 F.3d 1186, 1196 (9th Cir. 2000) (appellant's entitlement to costs on appeal is not dependent upon the outcome of subsequent proceedings); *Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-00-20905-RMW, 2012 WL 95417, at *3-4 (Jan. 11, 2012) (same).

Finally, Genesis urges the Court to deny costs based upon equitable considerations, arguing that Genesis – unlike National Union – put the insured's interests ahead of its own. Genesis also asserts that National Union obtained the *supersedeas* bond from another subsidiary of its National Union's parent company, and that as a result National Union's parent company will obtain a "windfall" if the bond premiums are taxed. Genesis does not cite any authority supporting its equitable argument, nor does it demonstrate that National Union did not actually pay the bond premiums to a separate, distinct entity.

Accordingly, the Court concludes that Genesis has failed to establish grounds to vacate or defer the Clerk's taxation of costs in this case.

## IV. ORDER

Good cause therefor appearing,

(1) National Union's motions to dismiss are GRANTED WITH LEAVE TO AMEND;

(2) National Union is granted ninety (90) days to conduct limited discovery, as described herein;

(3) Genesis and Magma may defer amending their pleadings pending completion of such limited discovery; and

(4) Genesis's motion for review of taxation of costs to National Union is DENIED.

Dated: December 5, 2013

EDWARD J. DAVILA
United States District Judge

10

CASE NO. 5:06-cv-05526-EJD
ORDER GRANTING NATIONAL UNION'S MOTIONS TO DISMISS ETC.