Dennis M. Cusack (State Bar No. 124988)
dcusack@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, INC., and NATIONAL UNION FIRE INSURANCE COMPANY,<br><br>Defendants. | Case No. C06 5526 EJD<br><br>**MAGMA DESIGN AUTOMATION, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATIONAL UNION FIRE INSURANCE COMPANY AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| MAGMA DESIGN AUTOMATION, INC.,<br><br>Counter/Crossclaimant,<br><br>vs.<br><br>GENESIS INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY,<br><br>Counter/Cross Defendants, | Date: February 12, 2015<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor<br><br>Honorable Edward J. Davila<br><br>**Accompanying Documents**:<br><br>(1) Declaration of Dennis M. Cusack in Support of Motion for Partial Summary Judgment and attached Exhibits.<br>(2) [Proposed] Order Granting Magma's Motion for Partial Summary Judgment.<br>(3) Separate Statement of Undisputed Material Facts |

# TABLE OF CONTENTS


Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ... 1
  A. This Case Has A Long History ... 1
  B. The "Notice Of Circumstances" Issue ... 1
  C. The "Exhaustion" Issue ... 2
II. STATEMENT OF MATERIAL UNDISPUTED FACTS ... 3
  A. The D&O Policies ... 3
  B. The Policies' "Notice Of Circumstances" Provision ... 4
  C. National Union's "Exhaustion" Provision ... 5
  D. The Synopsys Action And Insurer Responses ... 6
    1. ERII's Response ... 6
    2. Genesis's Response ... 7
  E. The Securities Actions and Insurer Responses ... 7
  F. The Coverage Litigation ... 9
    1. The Pleadings Defined The Issue To Be: Genesis or National Union? ... 9
    2. No Party Suggested That Magma Could Be Left Without Coverage ... 10
  G. The Settlement Of The Securities Actions ... 10
    1. The Parties Presumed That The Genesis/National Union Layer Was Available ... 10
    2. This Court Confirmed That Magma Could Not Be Left Without Coverage ... 11
  H. The Ninth Circuit Ruled That The Synopsys Action Did Not Constitute A "Notice Of Circumstances." ... 12
  I. The Second Summary Judgment Ruling And Second Appeal ... 13
  J. Discovery Has Now Confirmed That The ERII Policy Is Exhausted ... 14
  K. National Union Asserted A New Unfounded Defense ... 14
III. LEGAL STANDARDS APPLICABLE TO MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ... 15
IV. THE ERII 04-06 POLICY IS EXHAUSTED ... 15
  A. The Law Of The Case ... 15
  B. ERII Received Only The Synopsys Action Complaint ... 16
V. NATIONAL UNION'S WAIVER AND ESTOPPEL DEFENSES ARE BASELESS ... 16
  A. ERII Cannot Have Waived Anything Because It Immediately Reserved Its Rights. ... 17
  B. National Union Could Not Possibly Have Relied Reasonably On Anything ERII Said Or Did ... 17


Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

C. National Union Has Actually Benefited From ERII's Position ............................ 18

D. National Union Can Point To No Representation By Magma That Could Serve As A Basis For A Waiver Or Estoppel. ...................................................... 18

VI. CONCLUSION ........................................................................................................ 19

## TABLE OF AUTHORITIES

**Page**

### FEDERAL COURT CASES

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........ 15

*Continental Ins. Co. v. Metro-Goldwyn-Mayer, Inc.*,
107 F.3d 1344 (9th Cir. 1997) ........ 12

*Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*,
701 F.2d 95 (9th Cir. 1983) ........ 15

*United States v. Jingles*,
702 F.3d 494 (9th Cir. 2012) ........ 15

### STATE COURT CASES

*Continental Ins. Co. v. The Superior Court of Los Angeles County*,
37 Cal. App. 4th 69 (1995) ........ 12

*KPFF, Inc. v. California Union Ins. Co.*,
56 Cal. App. 4th 963 (1997) ........ 13

*Waller v. Truck Ins. Exchange*,
11 Cal. 4th 1 (1995) ........ 17

### FEDERAL RULES AND REGULATIONS

Fed. R. Civ. Proc. 56(a) ........ 15

Fed. R. Civ. Proc. 56(c)(1) ........ 15

**PLEASE TAKE NOTICE THAT** on February 12, 2015 at 9:00 a.m., in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113, before the Honorable Edward J. Davila, Defendant, Counterclaimant and Crossclaimant Magma Design Automation, Inc. ("Magma") will move for an order of partial summary judgment that Magma is entitled to judgment as a matter of law on Magma's causes of action for Declaratory Relief and Breach of Contract against National Union Fire Insurance Company ("National Union") in its Second Amended Crossclaim.

This Motion is based on this Notice of Motion and Supporting Memorandum of Points and Authorities, the accompanying Declaration of Dennis M. Cusack in Support of Motion for Partial Summary Judgment and attached Exhibits, the Separate Statement of Undisputed Material Facts, on the [Proposed] Order Granting Magma's Motion for Partial Summary Judgment, and on the entire record in this Action.

# I. INTRODUCTION AND SUMMARY OF ARGUMENT

## A. This Case Has A Long History

This insurance coverage case is now more than eight years old. For this reason, a longer Introduction and Statement of Facts are necessary, even though the legal arguments in support of Magma's motion are short and straightforward.

