Dennis M. Cusack (State Bar No. 124988)
dcusack@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GENESIS INSURANCE COMPANY,

Plaintiff,

vs.

MAGMA DESIGN AUTOMATION, INC., and NATIONAL UNION FIRE INSURANCE COMPANY,

Defendants.

MAGMA DESIGN AUTOMATION, INC.,

Counter/Crossclaimant,

vs.

GENESIS INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY,

Counter/Cross Defendants,

Case No. C06 5526 EJD

**MAGMA DESIGN AUTOMATION, INC.'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATIONAL UNION FIRE INSURANCE COMPANY**

Date: February 12, 2015
Time: 9:00 a.m.
Courtroom: 8, 4th Floor

Honorable Edward J. Davila

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Claim 1**<br>**Declaratory Relief Against National Union**<br><br>**Claim 2**<br>**Breach of Contract Against National Union**<br><br>**The same issues and facts address Magma's motion for summary adjudication of both claims.** | | |
| 1. National Union issued an excess directors and officers liability policy to Magma. | Fact 1. Magma bought directors and officers ("D&O") liability coverage from ERII for the period from December 15, 2003 until December 15, 2004<br><br>Cusack Decl., ¶ 2 and Exh. B (ERII 03/04 Policy); Dkt. No. 112 (2008 Order on Cross Motions for Summary Judgment ("MSJ Order")), at 3:9-17; 4:18-23. | |
| | Fact 2. Magma bought excess directors and officers ("D&O") liability coverage from Genesis for the period from December 15, 2003 until December 15, 2004<br><br>Cusack Decl., ¶1 and Exh. A (Genesis Policy); MSJ Order, at 3:9-17; 4:18-23. | |
| | Fact 3. Magma bought directors and officers ("D&O") liability coverage from ERII for the period from December 15, 2004 until | |

| | | |
|---|---|---|
| | March 30, 2006<br><br>Cusack Decl., ¶ 3 and Exh. C (ERII 04/06 Policy); MSJ Order", at 3:9-17; 4:18-23. | |
| | Fact 4. Magma bought excess directors and officers ("D&O") liability coverage from National Union for the period from December 15, 2004 until March 30, 2006<br><br>Cusack Decl., ¶4 and Exh. D (National Union Policy); MSJ Order, at 3:9-17; 4:18-23. | |
| 2. National Union's policy requires exhaustion of the limits of the underlying ERII policy. | Fact 5. National Union's policy states – in what is typically referred to as the "exhaustion" provision -- that it is responsible for coverage:<br><br>after the Underlying Insurers and/or Insured or the Company have paid *the full amount of* the Total Underlying Limits [of the primary policy].<br><br>Cusack Decl., ¶4 and Exh. D at p. 2 (emphasis added). | |
| 3. Securities Actions were filed against Magma during the period of the ERII and National Union 04/06 Policies. | Fact 6. Nine months after the Synopsys Action and after the 03/04 policies had expired, two other lawsuits were filed against Magma. On June 13, 2005, Magma shareholders filed a securities class action, *In re Magma Design Automation, Inc. Securities Litigation* ("Securities Class Action"). On July 26, 2005, Magma shareholders also filed a derivative action, *Willis v. Madhavan et al.* ("Derivative | |

| | | |
|---|---|---|
| | Action") in the same court. The plaintiffs in these actions alleged that information disclosed publicly in early 2005 indicated that Magma had failed to disclose the risks associated with the Synopsys Action. Plaintiffs alleged that, as a result, Magma's stock price dropped.<br><br>MSJ Order at 5:8-20. | |
| 4. National Union did not pay any money towards the settlement of the Securities Actions. | Fact 7. Genesis paid its $5 million limit towards the settlement.<br><br>Dkt. No. 200 (Judgment for Reimbursement). | |
| | Fact 8. National Union refused to contribute to the settlement on the grounds that "coverage for the claim is provided by Genesis and not AIG [*i.e.*, National Union]."<br><br>Cusack Decl., ¶18 and Exh. R (November 27, 2007 Letter). | |
| 5. No "notice of circumstances" pertaining to the Securities Actions was provided in the 03/04 policy period of Magma's directors and officers policies. | Fact 9. The "notice of circumstances" provision in the D&O policies at issue here says at Section 15(b):<br><br>(b) If during the Policy Period an Insured:<br>(i) becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to the Company;<br>….<br>then any Claim | |

