LOSS, JUDGE & WARD, LLP
LEWIS K. LOSS (admitted pro hac vice)
Two Lafayette Centre
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
Telephone: (202) 778-4060
Facsimile: (202) 778-4099
E-mail: lloss@ljwllp.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: rstumpf@sheppardmullin.com

Attorneys for Plaintiff and Counterclaim Defendant
Genesis Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Genesis Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Magma Design Automation, Inc., and National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Defendants. | Case No. 06-5526 EJD<br><br>**GENESIS INSURANCE COMPANY'S MOVING SEPARATE STATEMENT IN SUPPORT OF MOTION OF GENESIS FOR PARTIAL SUMMARY JUDGMENT** |
| AND RELATED COUNTERCLAIMS, CROSSCLAIMS, AND THIRD-PARTY ACTIONS. | Date: February 12, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4 |

| **Claim or Defense** | **Genesis Insurance Company's Undisputed Facts/Supporting Evidence** | **Opposing Party's Response/Supporting Evidence** |
|---|---|---|
| **Claim II Equitable Subrogation Against National Union** | | |
| 1. The 03/04 Policies do not provide coverage for the Class Action filed against Magma.[1] | Fact 1. Genesis issued the Genesis Insurance Policy to Magma for the policy period from December 15, 2003 to December 15, 2004. <br><br> Brent Olson Supplemental Decl. ("Olson Supp. Decl.") ¶ 2 and Ex. A (Genesis Policy). | |
| | Fact 2. The Genesis Policy is excess to the primary ERII 03/04 Policy issued to Magma for the same policy period. <br><br> Olson Supp. Decl. ¶ 2, 3 and Exs. A (Genesis Policy) and B (ERII 03/04 Policy). | |
| | Fact 3. The Genesis Policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 03/04 Policy. <br><br> Olson Supp. Decl. ¶ 2 and Ex. A (Genesis Policy) at 4. | |
| | Fact 4. The ERII 03/04 Policy, and, by incorporation, the Genesis Policy, contains a notice of circumstances provision that sets forth what information must be provided in writing to constitute a sufficient notice of circumstances. <br><br> Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | |

[1] Capitalized terms are defined in the Notice of Motion and Motion of Genesis Insurance Company for Partial Summary Judgment and its accompanying Memorandum of Points and Authorities in Support thereof.

| | | |
|---|---|---|
| | Fact 5. The ERII 03/04 Policy and Genesis Policy provide coverage only for (1) claims made during the 03/04 policy period or (2) claims made after the 03/04 policy period for which a sufficient notice of circumstances has been provided during the 03/04 policy period.<br><br>Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 13, 24. | |
| | Fact 6. On September 28, 2004, Magma's insurance broker sent (1) cover letters and (2) a copy of the Synopsys Action complaint to both ERII and Genesis as a purported notice of circumstances.<br><br>Olson Supp. Decl. ¶¶ 4, 5 and Exs. C (cover letter and complaint to ERII) and D (cover letter and complaint to Genesis). | |
| | Fact 7. The cover letters sent to Genesis and ERII are substantively identical.<br><br><u>Id.</u> | |
| | Fact 8. The record contains no evidence that during the ERII 03/04 Policy's period Magma and its insurance broker provided any additional written information to ERII about the Synopsys Action beyond the (1) September 28, 2004 cover letter and (2) copy of the Synopsys Action complaint.<br><br><u>Id.</u>; Olson Supp. Decl. ¶¶ 6, 7 and Exs. E (ERII production) and F (R. Nace Dep. Tr.) at 62:4-8. | |
| | Fact 9. Magma and its insurance broker did not | |

| | | |
|---|---|---|
| | provide to ERII during the ERII 03/04 Policy's period the specific written information required by that policy's notice of circumstances provision.<br><br>Id.; Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | |
| | Fact 10. On July 12, 2010, the Ninth Circuit held that the purported notice of circumstances provided by Magma to Genesis did not constitute a valid notice of circumstances because it "did not contain any of the specific information called for" by the policy provision and fell "short of the types of notice we have held as sufficiently specific under similar notice provisions."<br><br>Genesis Ins. Co. v. Magma Design Automation, Inc., 386 F. App'x 728, 730 (9th Cir. 2010). | |
| 2. The National Union Policy provides coverage for the Class Action filed against Magma. | Fact 11. National Union issued the National Union Policy to Magma for the policy period from December 15, 2004 to March 30, 2006.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy). | |
| | Fact 12. The National Union Policy is excess to the primary ERII 04/06 Policy issued to Magma for the same policy period.<br><br>Olson Supp. Decl. ¶ 9 and Ex. H (ERII 04/06 Policy). | |
| | Fact 13. The National Union Policy is a "follow form" policy that incorporates the terms, conditions, and | |

| | | |
|---|---|---|
| | exclusions of the primary ERII 04/06 Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 5. | |
| | Fact 14. Exhaustion of the ERII 04/06 Policy due to payment of covered loss is a precondition to coverage under the National Union Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 6. | |
| | Fact 15. On June 13, 2005, the Class Action was filed against Magma and certain Magma directors and officers.<br><br>Olson Supp. Decl. ¶ 10 and Ex. I (Class Action complaint). | |
| | Fact 16. Absent a sufficient notice of circumstances provided during a prior policy period, the Class Action constitutes a Claim made during the policy period of the ERII 04/06 Policy and National Union Policy.<br><br>Id.; Olson Supp. Decl. ¶ 9 and Ex. H (ERII 04/06 Policy) at 19. | |
| | Fact 17. National Union refused to provide coverage for the Class Action on the grounds that coverage was purportedly provided by the Genesis Policy and not the National Union Policy.<br><br>Glenn Friedman Decl. ¶ 18 (Docket Entry ("DE") 88) and DE 88-19 (National Union coverage letter). | |
| | Fact 18. The applicable limits | |

