**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SBN 104442
Email: glenn.friedman@lewisbrisbois.com
MICHAEL K. JOHNSON, Esq. (SBN 130193)
Email : michael.johnson@lewisbrisbois.com
PAUL A. DESROCHERS, SBN 214855
Email: paul.desrochers@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, CA 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Defendant/Cross-Defendant and Third-Party Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, INC. *et al*,<br><br>Defendant/Counter-Claimant. | Case No. 06-CV-05526 EJD<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY'S RESPONSE TO MAGMA DESIGN AUTOMATION, INC.'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date: February 12, 2015**<br>**Time: 9:00 a.m.**<br>**Crtrm: 4** |
| AND ALL RELATED CROSS-ACTIONS. | |

Defendant/Cross-Defendant and Third-Party Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union") submits the following Response to Defendant and Counter/Cross-Claimant MAGMA AUTOMATION, INC.'s ("Magma") Separate Statement of Material Facts in Support of Motion for Partial Summary Judgment:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Claim 1**<br>Declaratory Relief Against National Union<br>**Claim 2**<br>Breach of Contract Against National Union<br>The same issues and facts address Magma's motion for summary adjudication of both claims. | | |
| 1. National Union issued an excess directors and officers liability policy to Magma. | Fact 1. Magma bought directors and officers ("D&O") liability coverage from ERII for the period from December 15, 2003 until December 15, 2004<br>Cusack Decl., ¶ 2 and Exh. B (ERII 03/04 Policy); Dkt. No. 112 (2008 Order on Cross Motions for Summary Judgment ("MSJ Order")), at 3:9-17; 4:18-23. | Undisputed. |
| | Fact 2. Magma bought excess directors and officers ("D&O") liability coverage from Genesis for the period from December 15, 2003 until December 15, 2004<br>Cusack Decl., ¶1 and Exh. A (Genesis Policy); MSJ Order, at 3:9-17; 4:18-23. | Undisputed. |
| | | Additional Fact: Magma bought second layer excess D&O liability coverage from XL Specialty Insurance Company ("XL") for the period from December 15, 2003 until December 15, 2004.<br><br>**Dkt No. 176-1** |

| | | |
|---|---|---|
| | | Additional Fact: XL's second layer excess D&O liability policy for the 03/04 policy period contained a "Co-Insurance Endorsement" which required that "notwithstanding the limits of liability" of the policy, Magma and XL would split on a 50/50 basis the amount of all loss for each claim under the policy.<br><br>**Dkt No. 176-1** |
| | Fact 3. Magma bought directors and officers ("D&O") liability coverage from ERII for the period from December 15, 2004 until March 30, 2006<br><br>Cusack Decl., ¶ 3 and Exh. C (ERII 04/06 Policy); MSJ Order", at 3:9-17; 4:18-23. | Undisputed. |
| | Fact 4. Magma bought excess directors and officers ("D&O") liability coverage from National Union for the period from December 15, 2004 until March 30, 2006<br><br>Cusack Decl., ¶4 and Exh. D (National Union Policy); MSJ Order, at 3:9-17; 4:18-23. | Undisputed that Magma purchased excess D&O liability coverage from National Union ("NU").<br><br>Disputed that Exh. D is a true and correct copy of the complete NU policy. As policy specifically incorporates Magma's application for insurance which was not included in the documents attached as Exh. D to the Cusack Decl.<br><br>**Cusack Decl, Exh D at pg. 6 (introductory paragraph to Excess Insurance Policy)** |
| | | Additional Fact: Magma bought second layer excess D&O liability coverage from XL for the period from December 15, 2004 until December 15, 2006.<br><br>**Docket No. 176-1** |

