**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SBN 104442
Email: friedman@lbbslaw.com
MICHAEL K. JOHNSON, Esq. (SBN 130193)
Email : michael.johnson@lewisbrisbois.com
PAUL A. DESROCHERS, SBN 214855
Email: desrochers@lbbslaw.com
333 Bush Street, Suite 1100
San Francisco, CA 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Defendant/Cross-Defendant and Third-Party Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, INC. *et al*,<br><br>Defendant/Counter-Claimant. | Case No. 06-CV-05526 EJD<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY'S RESPONSE TO GENESIS INSURANCE COMPANY'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date: February 12, 2015**<br>**Time: 9:00 a.m.**<br>**Crtrm: 4** |
| AND ALL RELATED CROSS-ACTIONS. | |

Defendant/Cross-Defendant and Third-Party Plaintiff NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), submits the following Response to Plaintiff and Counterclaim Defendant GENESIS INSURANCE COMPANY's ("Genesis") Separate Statement of Material Facts in Support of Motion for Partial Summary Judgment:

/ / /

/ / /

/ / /

/ / /

/ / /



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Claim 2**<br><br>**Equitable Subrogation Against National Union** | | |
| 1. The 03/04 Policies do not provide coverage for the Class Action filed against Magma.[1] | Fact 1. Genesis issued the Genesis Insurance Policy to Magma for the policy period from December 15, 2003 to December 15, 2004.<br><br>Brent Olson Supplemental Decl. ("Olson Supp. Decl.") ¶ 2 and Ex. A (Genesis Policy). | Undisputed. |
| | Fact 2. The Genesis Policy is excess to the primary ERII 03/04 Policy issued to Magma for the same policy period.<br><br>Olson Supp. Decl. ¶ 2, 3 and Exs. A (Genesis Policy) and B (ERII 03/04 Policy). | Undisputed. |
| | Fact 3. The Genesis Policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 03/04 Policy.<br><br>Olson Supp. Decl. ¶ 2 and Ex. A (Genesis Policy) at 4. | Undisputed. |
| | Fact 4. The ERII 03/04 Policy, and, by incorporation, the Genesis Policy, contains a notice of circumstances provision that sets forth what information must be provided in writing to constitute a sufficient notice of circumstances.<br><br>Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | Disputed that the policy <u>requires</u> that all information submitted by the insured be in writing. Further, section 15(c) of ERII policy, in addition to listing the type of information requested to be provided, addresses the insured's obligations as follows:<br><br>"The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, |

[1] Capitalized terms are defined in the Notice of Motion and Motion of Genesis Insurance Company for Partial Summary Judgment and its accompanying Memorandum of Points and Authorities in Support thereof.