The events at issue began in September 2004, when Synopsys filed a patent infringement action against Magma. That case itself was not covered by the Directors & Officers ("D&O") policies at issue here, but Securities Actions filed in 2005 and arising out of that Synopsys Action against Magma were covered. This triggered a dispute between Genesis and National Union, Magma's first-layer excess D&O insurers, over which one was responsible for covering the Securities Actions: Genesis, the insurer when the Synopsys Action was filed; or National Union, when the Securities Actions were filed. ERII, the primary D&O insurer, provided coverage in both periods so it was neutral in the dispute. Magma has been caught in the middle of this fight ever since.

## B. The "Notice Of Circumstances" Issue

Magma had provided a copy of the Synopsys Action complaint to ERII and Genesis in 2004 and asked them to consider it a "notice of circumstances." If that complaint had met the requirements of a "notice of circumstances" under the ERII and Genesis policies, then their policies would have covered the later filed Securities Actions. If not, then the ERII and National Union policies, in place when the Securities Actions were filed, would provide the coverage.

The Ninth Circuit ruled in 2010 that the Synopsys Action complaint did *not* constitute a "notice of circumstances," so Genesis did not provide coverage. That ruling should have resulted in National Union paying its $5 million limit of liability and ending this case. It did not. National Union has since then raised meritless defenses seriatim in an apparent effort simply to delay resolution. This motion disposes of National Union's last defense – the "exhaustion" issue.[1]

[1] When National Union repeated its "exhaustion" defense in response to Magma's Second Amended Crossclaim, Magma asked National Union to withdraw it because discovery established without doubt that it had no merit. National Union refused, requiring Magma to file this motion.

### C. The "Exhaustion" Issue

National Union's "exhaustion" defense, as currently alleged, has brought the parties back to the issue at the heart of the original dispute between Genesis and National Union -- the "notice of circumstances" issue.

National Union's policy is excess over ERII's 04/06 Policy. It requires that the limits of ERII's underlying policy be paid in full, or "exhausted," before it can be called upon to pay.

In 2004, ERII said it would treat the Synopsys Action complaint as a "notice of circumstances." When the Securities Actions were filed in 2005, therefore, it agreed to provide coverage under its 03/04 Policy, rather than its 04/06 Policy. It paid the entire $10 million limit of its 03/04 Policy towards defense costs and settlement of the Securities Actions. It did so, however, under a reservation of rights in light of the dispute between Genesis (the 03/04 excess insurer) and National Union (the 04/06 excess insurer). ERII stated that it would change its records to reflect that the payment had been made under its 04/06 Policy if it were determined in this lawsuit that the 04/06 Policy was the right one.

The Ninth Circuit's 2010 ruling that the Synopsys Action complaint was *not* a "notice of circumstances" means that coverage for the Securities Actions falls within the 04/06 Policies, not the 03/04 Policies. The ruling, however, addressed the issue as to Genesis but not ERII. But no evidence has ever existed – and none was found in the recent discovery requested by National Union and ordered by this Court to address this very issue -- that ERII received any information different from that received by Genesis. Genesis did not receive a "notice of circumstances"; therefore, neither did ERII. ERII's 04/06 Policy must be the primary policy applicable to this case. ERII therefore owes an obligation to Magma to acknowledge that its $10 million has been paid out under its 04/06 Policy, thereby exhausting it. ERII has in fact honored that obligation. National Union nonetheless has refused to admit this fact.

In addition, National Union now contends that ERII has waived the right, or is somehow "estopped," to accomplish the result mandated by its policies and the Ninth Circuit's ruling. It has alleged this in conclusory fashion, presumably because no facts exist that could possibly support the required elements of either waiver or estoppel. Magma, ERII, Genesis and National

Union have all been mutually aware since shortly after the Securities Actions were filed – and well before any insurer paid any money out of a policy – that a dispute existed on the "notice of circumstances" issue and everyone was reserving rights. Moreover, National Union has *benefited* from the dispute by using it to avoid paying any money out of its policy.

It is time for this lawsuit to come to an end. Magma therefore asks the Court to adjudicate as follows:

On Magma's Second Cause of Action for Declaratory Relief against National Union –

- That Magma's 04/06 D&O policies apply to the Securities Actions;
- That ERII's 04/06 Policy is exhausted; and
- That National Union's Prior Notice exclusion does not bar coverage.[2]

On Magma's Third Cause of Action for Breach of Contract against National Union –

- That National Union has breached its policy; and
- That National Union must pay its $5 million policy limits, plus interest, on behalf of Magma.