| | | |
|---|---|---|
| | subsequently arising from the circumstances referred to in (i) above…shall be deemed to have been first made during the Policy Period in which the written notice described in (i)…above was first given by an Insured to the Company, provided any such subsequent Claim is reported to the Company as set forth in Subsection 15(a) above. With respect to any such subsequent Claim, no coverage under this coverage section shall apply to loss incurred prior to the date such subsequent Claim is actually made.<br><br>Cusack Decl., ¶2 and Exh. B (ERII 03/04 Policy) at pg. 14; Cusack Decl., ¶5 and Exh. E (excerpt). | |
| | Fact 10. Section 15(c) sets forth additional details regarding the notice the insured must provide the insurer to constitute a notice of circumstances under Section 15(b):<br><br>The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, assistance, | |

| | | |
|---|---|---|
| | and cooperation as the Company may reasonably require, ***and shall include in any notice under Subsection 15(a) or (b) a description of the Claim, circumstances, or Securityholder Derivative Demand, the nature of any alleged Wrongful Acts, the nature of the alleged or potential damage, the names of all actual or potential claimants, the names of all actual or potential defendants, and the manner in which such Insured first became aware of the Claim, circumstances, or Securityholder Derivative Demand.***<br><br>*Id*. | |
| | Fact 11. On September 17, 2004, Synopsys, Inc. ("Synopsys") sued Magma in the United States District Court for the Northern District of California, captioned *Synopsys, Inc. v. Magma Design Automation* ("the Synopsys Action").<br><br>MSJ Order, at 4:25-5:1. | |
| | Fact 12. Magma notified ERII and Genesis of the Synopsys Action. The notice consisted of a brief cover letter from Magma's broker, Rian Jorgensen of ABD Insurance | |

| | | |
|---|---|---|
| | Services, and a copy of the complaint filed by Synopsys.<br><br>Cusack Decl., ¶¶5-6 and Exhs. E and F (September 28, 2004 letters from Jorgensen to Genesis and ERII); MSJ Order, at 5:6-7. | |
| | Fact 13. ERII denied coverage for the Synopsys Action.<br><br>MSJ Order at 9:1-3. | |
| | Fact 14. Mr. Jorgensen called the ERII claims representative, Richard Nace, and asked ERII to treat the complaint as a "notice of circumstances" under the ERII policy.<br><br>Cusack Decl., ¶7 and Exh. G (Declaration of Richard Nace, dated March 7, 2008, at ¶¶6-7); Cusack Decl., ¶8 and Exh. H (Deposition of Richard Nace at 57:15-58:5; 67:3-68:23); Cusack Decl., ¶9 and Exh. I (Deposition of Rian Jorgensen, at 76:6-77:18; 80:15-20). | |
| | Fact 15. Mr. Nace stated that Mr. Jorgensen had told him "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim."<br><br>Cusack Decl., ¶7 and Exh. G (Nace 2008 Decl. at ¶7). | |
| | Fact 16. Mr. Jorgensen provided no other information in that call.<br><br>*Id.*; Cusack Decl., ¶8 and Exh. | |

| | | |
|---|---|---|
| | H (Nace Depo. at 57:15-58:5, 62:22-24); Cusack Decl., ¶9 and Exh. I (Jorgensen Depo, at 76:6-77:18; 80:16-20). | |
| | Fact 17. After that conversation and with no further exchange of information, ERII sent a letter agreeing to treat the Synopsys Action as a "notice of circumstances" under its 03/04 policy.<br><br>Cusack Decl., ¶10 and Exh. J (November 9, 2004 Letter from Nace); MSJ Order at 9:7-9. | |
| | Fact 18. Magma provided no further information to ERII regarding the Synopsys Action, or any potential claim that might arise out of it, at any time before the 03/04 Policy expired on December 15, 2004.<br><br>Cusack Decl., ¶8 and Exh. H (Nace Depo. at 90:22-91:16); Cusack Decl., ¶9 and Exh. I (Jorgensen Depo, at 76:6-77:18; 80:16-20). | |
| | Fact 19. Genesis acknowledged Magma's request that it treat the Synopsys Action as a "notice of circumstances" under the Genesis 03/04 policy but did not take a position one way or the other and did not further respond to the Synopsys Action..<br><br>Cusack Decl., ¶11 and Exh. K (October 11, 2004 Letter from | |