| | | |
|---|---|---|
| | of both the ERII 03/04 Policy and the ERII 04/06 Policy are each $10 million.<br><br>Olson Supp. Decl. ¶¶ 3, 9 and Ex. B (ERII 03/04 Policy) at 11, Ex. H (ERII 04/06 Policy) at 17. | |
| | Fact 19. ERII paid covered loss totaling $10 million in connection with the Class Action and related litigation against Magma.<br><br>Richard Nace Decl. ¶ 9 (DE 254-13). | |
| | Fact 20. ERII has allocated its $10 million in payments to the ERII 04/06 Policy.<br><br>Id. at ¶ 10. | |
| | Fact 21. The ERII 04/06 Policy has been exhausted through the payment of $10 million in covered loss.<br><br>Id. | |
| 3. Genesis is entitled to equitable subrogation against National Union | Fact 22. Genesis advanced its full $5 million in policy limits toward the settlement of the Class Action, subject to a full reservation of rights.<br><br>Dec. 20, 2010 Order (DE 186) at 6-7. | |
| | Fact 23. At the time Genesis made its payment, there was no judicial determination whether Genesis's or National Union's excess policy provided coverage for the Class Action.<br><br>Id. at 14. | |
| | Fact 24. Genesis made the $5 million payment, *inter alia*, to avoid a later potential finding of bad faith denial of insurance benefits. | |

| | | |
|---|---|---|
| | Id. | |
| | Fact 25. The Ninth Circuit has ruled that Genesis did not owe coverage under the Genesis Policy for the settlement of the Class Action and was not liable for the $5 million it paid toward the settlement of the Class Action.<br><br>Genesis Ins. Co., 386 F. App'x at 730. | |
| | Fact 26. National Union refused to offer any sum toward the settlement of the Class Action.<br><br>Olson Supp. Decl. ¶ 11 and Ex. J (November 20, 2007 Letter) at 2. | |
| 4. Genesis is entitled to prejudgment interest running from July 21, 2008 against National Union | Fact 27. On July 21, 2008, Genesis paid its full $5 million policy limits toward the settlement of the Class Action.<br><br>Dec. 20, 2010 Order (DE 186) at 6. | |
| **Waiver and Estoppel** | | |
| 1. Neither waiver nor estoppel bar ERII from (1) determining that the purported notice of circumstances it received from Magma was insufficient, (2) determining that the Class Action was a claim made during the 04/06 policy period, (3) allocating its $10 million total in payments to the ERII 04/06 Policy, and (4) asserting that ERII 04/06 Policy is exhausted. | Fact 28. ERII's Aug. 23, 2005 letter to Magma about the Class Action contained an express reservation of ERII's rights.<br><br>Olson Supp. Decl. ¶ 12 and Ex. K (August 23, 2005 Coverage Letter) at 7. | |
| | Fact 29. On December 5, 2006, ERII sought a declaratory judgment that the Class Action was a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both | |

| | | |
|---|---|---|
| | policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16. | |
| | Fact 30. In 2008, ERII stated that it did not take a position on whether the 03/04 policy period or 04/06 policy period applied to the Class Action.<br><br>ERII Statement of Non-Opposition (DE 100) at 4. | |
| | Fact 31. In 2008, ERII expressed its willingness to allocate its $10 million in payments to the ERII 04/06 Policy.<br><br>Id. at 6. | |
| | Fact 32. Since at least December 2006, ERII has consistently taken the position that the Class Action could be a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16; ERII Statement of Non-Opposition (DE 100) at 4. | |
| | Fact 33. At the time of the Class Action settlement discussions, it was the understanding of all parties involved that the instant insurance coverage action involved the single question of whether the Class Action was covered under the 03/04 policy period or the 04/06 policy period.<br><br>Jeremy Simon Decl. ¶ 3 (DE 99) and Dennis Cusack Decl. ¶ 19 (DE 279) and Hearing Tr. At 54:24-55:4 and 64:17-65:5 (DE 279-6 at 48- | |

| | | |
|---|---|---|
| | 53). | |
| | Fact 34. Genesis's decision to contribute its policy limits towards the settlement of the Class Action, subject to a reservation of rights, was influenced by its belief that no party was asserting the possibility that excess coverage would be unavailable under the National Union Policy if it were established the Class Action was a claim first made in the 04/06 policy period.<br><br>Id. | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: January 9, 2015

By: /s/ Robert J. Stumpf, Jr.

Robert J. Stumpf, Jr. (Cal. Bar No. 72851)
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: RStumpf@sheppardmullin.com

AND

Lewis K. Loss
(Admitted Pro Hac Vice)
LOSS, JUDGE & WARD, LLP
Two Lafayette Centre
1133 21st Street, N.W.
Suite 450
Washington, D.C. 20036
Telephone: (202) 778-4060
Facsimile: (202) 778-4099
E-mail: lloss@ljwllp.com

*Attorneys for Plaintiff and Counterclaim Defendant Genesis Insurance Company*