| | | |
|---|---|---|
| | | Additional Fact: XL's second layer excess D&O liability policy for the 04/06 policy period no longer contained a "Co-Insurance Endorsement" and XL was responsible for 100 % of all loss for each claim under the policy during this period.<br><br>**Docket No. 176-1** |
| 2. National Union's policy requires exhaustion of the limits of the underlying ERII policy. | Fact 5. National Union's policy states – in what is typically referred to as the "exhaustion" provision – that it is responsible for coverage:<br><br>After the Underlying Insurers and/or Insured or the Company have paid *the full amount of* the Total Underlying Limits [of the primary policy].<br><br>Cusack Decl., ¶4 and Exh. D at p. 2 (emphasis added). | Disputed. <u>One</u> element of demonstrating coverage under the NU policy is exhaustion of the underlying primary policy, however, to date there has been no determination of coverage for the subject claims under the NU policy and NU reserved all exclusions and defenses to coverage under the NU policy.<br><br>**PAD Decl. ¶ 9, Exh. F and Cusack Decl. ¶ 14, Exh. N** |
| 3. Securities Actions were filed against Magma during the period of the ERII and National Union 04/06 Policies. | Fact 6. Nine months after the Synopsys Action and after the 03/04 policies had expired, two other lawsuits were filed against Magma. On June 13, 2005, Magma shareholders filed a securities class action, *In re Magma Design Automation, Inc. Securities Litigation* ("Securities Class Action"). On July 26, 2005, Magma shareholders also filed a derivative action, *Willis v. Madhavan et al.* ("Derivative Action") in the same court. The plaintiffs in these actions alleged that information disclosed publicly in early 2005 indicated that Magma had failed to disclose the risks associated with the Synopsys Action. | Undisputed that the lawsuits Magma anticipated arising from the Synopsys Action and for which it sought & obtained "notice of circumstances" ("NOC") from most of its 03/04 insurers, the Securities Class Action and the Derivative Action, were filed approximately nine months after the Synopsys Action, on June 13, 2005 and July 26, 2005, respectively.<br><br>Disputed that the allegations cited were the sole basis for plaintiffs' claims. In addition, the Plaintiffs in the Securities Actions asserted, among other facts, that Magma's officers and directors were aware of the issues related to the patents, Mr. van Ginneken's development of |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Plaintiffs alleged that, as a result, Magma's stock price dropped.<br><br>MSJ Order at 5:8-20. | the technology while at Synopsys and Synopsys' claims related thereto. That the directors and officers did not accurately disclose and or misinformed the shareholders and public as to these matters and that the directors and officers sold their stock prior to the public release of the information in question.<br><br>**Docket No. 238-2 (Complaint in Shareholder Class-Action at ¶ 3)** |
| 4. National Union did not pay any money towards the settlement of the Securities Actions. | Fact 7. Genesis paid its $5 million limit towards the settlement.<br><br>Dkt. No. 200 (Judgment for Reimbursement). | Undisputed. |
| | Fact 8. National Union refused to contribute to the settlement on the grounds that "coverage for the claim is provided by Genesis and not AIG [*i.e.*, National Union]."<br><br>Cusack Decl., ¶18 and Exh. R (November 27, 2007 Letter). | Disputed. NU advised Magma that it was not contributing to the settlement because ERII had determined that coverage for the Securities Actions fell under its 03/04 policy based on its prior acceptance of NOC and the related nature of the claims. As such, the limits underlying the NU policy had not been exhausted.<br><br>**Cusack Decl ¶ 14, Exh. N and Docket No. 176 at 3:3-18.** |
| 5. No "notice of circumstances" pertaining to the Securities Actions was provided in the 03/04 policy period of Magma's directors and officers policies. | Fact 9. The "notice of circumstances" provision in the D&O policies at issue here says at Section 15(b):<br><br>(b) If during the Policy Period an Insured:<br><br>(i) becomes aware of circumstances which could give rise to a Claim and gives written notice of such | Undisputed. |

| | | |
|---|---|---|
| | circumstances to the Company;<br><br>….<br><br>then any Claim subsequently arising from the circumstances referred to in (i) above…shall be deemed to have been first made during the Policy Period in which the written notice described in (i)…above was first given by an Insured to the Company, provided any such subsequent Claim is reported to the Company as set forth in Subsection 15(a) above. With respect to any such subsequent Claim, no coverage under this coverage section shall apply to loss incurred prior to the date such subsequent Claim is actually made.<br><br>Cusack Decl., ¶2 and Exh. B (ERII 03/04 Policy) at pg. 14; Cusack Decl., ¶5 and Exh. E (excerpt). | |
| | Fact 10. Section 15(c) sets forth additional details regarding the notice the insured must provide the insurer to constitute a notice of circumstances under Section 15(b):<br><br>The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, assistance, | Undisputed as to the wording of Section 15(b). Disputed as to Magma's interpretation of the contract language and as to the bold/italics which is not in the policy.<br><br>**ERII 03/04 Policy, Section 15(b) (Cusack Decl. Exh. B and Exh. E)** |