| | | |
|---|---|---|
| | | assistance, and cooperation as the Company may reasonably require..”<br><br>Furthermore, after receiving the information provided by Magma (both in writing and through discussions with Magma’s broker), ERII accepted the information as sufficient and/or adequate to constitute “notice of circumstances” under the 03/04 Policy. ERII did not request additional information and did not expect Magma to provide it with any additional information.<br><br>**Olson Supp. Decl., Ex. B at 4 and 25. PAD Decl, Ex A – Nace Depo at 62:9-64:20_** |
| | Fact 5. The ERII 03/04 Policy and Genesis Policy provide coverage only for (1) claims made during the 03/04 policy period or (2) claims made after the 03/04 policy period for which a sufficient notice of circumstances has been provided during the 03/04 policy period.<br><br>Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 13, 24. | Disputed. The ERII 03/04 Policy provides for extending coverage under the policy pursuant to an “Extended Reporting Period” at Section 12. Further, pursuant to Sections 13(g) of the policy (The Related Claims Provision):<br><br>“All Related Claims shall be treated as a single Claim first made on the date the earliest such Related Claim was first made, ***or*** on the date the earliest of such Related Claims is treated as having been made in accordance with Subsection 15(b) below, ***regardless of whether such date is before or during the Policy Period***.” (emphasis added)<br><br>**Olson Supp. Decl., Ex. B at 22-24 and Dkt Nos. 100 at 4-5; 104 at 2-3, and 176-6.** |
| | Fact 6. On September 28, 2004, Magma’s insurance broker sent (1) cover letters and (2) a copy of the Synopsys Action complaint to both ERII and Genesis as a purported notice of circumstances. | Undisputed insofar as Magma’s broker sent letters to Genesis, ERII and XL asking that they acknowledge receipt of the claim to Magma’s general counsel and specifically requesting that the insurers accept the information provided as “notice of claim |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Olson Supp. Decl. ¶¶ 4, 5 and Exs. C (cover letter and complaint to ERII) and D (cover letter and complaint to Genesis). | and/or circumstances under the captioned policy." In addition, the letter attached a copy of the Synopsys complaint with exhibits thereto.<br><br>**Dkt No. 254-5, 254-6 and PAD Decl., Ex B – Jorgensen Depo Exhibits 3, 4 and 5.** |
| | Fact 7. The cover letters sent to Genesis and ERII are substantively identical.<br><br>*Id.* | Undisputed that the cover letters sent to Genesis, ERII and XL contained the same language.<br><br>**PAD Decl., Ex B – Jorgensen Depo Exhibits 3, 4 and5.** |
| | Fact 8. The record contains no evidence that during the ERII 03/04 Policy's period Magma and its insurance broker provided any additional written information to ERII about the Synopsys Action beyond the (1) September 28, 2004 cover letter and (2) copy of the Synopsys Action complaint.<br><br>*Id.*; Olson Supp. Decl. ¶¶ 6, 7 and Exs. E (ERII production) and F (R. Nace Dep. Tr.) at 62:4-8. | Undisputed that no additional "written" information was provided by Magma to ERII. However, additional information was provided to ERII adjuster (Richard Nace) by Magma's broker (Rian Jorgensen). Mr. Nace believed that he may have had more than one discussion with Mr. Jorgensen regarding how the patent suit could develop into a potential claim.<br><br>Mr. Nace stated that Mr. Jorgensen had told him "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim."<br><br>Further, in his notes of the communication with Magma's broker, Mr. Nace indicated that they also discussed the fact that Magma "wanted to be really careful" in relation to the preservation of coverage for future claims.<br><br>As discussed above, section 15(c) of ERII policy requires that the insured give to the insurer such information, assistance, and cooperation as the insurer may reasonably require. After receiving the information provided by Magma (both in writing and through discussions with Magma's broker) ERII |

| | | |
|---|---|---|
| | | accepted the information as sufficient "notice of circumstances" under the policy. ERII did not request additional information and did not expect Magma to provide it with any additional information.<br><br>**Olson Supp. Decl., Ex. B at 4 and 25. PAD Decl, Ex A – Nace Depo at 59:6-18, 62:9-64:20, 118:20-120:10 and Exhibit 10 to the deposition.** |
| | Fact 9. Magma and its insurance broker did not provide to ERII during the ERII 03/04 Policy's period the specific written information required by that policy's notice of circumstances provision.<br><br><u>Id.</u>; Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | Disputed.<br><br>**See response to Fact 8 above**. |
| | Fact 10. On July 12, 2010, the Ninth Circuit held that the purported notice of circumstances provided by Magma to Genesis did not constitute a valid notice of circumstances because it "did not contain any of the specific information called for" by the policy provision and fell "short of the types of notice we have held as sufficiently specific under similar notice provisions."<br><br>*Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 F. App'x 728, 730 (9th Cir. 2010). | Disputed that the Ninth Circuit characterized the notice of circumstances provided by Magma as "purported." In its July 12, 2010 Memorandum of Decision, the Ninth Circuit stated that it did "not agree that <u>the notice of circumstances</u> provided to Genesis triggered coverage for the post-policy period claims." Further, the Court stated that "the notice provided by Magma was not <u>sufficiently specific</u>." (Emphasis added.)<br><br>**Docket No. 139 at pg 3.** |
| 2. The National Union Policy provides coverage for the Class Action filed against Magma. | Fact 11. National Union issued the National Union Policy to Magma for the policy period from December 15, 2004 to March 30, 2006.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy). | Undisputed. |

| | | |
|---|---|---|
| | Fact 12. The National Union Policy is excess to the primary ERII 04/06 Policy issued to Magma for the same policy period.<br><br>Olson Supp. Decl. ¶ 9 and Ex. H (ERII 04/06 Policy). | Undisputed. |
| | Fact 13. The National Union Policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 04/06 Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 5. | Undisputed. |
| | Fact 14. Exhaustion of the ERII 04/06 Policy due to payment of covered loss is a precondition to coverage under the National Union Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 6. | Disputed. One element of determining coverage under the National Union Excess Policy is exhaustion of the underlying primary policy. However, to date, there has been no determination of coverage for the subject claims under the National Union Excess Policy and National Union reserved all exclusions, defenses and exceptions to coverage under its policy.<br><br>**PAD Decl. ¶ 9, Exh. F and Dkt No. 279-5 at 41-45.** |
| | Fact 15. On June 13, 2005, the Class Action was filed against Magma and certain Magma directors and officers.<br><br>Olson Supp. Decl. ¶ 10 and Ex. I (Class Action complaint). | Undisputed. |
| | Fact 16. Absent a sufficient notice of circumstances provided during a prior policy period, the Class Action constitutes a Claim made during the policy period of the ERII 04/06 Policy and National Union Policy.<br><br>*Id.*; Olson Supp. Decl. ¶ 9 and | Objection – Argument not fact or evidence. **Disputed – see response to Fact 5, above.**<br><br>Further, Mr. Nace (a former insurance coverage attorney and experienced adjuster) analyzed the Synopsys complaint, the policy (including § 15(b)), and the information provided by Magma and believes he |