## II. STATEMENT OF MATERIAL UNDISPUTED FACTS[3]

### A. The D&O Policies

Magma bought directors and officers ("D&O") liability coverage from December 15, 2003 until December 15, 2004 as follows (the "03/04 Policies") (Facts 1 and 2):

| Insurer | Coverage | Policy Number | Policy Limits |
|---|---|---|---|
| ERII | Primary D&O | 6800-1349 | $10 million |
| Genesis | First-layer Excess D&O | YXB002393B | $5 million |

Magma renewed its D&O liability coverage with ERII and obtained excess coverage from December 15, 2004 until March 30, 2006 as follows (the "04/06 Policies")(Facts 3 and 4):

| Insurer | Coverage | Policy Number | Policy Limits |
|---|---|---|---|
| ERII | Primary D&O | 6800-1349 (renewal) | $10 million |
| National Union | First-layer Excess | 978-07-30 | $5 million |

[2] The Ninth Circuit affirmed a ruling on this issue in favor of Magma in the Second Appeal.
[3] References to "Fact __" are to the facts and evidence set forth in Magma's Separate Statement of Undisputed Material Facts accompanying this Motion.

| | | | |
|---|---|---|---|
| | D&O | | |

[2008 Order on Cross Motions for Summary Judgment [Dkt. No. 112) ("MSJ Order"), at 3:9-17; 4:18-23.] The Genesis and National Union policies adopt ("follow form to") the terms, conditions, and exclusions of the ERII Policies. The two ERII policies, the Genesis policy and the National Union policy are identical in all material respects for purposes of this litigation. [Copies of the Genesis, ERII and National Union Policies are attached to the accompanying Declaration of Dennis M. Cusack ("Cusack Decl.") as Exhibits A (Genesis), B and C (ERII), and D (National Union).]

### B. <u>The Policies' "Notice Of Circumstances" Provision.</u>

All of the D&O policies at issue here are "claims-made" policies. This means that coverage is triggered at the time a claim is first asserted against the insured. The policies, however, provide an exception to this general approach. It eliminates a potential gap in coverage that could arise under claims-made policies when an insured becomes aware of facts that might give rise to a claim but no claim has been asserted yet. The "notice of circumstances" provision allows the insured to report the facts of a potential claim to its existing insurer. If the reported circumstances do ripen into a later claim, even after the existing policy expires, the existing insurer will provide coverage. But one condition imposed by the "notice of circumstances" provision is that the insured actually be able to report specific facts about a possible future claim. Mere speculation is not enough to require the existing insurer to take responsibility for a future claim asserted after its policy has expired.

The "notice of circumstances" provision in the D&O policies at issue here says at Section 15(b):

> (b) If during the Policy Period an Insured:
>
> (i) becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to the Company;
>
> ….
>
> then any Claim subsequently arising from the circumstances referred to in (i) above…shall be deemed to have been first made

> during the Policy Period in which the written notice described in (i)…above was first given by an Insured to the Company, provided any such subsequent Claim is reported to the Company as set forth in Subsection 15(a) above. With respect to any such subsequent Claim, no coverage under this coverage section shall apply to loss incurred prior to the date such subsequent Claim is actually made.

Fact 9. [ERII 03/04 Policy (Exh. B to the Cusack Decl.) at pg. 14.][4]

Section 15(c) sets forth additional details regarding the notice the insured must provide the insurer to constitute a notice of circumstances under Section 15(b):

> The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, assistance, and cooperation as the Company may reasonably require, ***and shall include in any notice under Subsection 15(a) or (b) a description of the Claim, circumstances, or Securityholder Derivative Demand, the nature of any alleged Wrongful Acts, the nature of the alleged or potential damage, the names of all actual or potential claimants, the names of all actual or potential defendants, and the manner in which such Insured first became aware of the Claim, circumstances, or Securityholder Derivative Demand.***

Fact 10. [*Id*. (emphasis added)]. The "notice of circumstances" provision, then, requires that certain specific information about the potential claim be disclosed in order to secure coverage under the current policy for an actual claim asserted later.

The dispute at the heart of this case has been whether Genesis and ERII received enough information in 2004 to satisfy the requirements of Section 15(c), so as to constitute a "notice of circumstances" of the Securities Actions filed in 2005.

**C. National Union's "Exhaustion" Provision.**

National Union's policy is "excess" over the $10 million limits of ERII's 04/06 Policy. National Union's policy therefore states – in what is typically referred to as the "exhaustion" provision -- that it is responsible for coverage:

> after the Underlying Insurers and/or Insured or the Company have paid *the full amount of* the Total Underlying Limits [of the primary policy].

Fact 5. [Exh. D to the Cusack Decl., at p. 2 (emphasis added).]

---

[4] For the Court's convenience, we have attached the relevant pages from the ERII 03/04 Policy as Exhibit E to the Cusack Decl.

National Union has taken the position here that ERII paid its limits under the 03/04 Policy, not its 04/06 Policy, so the National Union exhaustion provision has not been satisfied. National Union also takes the position that ERII, despite its reservation of rights, somehow is not allowed to follow the Ninth Circuit's ruling and its contractual obligations to Magma, and pay the money out of the 04/06 Policy. As we point out below, ERII is obligated to pay, and has in fact paid, the full limits of its 04/06 Policy.

**D. <u>The Synopsys Action And Insurer Responses.</u>**

On September 17, 2004, Synopsys, Inc. ("Synopsys") sued Magma in the United States District Court for the Northern District of California, captioned *Synopsys, Inc. v. Magma Design Automation* ("the Synopsys Action"). Fact 11. [MSJ Order, at 4:25-5:1.] Synopsys alleged that patents ostensibly owned by Magma were based on inventions of Lukas von Ginneken while he was employed at Synopsys; therefore, Synopsys was the rightful owner of the patents and Magma was infringing. [*Id.* at 5:1-5.]