| | | |
|---|---|---|
| | Genesis to Magma); MSJ Order at 9:11-13. | |
| | Fact 20. In the First Appeal in this case, the Ninth Circuit held that the Synopsys Action Complaint did not meet the requirements of a "notice of circumstances."<br><br>Dkt. No. 139 (Mem. Opinion), at pp. 3-5. | |
| 6. The ERII 04/06 Policy is exhausted. | Fact 21. ERII paid all $10 million of its limits towards defense costs and the settlement of the Securities Actions.<br><br>Dkt. No. 100 (ERII Statement of Position), at 6:6-16. | |
| | Fact 22. Mr. Nace has confirmed that, based on the information he received from Magma in 2004 and the Ninth Circuit's ruling, ERII has in fact corrected its records to show that its $10 million in limits was paid out of the 04/06 Policy.<br><br>Cusack Decl., ¶20 and Exh. T (Nace 2013 Declaration); Cusack Decl., ¶8 and Exh. H (Nace Depo. at 39:12-40:12). | |
| 7. No grounds exist to support National Union's waiver or estoppel defenses. | Fact 23. ERII's first reservation of rights letter in response to the Securities Actions said that it would respond under the 03/04 Policy pursuant to the "notice of circumstances," *but under a* | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

| | | |
|---|---|---|
| | *full reservation of rights*.<br><br>Cusack Decl., ¶12 and Exh. L (August 23, 2005 Letter from ERII to Magma). | |
| | Fact 24. National Union quickly adopted ERII's position that a "notice of circumstances" had been given in 2004. As a result, it denied coverage on the grounds that the claim was deemed made prior to its policy period. This was the only stated reason it gave for denying coverage.<br><br>Cusack Decl., ¶13 and Exh. M (August 26, 2005 Letter from National Union to Magma). | |
| | Fact 25. Genesis also denied coverage for the Securities Actions, disagreeing with ERII's assumption that the Synopsys Action constituted a "notice of circumstances."<br><br>Cusack Decl., ¶14 and Exh. N (August 31, 2005 Letter from Genesis to Magma). | |
| | Fact 26. Magma sent Genesis's letter to National Union and made it clear that Magma would protect its rights to coverage under either the 03/04 Policies or the 04/06 Policies.<br><br>Cusack Decl., ¶15 and Exh. O (September 16, 2005 letter from Magma to National Union). | |
| | Fact 27. When the self-insured retention under the | |

| | | |
|---|---|---|
| | ERII policy had been spent and Magma demanded that ERII start paying defense costs, ERII stated explicitly that, while it would pay under its 03/04 Policy, it would deem its payments made under the 04/06 Policy if it were determined that Genesis's position was correct.<br><br>Cusack Decl., ¶16 and Exh. P (May 24, 2006 Letter from Terrence McInnis to Mary McCutcheon). | |
| | Fact 28. Genesis filed its Complaint for Declaratory Relief against Magma on September 8, 2006, seeking a declaration that the Securities Actions were not a claim first made during the 03/04 policy period – *i.e.*, that it had not received a "notice of circumstances" -- and therefore it owed no coverage.<br><br>Dkt. No. 1 (Genesis Complaint), at ¶ 11. | |
| | Fact 29. Magma filed an Answer and Counterclaim against Genesis on October 30, 2006. Magma expressly sought a determination as to whether the Genesis policy or the National Union policy applied to the Securities Actions.<br><br>Dkt. No. 10 (Magma Answer and Counterclaim), at ¶ 33. | |
| | Fact 30 Magma simultaneously filed a third party complaint against | |