| | | |
|---|---|---|
| | and cooperation as the Company may reasonably require, ***and shall include in any notice under Subsection 15(a) or (b) a description of the Claim, circumstances, or Securityholder Derivative Demand, the nature of any alleged Wrongful Acts, the nature of the alleged or potential damage, the names of all actual or potential claimants, the names of all actual or potential defendants, and the manner in which such Insured first became aware of the Claim, circumstances, or Securityholder Derivative Demand.***<br><br>*Id*. | |
| | Fact 11. On September 17, 2004, Synopsys, Inc. ("Synopsys") sued Magma in the United States District Court for the Northern District of California, captioned *Synopsys, Inc. v. Magma Design Automation* ("the Synopsys Action").<br><br>MSJ Order, at 4:25-5:1. | Undisputed. |
| | Fact 12. Magma notified ERII and Genesis of the Synopsys Action. The notice consisted of a brief cover letter from Magma's broker, Rian Jorgensen of ABD Insurance Services, and a copy of the complaint filed by Synopsys.<br><br>Cusack Decl., ¶¶5-6 and Exhs. E and F (September 28, 2004 letters from Jorgensen to | Disputed. The Rian Jorgensen letter actually stated in part "Enclosed is a copy of a complaint for patent infringement received from Magma Design Automation, Inc. Please accept this letter as a notice of claim and/or circumstance under the captioned policy."<br><br>**Cusack Decl. at Exhs. E and F.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Genesis and ERII); MSJ Order, at 5:6-7. | |
| | Fact 13. ERII denied coverage for the Synopsys Action.<br><br>MSJ Order at 9:1-3. | Undisputed. |
| | Fact 14. Mr. Jorgensen called the ERII claims representative, Richard Nace, and asked ERII to treat the complaint as a "notice of circumstances" under the ERII policy.<br><br>Cusack Decl., ¶7 and Exh. G (Declaration of Richard Nace, dated March 7, 2008, at ¶¶6-7); Cusack Decl., ¶8 and Exh. H (Deposition of Richard Nace at 57:15-58:5; 67:3-68:23); Cusack Decl., ¶9 and Exh. I (Deposition of Rian Jorgensen, at 76:6-77:18; 80:15-20). | Disputed insofar as Richard Nace believed that he may have had more than one discussion with Mr. Jorgensen regarding how the patent suit could develop into a potential claim.<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 59:6-18.** |
| | Fact 15. Mr. Nace stated that Mr. Jorgensen had told him "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim."<br><br>Cusack Decl., ¶7 and Exh. G (Nace 2008 Decl. at ¶7). | Disputed as to context insofar as this "statement" represents only a portion of Mr. Nace's communications with Magma's broker. Further, in his notes of the communication with Magma's broker, Mr. Nace indicated that they also discussed the fact that Magma "wanted to be really careful" in relation to the preservation of coverage for future claims.<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 118:20-120:10 and Exhibit 10 to the deposition.** |
| | Fact 16. Mr. Jorgensen provided no other information in that call.<br><br>*Id.*; Cusack Decl., ¶8 and Exh. H (Nace Depo. at 57:15-58:5, 62:22-24); Cusack Decl., ¶9 and Exh. I (Jorgensen Depo, at 76:6-77:18; 80:16-20). | Disputed. Mr. Jorgensen also advised Mr. Nace that Magma wanted to be very careful. Mr. Nace believes he had more than one conversation with Mr. Jorgensen. Mr. Nace testified that he and Mr. Jorgensen "discussed the patent suit" and |