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Ex. H (ERII 04/06 Policy) at 19. | discussed his determination with others at ERII, prior to accepting notice of circumstances under the policy and based his decision on his prior experience in handling these types of policies and similar requests.<br><br>Finally, the Ninth Circuit has specifically held that ERII determined that the notice it received was adequate.<br><br>**PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 11:1-14:23, 16:17 -17:12, 61:9-15, 118:20-120:10 and Exhibit 10 to the deposition, and Dkt No. 208.** |
| | Fact 17. National Union refused to provide coverage for the Class Action on the grounds that coverage was purportedly provided by the Genesis Policy and not the National Union Policy.<br><br>Glenn Friedman Decl. ¶ 18 (Docket Entry ("DE") 88) and DE 88-19 (National Union coverage letter). | Disputed. ERII, the primary insurer for Magma under both the 03/04 and 04/06 policy periods, accepted notice of circumstances under the 03/04 policy related to the Synopsys Action and placed coverage for the Class Action under its 03/04 Policy because it determined that the Class Action constituted a related claim. Accordingly, as the underlying primary insurer, ERII had placed coverage for the Class Action in the 03/04 policy period, there was no basis for coverage under the 04/06 National Union excess policy. Further, National Union specifically reserved all rights, defenses and exclusions under its policy.<br><br>**Dkt No. 100 at 4-5, 104 at 2-3, 176-6 and 279-5 at 41-45.** |
| | Fact 18. The applicable limits of both the ERII 03/04 Policy and the ERII 04/06 Policy are each $10 million.<br><br>Olson Supp. Decl. ¶¶ 3, 9 and Ex. B (ERII 03/04 Policy) at 11, Ex. H (ERII 04/06 Policy) at 17. | Undisputed that the ERII 03/04 and 04/06 contain the same $10 million policy limits. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | Fact 19. ERII paid covered loss totaling $10 million in connection with the Class Action and related litigation against Magma.<br><br>Richard Nace Decl. ¶ 9 (DE 254-13). | Undisputed that ERII paid $10 million in defense costs and settlement monies under its 03/04 policy period in connection with the resolution of the Securities Actions. |
| | Fact 20. ERII has allocated its $10 million in payments to the ERII 04/06 Policy.<br><br>*Id.* at ¶ 10. | Disputed. National Union acknowledges that Mr. Nace has submitted a declaration stating that ERII, <u>based on its own analysis of the rulings in this matter</u>, decided to shift its payments to the 04/06 policy period. However, NU asserts that ERII is precluded from doing so based on the doctrines of waiver and estoppel.<br><br>**Docket Nos. 100, 104, 208 at pg 3, 245 at 23-26 and 264.** |
| | Fact 21. The ERII 04/06 Policy has been exhausted through the payment of $10 million in covered loss.<br><br>*Id.* | Disputed – **See response to Fact 20, above.** |
| | | Additional Fact: ERII stated that <u>should there be a judicial determination that the Securities Actions are properly deemed first made under the 04/06 policy period</u> then ERII would adjust its records to reflect that payments were made under the ERII 04/06 Policy.<br><br>**<u>Docket Nos. 100 and 104</u>** |
| | | Additional Fact: ERII specifically advised The Ninth Circuit adopted ERII's position in stating that ERII's "'adjustment of its records' … was explicitly contingent on a judicial determination that its decision [regarding treatment of the Securities Actions] was incorrect" … and The Ninth |