Magma notified ERII and Genesis of the Synopsys Action. [*Id.* at 5:6-7.] The notice consisted of a brief cover letter from Magma's broker, Rian Jorgensen of ABD Insurance Services, and a copy of the complaint filed by Synopsys. Fact 12. [September 28, 2004 letters from Jorgensen to Genesis and ERII (Cusack Decl., Exhs. E and F).] Mr. Jorgensen requested that the insurers treat the complaint as a "notice of claim and/or circumstances." [*Id.*]

**1. ERII's Response.**

ERII denied coverage for the Synopsys Action.[5] Fact 13. [MSJ Order at 9:1-3.] Shortly thereafter, Mr. Jorgensen called the ERII claims representative, Richard Nace, and asked ERII to treat the complaint as a "notice of circumstances" under the ERII policy. Fact 14. [Declaration of Richard Nace, dated March 7, 2008, at ¶¶6-7 (Cusack Decl., Exh. G); Deposition of Richard Nace at 57:15-58:5; 67:3-68:23 (Cusack Decl., Exh. H); Deposition of Rian Jorgensen, at 76:6-77:18; 80:15-20 (Cusack Decl., Exh. I).] Mr. Nace stated that Mr. Jorgensen had told him "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim." Fact

[5] There is no dispute that the Synopsys Action is not covered under any of the Policies.

15. [Nace 2008 Decl. at ¶7 (Cusack Decl., Exh. G).] Mr. Jorgensen provided no other information in that call. Fact 16. [*Id*.; Nace Depo. at 57:15-58:5, 62:22-24 (Cusack Decl., Exh. H); Jorgensen Depo, at 76:6-77:18; 80:16-20 (Cusack Decl., Exh. I).] After that conversation and with no further exchange of information, ERII sent a letter agreeing to treat the Synopsys Action as a "notice of circumstances" under its 03/04 policy. Fact 17. [November 9, 2004 Letter from Nace (Cusack Decl., Exh. J); MSJ Order at 9:7-9.] Magma provided no further information to ERII regarding the Synopsys Action, or any potential claim that might arise out of it, at any time before the 03/04 Policy expired on December 15, 2004. Fact 18. [Nace Depo. at 90:22-91:16 (Cusack Decl., Exh. H); Jorgensen Depo, at 76:6-77:18; 80:16-20 (Cusack Decl., Exh. I).]

**2. Genesis's Response.**

Genesis acknowledged Magma's request that it treat the Synopsys Action as a "notice of circumstances" under the Genesis 03/04 policy. Fact 19. [October 11, 2004 Letter from Genesis to Magma (Cusack Decl., Exh. K); MSJ Order at 9:11-13.] It did not take a position one way or the other and did not further respond to the Synopsys Action.

**E. <u>The Securities Actions and Insurer Responses.</u>**

Nine months after the Synopsys Action and after the 03/04 policies had expired, two other lawsuits were filed against Magma. On June 13, 2005, Magma shareholders filed a securities class action, *In re Magma Design Automation, Inc. Securities Litigation* ("Securities Class Action"). Fact 6. [MSJ Order at 5:8-9.] On July 26, 2005, Magma shareholders also filed a derivative action, *Willis v. Madhavan et al.* ("Derivative Action") in the same court. [*Id.* at 5:9-11.] (The Securities Class Action and Derivative Action will be referred to, collectively, as the "Securities Actions.") The plaintiffs in these actions alleged that information disclosed publicly in early 2005 indicated that Magma had failed to disclose the risks associated with the Synopsys Action. Plaintiffs alleged that, as a result, Magma's stock price dropped. [*Id.* at 5:11-20.]

Magma (through Mr. Jorgensen) notified ERII, National Union, and Genesis of the Securities Actions. A brief chronology of the insurers' responses addresses National Union's new estoppel and waiver arguments:

- **August 23, 2005:** ERII's first reservation of rights letter in response to the

Securities Actions said that it would respond under the 03/04 Policy pursuant to the "notice of circumstances," *but under a full reservation of rights*. Fact 23. [August 23, 2005 Letter from ERII to Magma (Cusack Decl., Exh. L).]

- **August 26, 2005:** National Union quickly adopted ERII's position that a "notice of circumstances" had been given in 2004. As a result, it denied coverage on the grounds that the claim was deemed made prior to its policy period. This was the only stated reason it gave for denying coverage. Fact 24. [August 26, 2005 Letter from National Union to Magma (Cusack Decl., Exh. M).]
- **August 31, 2005:** Genesis also denied coverage for the Securities Actions, disagreeing with ERII's assumption that the Synopsys Action constituted a "notice of circumstances." Fact 25. [August 31, 2005 Letter from Genesis to Magma (Cusack Decl., Exh. N).]
- **September 16, 2005:** Magma sent Genesis's letter to National Union and made it clear that Magma would protect its rights to coverage under either the 03/04 Policies or the 04/06 Policies. Fact 26. [September 16, 2005 letter from Magma to National Union (Cusack Decl., Exh. O).]

Therefore, within three months of the tender of the Securities Actions, Magma, ERII, Genesis and National Union all knew that a dispute existed as to whether Genesis and ERII had received a "notice of circumstances" that would require the 03/04 Policies, rather than the 04/06 Policies, to provide coverage for the Securities Actions. All parties also knew that everyone was reserving their rights.