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

| | | |
|---|---|---|
| | National Union seeking the same determination, and against ERII seeking a declaration as to which ERII policy provided coverage.<br><br>Dkt. No. 11 (Magma Third Party Complaint), at ¶ 34, 37. | |
| | Fact 31. On December 5, 2006, ERII answered and counterclaimed for declaratory relief. Consistent with its previous reservations of rights, it sought a declaration that the Securities Actions "are properly treated as a single **Claim** first made during *either* the 03/04 **Policy Period** *or* the 04/06 **Policy Period**, but not both."<br><br>Dkt. No. 26 (ERII Answer and Counterclaim), at ¶ 25 (emphasis original). | |
| | Fact 32. ERII confirmed this neutral position when it filed with this Court its Statement of Position in connection with the first summary judgment motions filed in 2008:<br><br>If this Court should determine, however, that the Securities Class Action, the Derivative Action and the Unfair Competition Action are properly deemed first made during the Policy Period of the ERII 04/06 Policy instead, ERII will adjust its records to reflect that all amounts paid in connection with those actions were paid under the ERII 04/06 Policy. If this should occur, the Limits of Liability | |

| | | |
|---|---|---|
| | of the ERII 04/06 Policy would be exhausted by the amount of ERII's payments instead, and ERII will have no further obligations under that Policy.<br><br>Document No. 100 (ERII Statement of Position), at 6:11-16. | |
| | Fact 33. ERII is obligated to Magma, as set forth in the Settlement Agreement and Release entered into when ERII paid its remaining limits into the settlement of the Securities Actions, to be bound by the results of this litigation as to whether its 03/04 Policy, or 04/06 Policy applied.<br><br>Cusack Decl., ¶18 and Exh. R (Settlement Agreement and Release). | |
| | Fact 34. National Union filed an Answer to Magma's cross-complaint on December 5, 2006. Nowhere in that Answer did National Union cite any of the defenses it has since raised. National Union merely included two affirmative defenses that cited generally to the terms and conditions of its policy.<br><br>Dkt. No. 25 (National Union Answer), at ¶¶ 9-10. | |
| | Fact 35. Over the next year, continuing until after the Securities Actions settled, Magma repeatedly described this coverage litigation as a | |

| | | |
|---|---|---|
| | game of hot-potato between Genesis and National Union, each arguing that coverage was provided by the other, with no contention by National Union that ERII had received any information in 2004 other than the Synopsys Action itself, or that ERII's decision to treat the Synopsys Action as a "notice of circumstances" forever bound it to that position and precluded National Union from ever providing coverage for the Securities Actions.<br><br>Dkt. No. 33-1 (Motion to Stay), at 5:12-25; Dkt. No. 38 (Joint CMC Stmt), at ¶ 3. | |
| | Fact 36. Magma therefore negotiated with plaintiffs based on the assumption that the $5 million Genesis/National Union layer of coverage was available to fund any settlement, either from Genesis or National Union.<br><br>Cusack Decl., ¶17 and Exh. Q (Declaration of Clayton Parker), ¶ 5. | |
| | Fact 37. In early 2008, the parties filed cross-motions for summary judgment on the "notice of circumstances" issue. At the hearing, the Court twice stated its assumption that coverage would be provided under one policy or the other:<br><br>The Court: . . . That's | |

| | | |
|---|---|---|
| | the first proposition I'm trying to suggest. In other words, I cannot leave the policy holder here in a situation where neither Genesis nor National Union is on the hook for the excess, that one or the other is on the hook for the excess.<br><br>The Court later repeated its assumption:<br><br>But it seems to me that that was the point of my consistency question. It wasn't as well phrased as you just articulated it. That's at the heart of the Court's concern, ***and I would wish to hear further from any party who takes a position that that is not the case***, that you could find yourself in a circumstance where the notice of circumstances was inadequate, for example, because it didn't have the detail, and, therefore, it's defective and that would relieve an excess policy in what you're calling year two of an obligation to pick it up. I didn't hear that clearly, and so I'm not considering that's the argument.<br><br>Cusack Decl., ¶19 and Exh. S (Hearing Transcript), at 54:24-55:4 and 64:17-65:5 (emphasis | |

| | | |
|---|---|---|
| | added). | |
| | Fact 38. National Union did not tell the Court that its assumption was wrong or argue that waiver or estoppel – or any other fact or law -- precluded ERII from adhering to its Statement of Position if it were found that a "notice of circumstances" had not been given in 2004.<br><br>*Id.* | |

DATED: January 8, 2015

FARELLA BRAUN & MARTEL LLP

By: /s/
Dennis M. Cusack

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.