| | | |
|---|---|---|
| | | that Mr. Jorgensen "gave him more information on how it could develop into a potential claim."<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 118:20-120:10 and Exhibit 10 to the deposition.** |
| | Fact 17. After that conversation and with no further exchange of information, ERII sent a letter agreeing to treat the Synopsys Action as a "notice of circumstances" under its 03/04 policy.<br><br>Cusack Decl., ¶10 and Exh. J (November 9, 2004 Letter from Nace); MSJ Order at 9:7-9. | Undisputed that after his communications with Mr. Jorgensen (see above), Mr. Nace issued correspondence accepting NOC under the ERII 03/04 policy. |
| | | Additional Fact: Mr. Nace (a former insurance coverage attorney and experienced adjuster) analyzed the Synopsys complaint, the policy (including § 15(b)), and the information provided by Magma and believes he discussed his determination with others at ERII, prior to accepting NOC under the policy and based his decision on his prior experience in handling these types of policies and NOC requests.<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 11:1-14:23, 16:17 -17:12, 61:9-15, 118:20-120:10 and Exhibit 10 to the deposition.** |
| | Fact 18. Magma provided no further information to ERII regarding the Synopsys Action, or any potential claim that might arise out of it, at any time before the 03/04 Policy expired on December 15, 2004. | Undisputed that Magma provided no additional information to ERII after it accepted NOC under the 03/04 Policy before December 15, 2004. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Cusack Decl., ¶8 and Exh. H (Nace Depo. at 90:22-91:16); Cusack Decl., ¶9 and Exh. I (Jorgensen Depo, at 76:6-77:18; 80:16-20). | |
| | | Additional Fact: After sending his letter to Magma accepting NOC under the ERII 03/04 policy, Mr. Nace did not request any further information from Magma and did not expect it to provide any further information to support its NOC request because ERII had already notified Magma that it accepted NOC under the policy.<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 62:22-64:19.** |
| | Fact 19. Genesis acknowledged Magma's request that it treat the Synopsys Action as a "notice of circumstances" under the Genesis 03/04 policy but did not take a position one way or the other and did not further respond to the Synopsys Action.<br><br>Cusack Decl., ¶11 and Exh. K (October 11, 2004 Letter from Genesis to Magma); MSJ Order at 9:11-13. | Undisputed. |
| | Fact 20. In the First Appeal in this case, the Ninth Circuit held that the Synopsys Action Complaint did not meet the requirements of a "notice of circumstances."<br><br>Dkt. No. 139 (Mem. Opinion), at pp. 3-5. | Disputed. The Ninth Circuit found that the information provided by Magma to Genesis did not satisfy the specific requirements needed to impose NOC on Genesis, as Genesis had not affirmatively accepted NOC under the policy.<br><br>**Docket No. 139 at pg 3** |
| 6. The ERII 04/06 Policy is exhausted. | Fact 21. ERII paid all $10 million of its limits towards defense costs and the settlement | Undisputed that ERII paid the limits of the ERII 03/04 Policy in settlement of the Securities |

| | | |
|---|---|---|
| | of the Securities Actions.<br><br>Dkt. No. 100 (ERII Statement of Position), at 6:6-16. | Actions. |
| | Fact 22. Mr. Nace has confirmed that, based on the information he received from Magma in 2004 and the Ninth Circuit's ruling, ERII has in fact corrected its records to show that its $10 million in limits was paid out of the 04/06 Policy.<br><br>Cusack Decl., ¶20 and Exh. T (Nace 2013 Declaration); Cusack Decl., ¶8 and Exh. H (Nace Depo. at 39:12-40:12). | Undisputed that Mr. Nace has submitted a declaration stating that ERII, based on its own analysis of the rulings in this matter, decided to shift its payments to the 04/06 policy period. However, NU asserts that ERII is precluded from doing so based on the doctrines of waiver and estoppel.<br><br>**Docket No. 264; Cusack Decl., ¶ 22, Exh. V; and Docket Nos. 100, 104 and 208 at pg 3.** |
| | | Additional Fact: ERII stated that should there be a judicial determination that the Securities Actions are properly deemed first made under the 04/06 policy period then ERII would adjust its records to reflect that payments were made under the ERII 04/06 Policy.<br><br>**Docket Nos. 100 and 104** |
| | | Additional Fact: ERII specifically advised The Ninth Circuit adopted ERII's position in stating that ERII's "'adjustment of its records' … was explicitly contingent on a judicial determination that its decision [regarding treatment of the Securities Actions] was incorrect" … and The Ninth Circuit has specifically stated that **"[t]here has been no such determination."** (emphasis added)<br><br>**Docket No. 208 at pg 3.** |
| 7. No grounds exist to support National Union's | Fact 23. ERII's first reservation of rights letter in response to the Securities | Disputed. As indicated in its various correspondence to Magma, in particular in its |