| | | |
|---|---|---|
| | | Circuit has specifically stated that **"[t]here has been no such determination."** (emphasis added)<br><br>**Docket No. 208 at pg 3.** |
| 3. Genesis is entitled to equitable subrogation against National Union | Fact 22. Genesis advanced its full $5 million in policy limits toward the settlement of the Class Action, subject to a full reservation of rights.<br><br>Dec. 20, 2010 Order (DE 186) at 6-7. | Disputed as to whether or not Genesis' payment of its policy limits was subject to a reservation of rights.<br><br>**Dkt No. 171 at 7:25-12:27, and 168-2 at 115-126.** |
| | Fact 23. At the time Genesis made its payment, there was no judicial determination whether Genesis's or National Union's excess policy provided coverage for the Class Action.<br><br>*Id.* at 14. | National Union does not dispute that at the time of the settlement of the Securities Actions, there had yet to be a judicial determination as to coverage for the Securities Actions, as Magma had requested (and obtained) a stay of the coverage litigation pending resolution of the Securities Actions. To date, there has been no judicial determination that ERII's decision to place the Securities Actions under its 03/04 policy was incorrect<br><br>**Docket No. 48, 208 at pg 3.** |
| | Fact 24. Genesis made the $5 million payment, *inter alia*, to avoid a later potential finding of bad faith denial of insurance benefits.<br><br>*Id.* | Objection – Argument, not fact or evidence. National Union is not in a position to respond to the reasoning behind why Genesis paid its policy limits toward the settlement. However, both other insurers on the 03/04 policy year – ERII (the primary) and XL (the second layer excess) - had accepted notice of circumstances under the 03/04 policy and placed coverage for the Securities Actions under their 03/04 policies and had agreed to contribute the limits of those policies toward settlement in order to satisfy coverage obligations imposed on them under their respective policies with Magma. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | | **Dkt No. 176-1, 176-5 and 176-6.** |
| | Fact 25. The Ninth Circuit has ruled that Genesis did not owe coverage under the Genesis Policy for the settlement of the Class Action and was not liable for the $5 million it paid toward the settlement of the Class Action.<br><br>*Genesis Ins. Co.*, 386 F. App'x at 730. | Dispute the characterization of the Ninth Circuit's July 12, 2010 ruling in which the Ninth Circuit reversed the underlying ruling related to the "notice of circumstances" issue as to Genesis. The Court made no statement regarding the $5 million paid by Genesis in settlement as Magma's claims regarding Genesis' lack of entitlement to reimbursement had yet to be adjudicated nor had there been any determination as to coverage under the National Union Excess Policy.<br><br>**Dkt Nos. 112 and 139.** |
| | Fact 26. National Union refused to offer any sum toward the settlement of the Class Action.<br><br>Olson Supp. Decl. ¶ 11 and Ex. J (November 20, 2007 Letter) at 2. | Disputed. NU advised Magma that it was not contributing to the settlement because ERII had determined that coverage for the Securities Actions fell under its 03/04 policy based on its prior acceptance of NOC and the related nature of the claims. As such, the limits underlying the NU policy had not been exhausted.<br><br>**Dkt Nos. 176 at 3:3-18 and 279-5 at 41-45.** |
| 4. Genesis is entitled to prejudgment interest running from July 21, 2008 against National Union | Fact 27. On July 21, 2008, Genesis paid its full $5 million policy limits toward the settlement of the Class Action.<br><br>Dec. 20, 2010 Order (DE 186) at 6. | Undisputed. |
| **Waiver and Estoppel** | | |
| 1. Neither waiver nor estoppel bar ERII from (1) determining that the purported notice of circumstances it received from Magma was insufficient, (2) determining that the Class Action was a | Fact 28. ERII's Aug. 23, 2005 letter to Magma about the Class Action contained an express reservation of ERII's rights.<br><br>Olson Supp. Decl. ¶ 12 and Ex. K (August 23, 2005 Coverage Letter) at 7. | Disputed. As indicated in its various correspondence to Magma, in particular in its correspondence accepting the notice of circumstances as well as in its Aug. 23, 2005 letter, ERII solely stated that it was reserving rights as to its |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| claim made during the 04/06 policy period, (3) allocating its $10 million total in payments to the ERII 04/06 Policy, and (4) asserting that ERII 04/06 Policy is exhausted. | | coverage determination and did not, in any respect, reserve the right to subsequently (after the expiration of the policy) reverse its determination as to the NOC. To do so would make nonsense of its acceptance.<br><br>**Dkt Nos. 176-5 at 2, 176-6 at 6 and Declaration of Joseph Monteleone at 5:3-10 and 7:9-8:2.**, |
| | Fact 29. On December 5, 2006, ERII sought a declaratory judgment that the Class Action was a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16. | Undisputed. |
| | Fact 30. In 2008, ERII stated that it did not take a position on whether the 03/04 policy period or 04/06 policy period applied to the Class Action.<br><br>ERII Statement of Non-Opposition (DE 100) at 4. | Undisputed that, in its "Statement of Position" filed with the Court, ERII stated that it did "not take a position with respect to"…"whether the 03/04 Policy Period or 04/06 Policy Period properly applies to the" Securities Actions. However, ERII then proceeds to set forth the basis for its placement of coverage in the 03/04 policy period. Further, the Declaration of Richard Nace in support of Magma's MSJ again sets forth ERII's analysis of the issues and why its placement of the matter in the 03/04 policy period was proper.<br><br>**Dkt Nos. 100 and 104.** |
| | Fact 31. In 2008, ERII expressed its willingness to allocate its $10 million in payments to the ERII 04/06 Policy.<br><br>*Id.* at 6. | Undisputed that ERII has stated that <u>should there be a judicial determination that the Securities Actions are properly deemed first made under the 04/06 policy period</u> then ERII would adjust its records to reflect that payments were made under the ERII 04/06 Policy. |