- **May 24, 2006:** When the self-insured retention under the ERII policy had been spent and Magma demanded that ERII start paying defense costs, ERII stated explicitly that, while it would pay under its 03/04 Policy, it would deem its payments made under the 04/06 Policy if it were determined that Genesis's position was correct. Fact 27. [May 24, 2006 Letter from Terrence McInnis to Mary McCutcheon (Cusack Decl., Exh. P).]

### F. <u>The Coverage Litigation.</u>

#### 1. The Pleadings Defined The Issue To Be: Genesis or National Union?

Genesis filed its Complaint for Declaratory Relief against Magma on September 8, 2006. Fact 28. [Complaint, Dkt. No. 1.] Genesis sought a declaration that the Securities Actions were not a claim first made during the 03/04 policy period – *i.e.*, that it had not received a "notice of circumstances" -- and therefore it owed no coverage. [*Id*. at p. 11.]

Magma filed an Answer and Counterclaim against Genesis on October 30, 2006. Magma expressly sought a determination as to whether the Genesis policy or the National Union policy applied to the Securities Actions. Fact 29. [Answer and Counterclaim, Dkt. No. 10, at ¶ 33.] Magma simultaneously filed a third party complaint against National Union seeking the same determination (Fact 30) [Third Party Complaint, Dkt. No. 11, at ¶ 34], and against ERII seeking a declaration as to which ERII policy provided coverage. [*Id.* at ¶ 37.]

On December 5, 2006, ERII answered and counterclaimed for declaratory relief. Consistent with its previous reservations of rights, it sought a declaration that the Securities Actions "are properly treated as a single **Claim** first made during *either* the 03/04 **Policy Period** *or* the 04/06 **Policy Period**, but not both." Fact 31. [Dkt. No. 26, at ¶ 25 (emphasis original).]

ERII confirmed this neutral position when it filed with this Court its Statement of Position in connection with the first summary judgment motions filed in 2008:

> If this Court should determine, however, that the Securities Class Action, the Derivative Action and the Unfair Competition Action are properly deemed first made during the Policy Period of the ERII 04/06 Policy instead, ERII will adjust its records to reflect that all amounts paid in connection with those actions were paid under the ERII 04/06 Policy. If this should occur, the Limits of Liability of the ERII 04/06 Policy would be exhausted by the amount of ERII's payments instead, and ERII will have no further obligations under that Policy.

Fact 32. [Document No. 100, at 6:11-16.] This Statement affirmed ERII's obligation to Magma, set forth in the Settlement Agreement and Release entered into when ERII paid its remaining limits into the settlement of the Securities Actions, to be bound by the results of this litigation as to whether its 03/04 Policy, or 04/06 Policy applied. Fact 33. [Settlement Agreement and Release, attached as Exh. R to the Cusack Decl.]

**2. No Party Suggested That Magma Could Be Left Without Coverage.**

National Union filed an Answer to Magma's cross-complaint on December 5, 2006. Fact 34. [Dkt. No. 25.] Nowhere in that Answer did National Union cite any of the defenses it has since raised. National Union merely included two affirmative defenses that cited generally to the terms and conditions of its policy. [*Id.* at pp. 9-10.]

Over the next year, continuing until after the Securities Actions settled, Magma repeatedly described this coverage litigation as a game of "hot-potato" between Genesis and National Union, each arguing that coverage was provided by the other. Fact 35. [Motion to Stay (Dkt. No. 33-1), at 5:12-25; Joint CMC Stmt (Dkt. No. 38), at ¶ 3] National Union never mentioned any possible defense to coverage in the case other than that the Synopsys Action was a proper "notice of circumstances," therefore, coverage for the Securities Actions belonged under the 03/04 policies.

National Union, in particular, did *not* contend that ERII had received any information in 2004 other than the Synopsys Action itself. Nor did National Union argue that ERII's decision to treat the Synopsys Action as a "notice of circumstances" forever bound it to that position and precluded National Union from ever providing coverage for the Securities Actions.

**G. <u>The Settlement Of The Securities Actions.</u>**

**1. The Parties Presumed That The Genesis/National Union Layer Was Available.**

Magma and plaintiffs in the Securities Actions engaged in settlement discussions in October 2007. At no time prior to November 30, 2007, when the class action settled in principle, did National Union tell Magma that any defense to coverage could result in Magma being responsible for the $5 million funded from the Genesis/National Union layer.[6] National Union did not raise any of the defenses it has since put forward – including that Magma would never be able to prove exhaustion of the ERII 04/06 Policy. Magma therefore negotiated with plaintiffs based on the assumption that the $5 million Genesis/National Union layer of coverage was available to fund any settlement, either from Genesis or National Union. Fact 36. [Declaration of

[6] Nor did Genesis, but that issue is not relevant to this Motion.

Clayton Parker (Cusack Decl., Exh. Q), ¶ 5.]

The Securities Action settled for an amount in excess of the remaining limits of the ERII policy and the $5 million excess layer provided by Genesis and National Union. ERII paid all $10 million of its limits towards defense costs and the settlement of the Securities Actions. Fact 21. [ERII Statement of Position *(*Dkt.No. 100), at 6:6-16.] Genesis paid its $5 million limit towards the settlement. Fact 7. National Union refused to contribute to the settlement. It did so on the grounds that "coverage for the claim is provided by Genesis and not AIG [*i.e.,* National Union]." Fact 8. [November 27, 2007 Letter (Cusack Decl., Exh. R).] National Union did not raise any other defense, or contend that ERII could not pay out of the policy this Court determined to be the correct one, or otherwise suggest that Magma could be left uninsured for the $5 million layer.