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| waiver or estoppel defenses. | Actions said that it would respond under the 03/04 Policy pursuant to the "notice of circumstances," *but under a full reservation of rights*.<br><br>Cusack Decl., ¶12 and Exh. L (August 23, 2005 Letter from ERII to Magma). | correspondence accepting the NOC, ERII solely stated that it was reserving rights as to its coverage determination and did not, in any respect, reserve the right to subsequently (after the expiration of the policy) reverse its determination as to the NOC. To do so would make nonsense of its acceptance.<br><br>**Cusack Decl., ¶11, Exh. K (ERII Nov. 9, 2004 correspondence accepting NOC); Declaration of Joseph Monteleone at 5:3-10 and 7:9-8:2.** |
| | Fact 24. National Union quickly adopted ERII's position that a "notice of circumstances" had been given in 2004. As a result, it denied coverage on the grounds that the claim was deemed made prior to its policy period. This was the only stated reason it gave for denying coverage.<br><br>Cusack Decl., ¶13 and Exh. M (August 26, 2005 Letter from National Union to Magma). | Disputed. NU denied coverage based on coverage being placed in the prior policy period but specifically reserved all rights defenses and exclusions under its policy.<br><br>**Cusack Decl., ¶13, Exh. M (August 26, 2005 Letter from National Union to Magma)** |
| | Fact 25. Genesis also denied coverage for the Securities Actions, disagreeing with ERII's assumption that the Synopsys Action constituted a "notice of circumstances."<br><br>Cusack Decl., ¶14 and Exh. N (August 31, 2005 Letter from Genesis to Magma). | Undisputed. |
| | Fact 26. Magma sent Genesis's letter to National Union and made it clear that Magma would protect its rights to coverage under either the 03/04 Policies | Undisputed. |

| | | |
|---|---|---|
| | or the 04/06 Policies.<br><br>Cusack Decl., ¶15 and Exh. O (September 16, 2005 letter from Magma to National Union). | |
| | Fact 27. When the self-insured retention under the ERII policy had been spent and Magma demanded that ERII start paying defense costs, ERII stated explicitly that, while it would pay under its 03/04 Policy, it would deem its payments made under the 04/06 Policy if it were determined that Genesis's position was correct.<br><br>Cusack Decl., ¶16 and Exh. P (May 24, 2006 Letter from Terrence McInnis to Mary McCutcheon). | Disputed. ERII and Magma entered into an agreement that should it subsequently be determined that the Securities Actions fall within the subsequent policy period it would deem its payments made under the 04/06 policy. ERII's movement of its payments was in no way connected to any determination as to whether or not Genesis's position was correct.<br><br>**Docket No. 264; Cusack Decl., ¶ 22, Exh. V; and Docket Nos. 100, 104 and 208 at pg 3.** |
| | Fact 28. Genesis filed its Complaint for Declaratory Relief against Magma on September 8, 2006, seeking a declaration that the Securities Actions were not a claim first made during the 03/04 policy period – *i.e.*, that it had not received a "notice of circumstances" -- and therefore it owed no coverage.<br><br>Dkt. No. 1 (Genesis Complaint), at ¶ 11. | Undisputed. |
| | Fact 29. Magma filed an Answer and Counterclaim against Genesis on October 30, 2006. Magma expressly sought a determination as to whether the Genesis policy or the National Union policy applied to the Securities Actions.<br><br>Dkt. No. 10 (Magma Answer and Counterclaim), at ¶ 33. | Undisputed. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Fact 30. Magma simultaneously filed a third party complaint against National Union seeking the same determination, and against ERII seeking a declaration as to which ERII policy provided coverage.<br><br>Dkt. No. 11 (Magma Third Party Complaint), at ¶ 34, 37. | Undisputed. |
| | Fact 31. On December 5, 2006, ERII answered and counterclaimed for declaratory relief. Consistent with its previous reservations of rights, it sought a declaration that the Securities Actions "are properly treated as a single **Claim** first made during *either* the 03/04 **Policy Period** *or* the 04/06 **Policy Period**, but not both."<br><br>Dkt. No. 26 (ERII Answer and Counterclaim), at ¶ 25 (emphasis original). | Disputed. ERII's request in its counterclaim seeking a declaration that the Securities Actions "are properly treated as a single **Claim** first made during *either* the 03/04 **Policy Period** *or* the 04/06 **Policy Period**, but not both" was not an assertion of any reservation of rights by ERII, but rather ERII's efforts to protect its own exposure in this action. ERII, based on its prior agreement with Magma as to how it was treating the claims, was seeking to prevent a finding that one, but not the other, of the subsequent claims was related to the Synopsys action thus exposing it to coverage under both policies. Further, in accepting NOC, ERII solely stated that it was reserving rights as to its coverage determination and did not, in any respect, reserve the right to subsequently (after the expiration of the policy) reverse its determination as to the NOC. To do so would make nonsense of its acceptance.<br><br>**Docket No. 26, Cusack Decl., ¶11, Exh. K; Declaration of Joseph Monteleone at 5:3-10 and 7:9-8:2.** |
| | Fact 32. ERII confirmed this neutral position when it filed | Undisputed that ERII filed a Statement of Position with the |