| | | |
|---|---|---|
| | | Further, ERII specifically advised the Court and the Ninth Circuit adopted ERII's position in stating that ERII's "'adjustment of its records' … was explicitly contingent on a judicial determination that its decision [regarding treatment of the Securities Actions] was incorrect" … and the Ninth Circuit has specifically stated that **"[t]here has been no such determination."** (emphasis added)<br><br>**Dkt Nos. 100, 104 and 208 at pg 3.** |
| | Fact 32. Since at least December 2006, ERII has consistently taken the position that the Class Action could be a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16; ERII Statement of Non-Opposition (DE 100) at 4. | Disputed. Since its August 23, 2005 correspondence, ERII's stated position has been that the Class Action claims related to the Synopsys claims which ERII accepted as notice of circumstances of potential future claims and, accordingly, that coverage for the Securities Claims was appropriately placed in the 03/04 policy period.<br><br>**Dkt Nos. 100, 104, 176-5,176-6 and 208 at pg 3.** |
| | Fact 33. At the time of the Class Action settlement discussions, it was the understanding of all parties involved that the instant insurance coverage action involved the single question of whether the Class Action was covered under the 03/04 policy period or the 04/06 policy period.<br><br>Jeremy Simon Decl. ¶ 3 (DE 99) and Dennis Cusack Decl. ¶ 19 (DE 279) and Hearing Tr. At 54:24-55:4 and 64:17-65:5 (DE 279-6 at 48- | Disputed. National Union was not privy to or understood the basis for or assumptions under which the other parties or their counsel negotiated the settlement with the plaintiffs in the Securities Actions. To the extent Genesis and/or Magma did so under a belief that National Union had agreed that its layer of coverage was available – such a belief is not supported by the evidence. National Union's counsel's uncontroverted declaration in this action demonstrates that he advised Magma's counsel prior to the |

| | | |
|---|---|---|
| | 53). | settlement that National Union did not agree with this view of the case.<br><br>**Docket No. 176 at 3:3-18.** |
| | Fact 34. Genesis's decision to contribute its policy limits towards the settlement of the Class Action, subject to a reservation of rights, was influenced by its belief that no party was asserting the possibility that excess coverage would be unavailable under the National Union Policy if it were established the Class Action was a claim first made in the 04/06 policy period.<br><br>*Id.* | Disputed. As stated above, National Union was not privy to or advised as to the reasoning and/or analysis of Genesis or its counsel as to their understandings of the parties positions related to settlement. However, National Union's counsel's declaration in this action demonstrates that he advised Magma's counsel prior to the settlement that National Union may have defenses that would preclude coverage under the National Union Excess Policy. National Union denied coverage from the outset and reserved all defenses to coverage. Accordingly, there was no basis for Genesis to presume there would be coverage under the National Union Policy.<br><br>**Dkt No. 25, 176 at 3:3-18, and 279-5 at 41-45.** |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: January 23, 2015 LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Paul A. Desorchers*
Glenn A. Friedman
Michael K. Johnson
Paul A. Desorchers
Attorneys for Defendant and Counter/Cross Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

File No. 6234.4935

**CERTIFICATE OF SERVICE**

***Genesis Insurance Company v. Magma Design Automation, Inc., et al.***

USDC – Northern Division, San Jose Division Case No. 06-CV-05526 EJD

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 23, 2015, I served the following document:

**NATIONAL UNION FIRE INSURANCE COMPANY'S RESPONSE TO GENESIS INSURANCE COMPANY'S SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

I served the document on all parties in this matter by CM/ECF. The document was served by the following means:

☒ The document was served via CM/ECF (all parties are registered for CM/ECF):

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated: January 23, 2015

*/s/ Terri Groshong*
Terri Groshong