### 2. This Court Confirmed That Magma Could Not Be Left Without Coverage.

In early 2008, the parties filed cross-motions for summary judgment on the "notice of circumstances" issue.[7] At the hearing, the Court twice stated its assumption that coverage would be provided under one policy or the other (Fact 37):

> The Court: . . . That's the first proposition I'm trying to suggest. In other words, I cannot leave the policy holder here in a situation where neither Genesis nor National Union is on the hook for the excess, that one or the other is on the hook for the excess.

[Hearing Transcript (Cusack Decl., Exh. S), at 54:24-55:4.] The Court later repeated its assumption:

> But it seems to me that that was the point of my consistency question. It wasn't as well phrased as you just articulated it. That's at the heart of the Court's concern, ***and I would wish to hear further from any party who takes a position that that is not the case***, that you could find yourself in a circumstance where the notice of circumstances was inadequate, for example, because it didn't have the detail, and, therefore, it's defective and that would relieve an excess policy in what you're calling year two of an obligation to pick it up. I didn't hear that clearly, and so I'm not

[7] The Court had previously granted Magma's motion for a stay of the coverage lawsuit while the Securities Actions were still pending, to avoid prejudice to Magma. The Court lifted the stay in January 2008.

> considering that's the argument.

[*Id.* at 64:17-65:5 (emphasis added).] National Union did not tell the Court that its assumption was wrong. Fact 38. The parties and the Court had ERII's Statement of Position in front of them. National Union did not argue that waiver or estoppel – or any other fact or law -- precluded ERII from adhering to its Statement of Position if it were found that a "notice of circumstances" had not been given in 2004.

The Court restated its understanding of what the coverage litigation was about in its ensuing Order:

> At the center of the dispute between the parties is whether Genesis or National Union must provide excess coverage after ERII's coverage obligations are exhausted. It is undisputed that Magma has made a claim under one of the ERII policies at issue. However, depending on the policy period in which the Court finds Magma to have made its claim, either Genesis or National Union will be at risk to provide excess coverage.

[MSJ Order, at 3:3-7 (footnote omitted).] The Court then ruled that a "notice of circumstances" had been given and the claim was properly deemed first made in Genesis's policy year. [*Id.* at 10:22-23.]

**H. <u>The Ninth Circuit Ruled That The Synopsys Action Did Not Constitute A "Notice Of Circumstances."</u>**

In the First Appeal in this case, the Ninth Circuit reversed. It held that the information Magma had given to Genesis did not meet the requirements of a "notice of circumstances." Fact 20. [Mem. Opinion, Dkt. No. 139, at pp. 3-5.] It was undisputed that the only information given to Genesis was a copy of the complaint in the Synopsys Action. The Ninth Circuit stated:

> We do not agree that the notice of circumstances provided to Genesis triggered coverage for the post-policy period claims. *The notice did not contain any of the specific information called for in Section 15(c) of the policy* and falls short of the types of notice we have upheld as sufficiently specific under similar notice provisions. *See, e.g., Continental Ins. Co. v. Metro-Goldwyn-Mayer, Inc.*, 107 F.3d 1344, 1348 (9th Cir. 1997); *see also Continental Ins. Co. v. The Superior Court of Los Angeles County*, 37 Cal.App.4th 69, 76 (1995). Accordingly, because the notice provided by Magma was not sufficiently specific, it "cannot be regarded as providing the kind of written notice that constitutes an insuring event under the

> [notice of circumstances] provision." *KPFF, Inc. v. California Union Ins. Co.*, 56 Cal.App.4th 963, 975 (1997) (footnote reference omitted).

[*Id.*, at 3 (emphasis added).]

The case should have ended here, because this was the only issue in dispute any party had identified. National Union nonetheless decided – six years after the first events at issue, four years after the litigation was filed and well after Magma had committed to a Settlement of the Securities Actions – to raise new issues.

**I. <u>The Second Summary Judgment Ruling And Second Appeal</u>**

On remand, National Union contended that its policy may not apply, and Magma may be left without coverage at all. It raised its Prior Notice exclusion as one defense.

In addition, National Union contended, without any good faith basis, that Magma could not establish exhaustion of the 04/06 ERII policy. At that time, it contended only that ERII had paid its limits out of the 03/04 Policy and it could not change that. It ignored ERII's explicit reservation of rights on this precise point. It ignored ERII's promise that it would change its records to reflect payment under the 04/06 Policy should the Ninth Circuit rule that the Patent Synopsys Action did not constitute a notice of circumstances.

National Union also ignored the factual record that already existed, including the correspondence and Mr. Nace's 2008 Declaration. Mr. Nace's Declaration confirmed that the only information ERII had received in 2004, aside from the Synopsys Action complaint, was a statement from Mr. Jorgensen "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim." These facts established that ERII, like Genesis, had received only the Synopsys Action in 2004, which the Ninth Circuit had held was not a "notice of circumstances." National Union never investigated this issue, or contended otherwise, or sought discovery on this point *until 2013*. As we discuss below, now that National Union has taken discovery on this issue, there is no good faith basis for National Union to continue to assert its "no exhaustion" defense.