| | | |
|---|---|---|
| | with this Court its Statement of Position in connection with the first summary judgment motions filed in 2008:<br><br>If this Court should determine, however, that the Securities Class Action, the Derivative Action and the Unfair Competition Action are properly deemed first made during the Policy Period of the ERII 04/06 Policy instead, ERII will adjust its records to reflect that all amounts paid in connection with those actions were paid under the ERII 04/06 Policy. If this should occur, the Limits of Liability of the ERII 04/06 Policy would be exhausted by the amount of ERII's payments instead, and ERII will have no further obligations under that Policy.<br><br>Document No. 100 (ERII Statement of Position), at 6:11-16. | court in 2008.<br><br>Undisputed that ERII's Statement of Position states, in relevant part, what is set forth in the 2nd part of Fact 32 following the ":".<br><br>Disputed that ERII's Statement of Position in any way confirms or supports Magma's assertion in Fact 31 that ERII "neutral position" was in any way "consistent with its previous reservations of rights" that it in any way supports Magma's assertion that ERII reserved the right to subsequently revoke its acceptance of NOC.<br><br>**Docket Nos. 100 and 104; and Declaration of Joseph Monteleone at 5:3-10 and 7:9-8:2.** |
| | Fact 33. ERII is obligated to Magma, as set forth in the Settlement Agreement and Release entered into when ERII paid its remaining limits into the settlement of the Securities Actions, to be bound by the results of this litigation as to whether its 03/04 Policy, or 04/06 Policy applied.<br><br>Cusack Decl., ¶18 and Exh. R (Settlement Agreement and Release). | Undisputed that the settlement agreement between ERII and Magma obligates ERII to abide by the determination of the Court as to whether ERII's 03/04 or 04/06 Policy applies. As noted by the Ninth Circuit – No such determination has been made.<br><br>**Docket No. 208** |
| | Fact 34. National Union filed an Answer to Magma's cross-complaint on December 5, 2006. Nowhere in that Answer | Disputed. In its Answer to Magma's cross-complaint NU specifically asserted a defense that coverage for the Subject |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | did National Union cite any of the defenses it has since raised. National Union merely included two affirmative defenses that cited generally to the terms and conditions of its policy.<br><br>Dkt. No. 25 (National Union Answer), at ¶¶ 9-10. | Claims "may be barred, in whole, or in part by the terms, conditions, exclusions, limitations, and/or exceptions to coverage contained in the National Union Excess Policy and any policy to which the National Union Excess Policy followed form." This would include all of the defenses raised by NU in the action to date. Further, NU's Answer specifically raised the defenses of "Estoppel" and "Breach." Finally, NU reserved the right to assert other defenses.<br><br>**Dkt. No. 25 (National Union Answer), at 9:8-10:5.** |
| | Fact 35. Over the next year, continuing until after the Securities Actions settled, Magma repeatedly described this coverage litigation as a game of hot-potato between Genesis and National Union, each arguing that coverage was provided by the other, with no contention by National Union that ERII had received any information in 2004 other than the Synopsys Action itself, or that ERII's decision to treat the Synopsys Action as a "notice of circumstances" forever bound it to that position and precluded National Union from ever providing coverage for the Securities Actions.<br><br>Dkt. No. 33-1 (Motion to Stay), at 5:12-25; Dkt. No. 38 (Joint CMC Stmt), at ¶ 3. | Disputed. This is not a "fact" or "evidence". |
| | Fact 36. Magma therefore negotiated with plaintiffs based on the assumption that the $5 million Genesis/National Union layer of coverage was available | Disputed. NU can not know the basis for or assumptions under which Magma negotiated its settlement with the plaintiffs in the Securities Actions. To the |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | to fund any settlement, either from Genesis or National Union.<br><br>Cusack Decl., ¶17 and Exh. Q (Declaration of Clayton Parker), ¶ 5. | extent Magma did so under a belief that NU agreed that its layer of coverage was available – such a belief is not supported by the evidence. NU's counsel's uncontroverted declaration in this action demonstrates that he advised Magma counsel prior to the settlement that NU did not agree with this view of the case.<br><br>**Docket No. 176 at 3:3-18.** |
| | Fact 37. In early 2008, the parties filed cross-motions for summary judgment on the "notice of circumstances" issue. At the hearing, the Court twice stated its assumption that coverage would be provided under one policy or the other:<br><br>The Court: …That's the first proposition I'm trying to suggest. In other words, I cannot leave the policy holder here in a situation where neither Genesis nor National Union is on the hook for the excess, that one or the other is on the hook for the excess.<br><br>The Court later repeated its assumption:<br><br>But it seems to me that that was the point of my consistency question. It wasn't as well phrased as you just articulated it. That's at the heart of the Court's concern, ***and I would wish to hear further from any party who takes a position that that is not the case***, | Disputed. Judge Ware's comments during a hearing are dicta and not "facts" or "evidence." Notably, Judge Ware's decision on the cross summary judgment motions which were the subject of the hearing was reversed on appeal.<br><br>NU did not agree with the Court's view of the case. As indicated in NU's response to Fact 36 above, NU's counsel advised Magma's counsel of the fact that there was potentially no coverage under the National Union Excess Policy for the Securities Actions.<br><br>Furthermore, this issue was also raised at oral arguments before the Court of Appeal during the first appeal and NU advised the court of the potential for no coverage at the first layer excess level.<br><br>**Docket No. 176 at 3:3-18.** |