The District Court rejected National Union's "Prior Notice" and "no exhaustion" arguments and entered judgment under Rule 54(b). [Dkt. No. 120.] On appeal, the Ninth Circuit

also rejected National Union's "Prior Notice" defense but remanded for further proceedings on the exhaustion issue. [Dkt. No. 138.]

**J. <u>Discovery Has Now Confirmed That The ERII Policy Is Exhausted.</u>**

On remand, this Court ordered limited discovery to determine if ERII had received any information in 2004 in connection with the Synopsys Action different from that received by Genesis. Magma, ERII, and Magma's former broker, Wells Fargo Insurance Services as successor to ABD Insurance Services, produced documents to National Union. Mr. Jorgensen and Mr. Nace were both deposed. The documents and depositions confirm what was already known: ERII and Genesis received the same information in 2004; *i.e.*, a copy of the Synopsys Action complaint and nothing more. [*See discussion above* at pp. 6-7.] Therefore, under the Ninth Circuit's first ruling in this case, ERII did not receive information sufficient to constitute a notice of circumstances under its 03/04 Policy.

As a result, ERII has exhausted its 04/06 policy. Mr. Nace has confirmed that, based on the information he received from Magma in 2004 and the Ninth Circuit's ruling, ERII has in fact corrected its records to show that its $10 million in limits was paid out of the 04/06 Policy. [Nace 2013 Declaration (Cusack Decl, Exh. T); Nace Depo. at 39:12-40:12 (Cusack Decl., Exh. H).]

**K. <u>National Union Asserted A New Unfounded Defense.</u>**

Following this discovery, Genesis and Magma amended their pleadings. In response, National Union continues to deny that the ERII 04/06 Policy is exhausted. It refuses to acknowledge the undisputed evidence obtained from discovery confirming that, in light of the First Appeal, ERII did not receive information triggering a notice of circumstances under its 03-04 Policy. It has also asserted the ludicrous claim that it detrimentally relied on ERII's position, and so ERII and Magma should be "estopped" from adhering to the Ninth Circuit's ruling. National Union has alleged this as a defense against Magma and has also dragged ERII back into this litigation to assert this defense. Despite Magma's demand that it withdraw this defense, it has refused to do so.

National Union also asserted two counterclaims against Magma, both alleging a spurious claim of misrepresentation in Magma's application for the National Union policy. On July 31,

2014, Magma wrote to National Union and demanded that it withdraw the misrepresentation counterclaims, as they had no good faith basis in law or fact.[8] In response, National Union stipulated to dismissal of the claims with prejudice. [Docket No. 162]

## III. LEGAL STANDARDS APPLICABLE TO MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Summary judgment should be granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). Partial summary judgment may be entered on individual claims and affirmative defenses. *Id*. The moving party has the initial burden of demonstrating the absence of any genuine issues of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a motion for summary judgment is supported, the non-moving party may not rest on the mere allegations or denials of its pleadings. Fed. R. Civ. Proc. 56(c)(1). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). To defeat a summary judgment motion, the non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See* Fed R. Civ. Pro. 56(c)(1); *Celotex*, 477 U.S. at 325.

## IV. THE ERII 04-06 POLICY IS EXHAUSTED.

### A. The Law Of The Case.

"'Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.'" *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). The Ninth Circuit's ruling in the First Appeal decided what constitutes a proper notice of circumstances under Section 15(c) of the Genesis policy. The

---

[8] Indeed, the counterclaims had been filed without even a modicum of due diligence. National Union relied on statements in what it claimed was an "application" provided by Magma. But the document on its face showed that it was an internal National Union document. Moreover, it discussed the Synopsys Patent Infringement Action ***and the National Union underwriter concluded that Magma was a high risk***.

only information provided to Genesis was the Synopsys Action complaint. The Ninth Circuit held that it did not meet the requirements of Section 15(c) of the Genesis policy. [*See discussion above* at pp. 12-13.]

The ERII 03/04 Policy contains the identical Section 15(c) language (because the Genesis policy follows form to the ERII policy). Therefore, if the only information ERII received was the Synopsys Action complaint, then the Ninth Circuit's ruling in the First Appeal requires a finding that ERII, like Genesis, did not receive a notice of circumstances that would trigger coverage under its 03/04 Policy for the later filed Securities Actions.

**B. <u>ERII Received Only The Synopsys Action Complaint.</u>**

Discovery is now complete on this issue. The Synopsys Action was filed on September 17, 2004. Any notice of circumstances had to have been provided by December 15, 2004, the end of the 03/04 policy period. In that time, the only information provided to ERII with respect to the Synopsys Action, or any potential D&O claim that might arise out of it, was the Synopsys Action complaint. The only other communication with ERII in the time frame was one phone call between Mr. Jorgensen and Mr. Nace. No additional information called for by Section 15(c) of the policies was provided in that call. Mr. Jorgensen's statement "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim," provides no information called for by Section 15(c). Both Mr. Jorgensen and Mr. Nace were unable to identify any other information provided by Magma to ERII in that time period. (*See discussion above* at pp. 6-7.)

Therefore, like Genesis, ERII did not receive a notice of circumstances that would trigger the 03/04 ERII Policy. Having reserved its rights, ERII correctly determined that the $10 million it paid out in policy limits should have been paid under its 04/06 Policy, when the Securities Actions were filed. It has adjusted its records to reflect payment under the correct policy. Therefore, the ERII 04/06 Policy is exhausted.