| | | |
|---|---|---|
| | that you could find yourself in a circumstance where the notice of circumstances was inadequate, for example, because it didn't have the detail, and, therefore, it's defective and that would relieve an excess policy in what you're calling year two of an obligation to pick it up. I didn't hear that clearly, and so I'm not considering that's the argument.<br><br>Cusack Decl., ¶19 and Exh. S (Hearing Transcript), at 54:24-55:4 and 64:17-65:5 (emphasis added). | |
| | Fact 38. National Union did not tell the Court that its assumption was wrong or argue that waiver or estoppel – or any other fact or law -- precluded ERII from adhering to its Statement of Position if it were found that a "notice of circumstances" had not been given in 2004. *Id.* | Disputed. See response to Fact 37 above. |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: January 22, 2015

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Paul A. Desorchers*
Glenn A. Friedman
Michael K. Johnson
Paul A. Desorchers
Attorneys for Defendant and Counter/Cross Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

File No. 6234.4935

**CERTIFICATE OF SERVICE**

***Genesis Insurance Company v. Magma Design Automation, Inc. et al.***

USDC – Northern District, San Jose Division Case No. 5:06-CV-05526-EJD

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 22, 2015, I served the following document:

**NATIONAL UNION FIRE INSURANCE COMPANY'S RESPONSE TO MAGMA DESIGN AUTOMATION, INC.'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

I served the document on all parties in this matter by CM/ECF. The document was served by the following means:

☒ The document was served via CM/ECF (all parties are registered for CM/ECF):

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated: January 22, 2015

*/s/ B. Yasinah Johnson*

B. Yasinah Johnson