## V. <u>NATIONAL UNION'S WAIVER AND ESTOPPEL DEFENSES ARE BASELESS.</u>

National Union's waiver and estoppel arguments, asserted as defenses against Magma, and now asserted as cross-claims against ERII, are without any possible grounding in fact. National Union has for that reason alleged them in only conclusory terms. It has alleged that:

- ERII agreed to provide coverage for the Securities Actions under the 03/04 Policy;
- National Union relied on that position by ERII; and
- National Union suffered some unspecified harm.

These allegations are indisputably and knowingly false.

**A. ERII Cannot Have Waived Anything Because It Immediately Reserved Its Rights.**

Waiver is the intentional relinquishment of a known right. *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 31 (1995). It must be proved by clear and convincing evidence. *Id.*

ERII reserved its rights in its first letter responding to the tender of the Securities Actions. [*See discussion above* at pp. 7-8.] A general reservation of rights by an insurer is sufficient to avoid a waiver of any specific issue absent a showing of detrimental reliance. 11 Cal.4th at 31-33. But any doubt about what specifically was in dispute was clarified within weeks when National Union and Genesis both denied coverage, taking opposite positions on whether a proper notice of circumstances placed coverage in the 03/04 policy year. Magma immediately told all three insurers that it would preserve its rights under both policy years. ERII then expressly told Magma before it paid anything under its 03/04 Policy that it was doing so provisionally and would deem the money paid from the limits of whichever policy was determined to be the correct one. Once Genesis filed this litigation, ERII made its position clear in its very first pleading. In its 2008 Statement of Position to this Court, and consistent with its promise the Settlement Agreement and Release with Magma, ERII repeated that it would adhere to the Court's rulings. ERII, therefore, waived nothing.

**B. National Union Could Not Possibly Have Relied Reasonably On Anything ERII Said Or Did.**

Proof of estoppel requires a showing of detrimental reliance. *Waller*, 11 Cal.4th at 34. ERII cannot be estopped to comply with the Court's rulings and its obligations to Magma because National Union cannot have been misled by anything ERII said or did. National Union knew within three weeks of its denial of coverage for the Securities Actions – in September 2005 -- that a dispute existed as to whether ERII or Genesis had received a proper "notice of circumstances."

This was well before even ERII had started to pay under its policies. And this was *two years* before Magma demanded in November 2007 that National Union contribute its limits to a settlement.

Moreover, National Union had both the opportunity and the obligation to Magma to conduct an investigation of Magma's potential claims under the National Union policy. Nothing prevented National Union – even before this lawsuit was filed -- from asking for information from Magma, ERII or Genesis about the basis for ERII's acknowledgement of a "notice of circumstances" and Genesis's rejection of it. From 2005, when the notice of circumstances issue arose, until 2013, National Union *never* investigated the facts surrounding the issue, through either formal or informal discovery. In 2008, when the initial stay of this case had been lifted and National Union filed its motion for summary judgment on the "notice of circumstances" issues, National Union did so without any discovery. In 2010, on remand following the First Appeal, National Union propounded discovery -- *but not on this issue*.

Moreover, National Union filed numerous briefs in this Court and in the Ninth Circuit in which it argued that the Securities Actions properly fell within the 03/04 Policies. *But it did not rely on anything ERII said or did*.

**C. National Union Has Actually Benefited From ERII's Position.**

National Union cannot possibly identify any harm it has suffered because of the position ERII initially took. National Union has not paid *a dime* under its policy. It has identified no other harm. Nor could it. National Union in fact hid behind ERII's position to avoid contributing to the settlement of the Securities Actions in 2007, forcing Genesis to do so. On its face, National Union's allegation of harm is false.

**D. National Union Can Point To No Representation By *Magma* That Could Serve As A Basis For A Waiver Or Estoppel.**

Magma's first communication with National Union regarding coverage for the Securities Actions was its tender of the cases in June 2005. Magma's next communication was its notice to National Union in September 2005 that a dispute existed between and among Genesis, ERII and National Union as to which set of policies applied. Magma said it would protect its rights under

both sets of policies. Thus, Magma has never made *any* statement suggesting that it was foregoing its rights under the ERII and National Union 04/06 Policies, much less any statement upon which National Union could have relied.

Finally, we note that National Union's waiver and estoppel arguments assume that it has standing to prevent ERII from honoring its contractual obligations to Magma to pay out its $10 million under the correct 04/06 Policy. National Union has offered no explanation or legal basis for such an outcome. ERII has in fact honored its obligations to Magma. [*See* discussion above at p. 14.] Its 04/06 Policy is exhausted. National Union now must pay on behalf of Magma what it owes under its policy. It cannot prevent ERII from honoring its contractual obligation to Magma.

## VI. **CONCLUSION**

For the reasons set forth above, Magma respectfully requests that the Court grant partial summary judgment against National Union, and enter an Order declaring that Magma's 04/06 D&O Policies apply to the Securities Actions, that the ERII 04/06 Policy is exhausted, that National Union has breached its contract with Magma, and that it is obligated to pay out its $5 million limits, plus interest, on behalf of Magma.

DATED: January 8, 2015

FARELLA BRAUN & MARTEL LLP

By: /s/
Dennis M. Cusack

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.