Dennis M. Cusack (State Bar No. 124988)
dcusack@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GENESIS INSURANCE COMPANY,

Plaintiff,

vs.

MAGMA DESIGN AUTOMATION, INC., and NATIONAL UNION FIRE INSURANCE COMPANY,

Defendants.

MAGMA DESIGN AUTOMATION, INC.,

Counter/Crossclaimant,

vs.

GENESIS INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY,

Counter/Cross Defendants,

Case No. C06 5526 EJD

**MAGMA DESIGN AUTOMATION, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATIONAL UNION FIRE INSURANCE COMPANY**

Date: February 12, 2015
Time: 9:00 a.m.
Courtroom: 8, 4th Floor

Honorable Edward J. Davila

**Accompanying Documents:**

Reply Separate Statement of Undisputed Material Facts

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. AS A MATTER OF LAW, THE SECURITIES ACTIONS WERE A CLAIM FIRST MADE IN MAGMA'S 04/06 POLICY YEAR. .......... 2

- A. The Ninth Circuit's Ruling In The First Appeal Governs .......... 2
- B. It Is Now Undisputed That ERII Received Only The Synopsys Complaint, The Same Information Genesis Received. .......... 3

III. NATIONAL UNION'S OPPOSITION RELIES ON A FALSE PREMISE .......... 4

IV. ERII HAD NO RIGHT IT COULD HAVE KNOWINGLY WAIVED IN NOVEMBER 2004. .......... 5

V. NATIONAL UNION STILL CAN POINT TO NO DETRIMENTAL RELIANCE TO SUPPORT AN ESTOPPEL DEFENSE. .......... 6

VI. NATIONAL UNION HAS REFUSED AGAIN TO CITE BINDING CALIFORNIA SUPREME COURT PRECEDENT TO THIS COURT ON THE KNOWN LOSS ISSUE. .......... 7

VII. CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Page**

### STATE COURT CASES

*Montrose Chemical Corp. v. Admiral Insurance Co.*,
10 Cal. 4th 645 (1995) .......... 7

### STATE STATUTORY AUTHORITIES

Cal. Ins. Code § 22 .......... 7

**I. INTRODUCTION**

The factual issue central to this Motion – as to which the Court ordered discovery – is now undisputed. ERII did not get the specific information called for by Section 15(c) as to the subsequent Securities Claims. National Union has identified not one bit of information received by ERII beyond the Synopsys Complaint. The Ninth Circuit has already ruled that the Synopsys Complaint does not satisfy Section 15(c) as to the Securities Actions. Therefore, ERII's 03/04 Policy does not apply. The 04/06 Policy applies and is exhausted.

National Union's entire argument relies on a fundamental misunderstanding of the "notice of circumstances" provision in ERII's Policy. The Policy says nothing about ERII "accepting" or not "accepting" a "notice of circumstances." Any notice is necessarily contingent on the subsequent claim asserted. Only then can the parties know if (1) that particular claim arises out of those circumstances as required by Section 15(b), and (2) if the insurer received the specific information of the claim asserted as required by Section 15(c). This was the precise issue argued and decided by the Ninth Circuit in the First Appeal: Did Genesis receive the specific notice required by Section 15(c) of the Policies as to the later filed Securities Actions? For this reason, all of National Union's arguments based on ERII's "acceptance" of the Synopsys Patent Infringement Complaint as a "notice of circumstances" are wrong according to the plain languge of the Policies.

Moreover, National Union agrees, as it must, that Magma and all of the insurers, including ERII, reserved their rights on the issue of the correct policy year once the Securities Actions were filed and tendered. It was only then that ERII was actually called upon to make a coverage decision. Those reservations were repeated in the initial pleadings in this litigation. National Union makes no effort to explain how it could have "relied" on ERII's initial position given ERII's reservation of rights, and National Union's ability and duty to read the Policies and investigate. And it has identified no *detriment* flowing from any alleged reliance.

Finally, National Union's argument based on the "known loss" rule remains legally and factually specious. We therefore urge the Court to grant Magma's motion. Magma also asks the court to allow discovery on Magma's remaining claim for bad faith.

## II. AS A MATTER OF LAW, THE SECURITIES ACTIONS WERE A CLAIM FIRST MADE IN MAGMA'S 04/06 POLICY YEAR.

### A. The Ninth Circuit's Ruling In The First Appeal Governs.

The undisputed facts require a finding that ERII did not receive a notice of circumstances sufficient to trigger coverage for the Securities Claims under its 03/04 policy. The facts as to ERII are in all material respects identical to those presented to the Ninth Circuit as to Genesis. The policy language is identical; they received the same information – the Synopsys Complaint. The Ninth Circuit held as a matter of law that the Synopsys Complaint did not provide the information called for by Section 15(c) that would give adequate notice of the subsequent Securities Actions. The result must be the same as to ERII.

The Ninth Circuit did not consider the information provided to Genesis in the abstract. Section 15(c) requires notice of the specific circumstances, wrongful acts, claimants, defendants and damages expected to be asserted in a subsequent claim. The Court of Appeal therefore addressed whether the information provided by the Synopsys Complaint gave the specific notice required by Section 15(c) *of the Securities Actions*:

> We do not agree that the notice of circumstances provided to Genesis triggered coverage *for the post-policy period claims*. The notice did not contain any of the specific information called for in Section 15(c) of the policy and falls short of the types of notice we have upheld as sufficiently specific under similar notice provisions.

National Union therefore misses the point when it says that the Ninth Circuit's ruling on the Second Appeal somehow governs this issue. The Ninth Circuit in fact remanded the case to determine whether or not the information given to ERII constituted a "notice of circumstances" of the Securities Actions. When the Ninth Circuit said that "ERII accepted Magma's notice as adequate," it was simply begging the question of whether ERII had received different information than had Genesis. That is why the Ninth Circuit remanded the case – at National Union's urging – to "determine whether ERII correctly treated the patent-infringement complaint as notice of circumstances that could give rise to a covered claim under its policy." That was the purpose of the discovery *requested by National Union* and ordered by this Court.

National Union agrees that the Securities Actions were first filed during the 04/06 policy

year. Moreover, a judicial determination has been made in this case – by the Ninth Circuit – that the Synopsys Complaint did not constitute a "notice of circumstances" of the Securities Actions because it did not comply with Section 15(c). Given the law of the case and the undisputed facts, that judicial determination necessarily applies to ERII as well. ERII is entitled – and obligated – to act on it. ERII did not receive a "notice of circumstances" of the Securities Actions that would move coverage into its 03/04 Policy. ERII's 04/06 Policy in place when the Securities Actions were first asserted, therefore, must respond.

### B. It Is Now Undisputed That ERII Received Only The Synopsys Complaint, The Same Information Genesis Received.

National Union agrees that in September 2004 Magma sent to ERII and Genesis a copy of the Synopsys Complaint. Magma and National Union agree that Mr. Jorgensen, Magma's broker, and Mr. Nace, ERII's representative, spoke at least once. Mr. Jorgensen apparently told Mr. Nace "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim." *But this statement does not contain any information called for by Section 15(c) of the Policies.* It says absolutely nothing about what such a "directors' and officers' liability claim" might be, much less about the Securities Actions that were later filed. We do not know if Mr. Jorgensen had in mind an amendment to the Synopsys Complaint, or if he was speculating (necessarily) about some other claim, whether it be a securities fraud action or something else entirely.

National Union suggests that Mr. Jorgensen and Mr. Nace may have had more than one conversation. But that does not matter. Neither Mr. Jorgensen nor Mr. Nace, nor any of their notes, nor any other document, reveals any *information* of any kind provided by Magma to ERII. The statement that Magma "wanted to be really careful," even if made by Mr. Jorgensen, does not contain information.

National Union does not even mention Section 15(c) anywhere in its Opposition Brief. It makes no attempt to point to any information provided by Magma to ERII that could satisfy its requirements. Therefore, on the factual issue at the heart of Magma's motion, no dispute of fact exists. ERII received no information called for by Section 15(c) beyond the Synopsys Complaint. ERII, therefore, received exactly the same information Genesis received.

ERII's "acceptance" of the Synopsys Complaint as a "notice of circumstances" is not information and is irrelevant to satisfying Section 15(c). ERII's decision was, at best, an acknowledgement that the Synopsys Complaint *might* contain enough information to satisfy Section 15(c) as to *some* later complaint. But, as we explain more fully below, ERII's "acceptance" is irrelevant under the terms of the notice provisions to the issue presented here.

## III. NATIONAL UNION'S OPPOSITION RELIES ON A FALSE PREMISE.

Throughout its brief, National Union assumes that ERII's decision in November 2004 to "accept" Magma's request that it treat the Synopsys Complaint as a "notice of circumstances" is at issue here. Whether ERII "accepted" the Synopsys Complaint as a "notice of circumstances" is irrelevant. No language in the policy makes Magma's rights arising from a "notice of circumstances" dependent on ERII "accepting" it or not "accepting" it. Under the plain terms of Sections 15(b) and (c), a notice of circumstances only becomes relevant, and can only be evaluated, in the context of a subsequent claim. National Union's expert, Joseph Monteleone acknowledges in his Declaration that the issue of whether there is any coverage for a later claim in light of the notice given cannot be determined until the subsequent suit is filed. (Amended Monteleone Decl., at ¶ 21.)[1]

Here, Magma shareholders alleged losses relating to purchases and sales of Magma stock, arising from a stock price drop occurring in 2005, as a result of public disclosures in 2005, well after Magma gave notice of the Synopsys Complaint, and after the expiration of the 03/04 Policies. Nothing in the notice Magma gave ERII contained information about the claimants or damages or key allegations *in the Securities Actions* (as opposed to some other possible claim).

No meaningful coverage determination could be made based upon the "notice of circumstances" until ERII, Genesis and National Union were called upon to respond to the Securities Actions in 2005. That is when the question of coverage under any of the insurers' policies for the Securities Actions first arose, whether under ERII's and Genesis's 03/04 Policies,

---

[1] Most of Mr. Monteleone's Declaration is taken up not with an opinion, but with repeating National Union's arguments. He adopts the same mistake as National Union – without himself separately considering the issue – that the Policy provides for "acceptance" of a notice of circumstances at the time it is given. It does not. We address the actual "opinion" provided by Mr. Monteleone below.

or under ERII's and National Union's 04/06 Policies. It was only at that time that anyone could have considered whether the Securities Actions arose out of the noticed circumstances (Section 15(b)) and whether the earlier notice met the specificity requirements of Section 15(c).[2] National Union does not dispute that ERII, Genesis and National Union all reserved their rights at that time on the issue of whether a "notice of circumstances" had been given *as to the Securities Actions*.

It is for this reason that National Union's entire Opposition legally and factually misses the point. ERII's "acceptance" of a "notice of circumstance" in 2004 was not, and could not possibly have been, a decision that claims not yet asserted should be covered by the 03/04 Policy. For the same reason, ERII could not have "waived" any right at that time, because no right to accept or deny coverage was ripe then. *See* Monteleone Decl. at ¶21.

## IV. ERII HAD NO RIGHT IT COULD HAVE KNOWINGLY WAIVED IN NOVEMBER 2004.

ERII's "acceptance" of the Synopsys Complaint as a "notice of circumstances" was not taking a position on any "rights" ERII had under its Policies. No rights of ERII or Magma under the Policies could ripen unless or until a subsequent claim was asserted that might implicate the notice given. ERII therefore could not have waived any rights then.

Neither ERII nor Magma knew, in November 2004, what claim if any might be asserted in the future against Magma. ERII could not know, therefore, whether the information it had received in 2004 would or would not satisfy Section 15(c) as to any subsequent claim. It was not called upon then to make a decision about whether some future unknown claim would or would not be covered under its 03/04 Policy. It did not and could not promise then to cover any and all claims asserted against Magma in the future under its 03/04 Policy. As even National Union points out, ERII in November 2004 reserved its rights to deny coverage as to any subsequent claim. It could, for example, have denied coverage for the Securities Actions under the 03/04

[2] Mr. Monteleone is therefore incorrect when he says in ¶7 and ¶24 of his Declaration that an insured can "lock in" coverage if the insurer "accepts" the notice of circumstance, and a subsequent claim is related to those circumstances. As noted above, "acceptance" is irrelevant. Moreover, he ignores Section 15(c), which requires not only "relatedness," but also that the notice have been specific enough to warn the insurer of the claim actually asserted. Surprisingly for a lawyer of Mr. Monteleone's experience in the insurance industry, he does not cite or discuss Section 15(c), the policy provision at issue in this case. National Union also failed to cite it anywhere.

Policy on the same grounds that Genesis did – that viewed in light of the allegations in the Securities Actions, the Synopsys Complaint did not contain the information required by Section 15(c). The right to accept or deny coverage once a claim was asserted later – on any grounds – was the only right at issue in 2004.

When ERII in 2005 addressed coverage for the Securities Actions, it said it would provide coverage under the 03/04 Policy, *but again under a reservation of rights*. National Union does not dispute that Magma, ERII, Genesis and National Union all knew right away that they had a disagreement over which policy year applied. ERII consistently asserted thereafter that it recognized the dispute among the parties and would abide by the outcome of this case.

## V. NATIONAL UNION STILL CAN POINT TO NO DETRIMENTAL RELIANCE TO SUPPORT AN ESTOPPEL DEFENSE.

Estoppel requires detrimental reliance. National Union says it denied coverage for the Securities Actions and refused to contribute to the settlement. It has held on to its money for six and one-half years, since Genesis funded the Securities Action settlement in 2008. In what possible way did *not* paying out money harm National Union? National Union offers no explanation, much less any fact.

Moreover, National Union has offered no *facts* even suggesting that it could have relied reasonably on anything ERII said. First and foremost, ERII reserved its rights when it decided to cover the Securities Actions under the 03/04 Policy. National Union offers no facts suggesting that anything ERII said prevented it from reading and understanding Section 15(c) of ERII's policy (as Genesis did), or asking ERII and Magma for more information on their communications in 2004, or telling ERII that it thought ERII was wrong, or agreeing to fund the settlement when it was asked.

The only opinion that Mr. Monteleone seems to actually offer is on this point: "In my opinion, such shifting of the loss at a late stage to the detriment of National Union, XL and perhaps others is not supported by any fair application of industry custom and practice." But neither he nor National Union ever offers any *fact* to support the idea that National Union may

have been harmed. His opinion is based entirely on speculation,[3] even though his client is the party in possesssion of any facts that could exist. Because his views of "industry custom and practice" are based on a flawed premise about the Policy (*see* discussion above at __), his opinion adds nothing to National Union's arguments.

## VI. NATIONAL UNION HAS REFUSED AGAIN TO CITE BINDING CALIFORNIA SUPREME COURT PRECEDENT TO THIS COURT ON THE KNOWN LOSS ISSUE.

National Union once again raises a spurious argument based on Cal. Ins. Code § 22, the "loss-in-progress" or "known loss" rule. This issue was raised for the first time in National Union's reply brief on its motion to dismiss filed in 2010. It repeated it again in its appellate brief on the Second Appeal. Both times National Union failed to cite the California Supreme Court decision that clarifies the limited scope of the rule in the context of liability policies, and rejected this very argument. *Montrose Chemical Corp. v. Admiral Insurance Co*., 10 Cal. 4th 645 (1995). National Union fails to cite it yet again.

The argument misunderstands the loss-in-progress rule. National Union contends that if Magma was aware that a future claim might arise out of the Synopsys Complaint at the time it applied for the National Union policy, coverage is barred. But that is simply not the law. *Montrose* addressed coverage for progressive environmental damage implicating four successive general liability policies issued by Admiral. Admiral argued that Montrose's knowledge prior to inception of the first of Admiral's policies -- of contamination, and in particular of a letter from the EPA designating Montrose a "potentially responsible party" for clean-up of the contamination – precluded coverage under Cal. Ins. Code § 22. The Court rejected the argument in terms that apply equally here:

> Admiral misses the point. The PRP notice is just what its name suggests -- notice that the EPA considered Montrose a "potentially" responsible party. While it may be true that an action to recover cleanup costs was inevitable as of that date, Montrose's liability in that action was not a certainty. There was still a contingency, and the fact that Montrose knew it was more probable than not that it would be sued (successfully or otherwise) is not

[3] He speculates especially as to XL, ERII, or reinsurers. Neither he nor National Union explain how National Union could assert an estoppel defense based on speculation about harm to others.

> enough to defeat the potential of coverage (and, consequently, the duty to defend).

*Id*. at 690 (emphasis added). The court went on to conclude that in the context of liability policies, as opposed to first-party policies, as long as there is uncertainty about the imposition of liability, the loss-in-progress rule does not apply. *Id*. at 692. This is true, the court said, even if the suit seeking to impose liability was "inevitable." *Id*. at 690.

Furthermore, National Union relies on a gross misstatement of the facts. At the time Magma applied for the National Union policy, the Securities Actions had not been filed. In fact, several events that served as predicates to those actions – alleged disclosures that the Synopsys Complaint might have merit, and a stock price drop – had not occurred. No loss had yet occurred, much less was known to Magma.

National Union nonetheless asserts that "Magma was aware of the potential that a "directors and officers liability claim" was **likely** to arise out of the *Synopsys* action." (Opp. at 20:23-24 (bold emphasis added).) Later, National Union says: "Magma did not apply for excess insurance from National Union until after it was aware of the **likelihood of, and/or expected**, that actions such as the *Crowell* and *Willis* lawsuits [*i.e*., the Securities Actions] were forthcoming and failed to disclose this knowledge to National Union." (Opp. at 22:6-8 (footnote omitted; bold emphasis added).)

But these statements are wholesale inventions. They appear to be deliberate re-fashionings of the one comment Mr. Jorgensen apparently made to Mr. Nace: "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim." Mr. Jorgensen said nothing about the likelihood or expectation of any claim, nor did he describe any specific claim, much less the claims later asserted in the Securities Actions. National Union has offered no *fact* to suggest Magma knew in the fall of 2004 that the Securities Actions would be filed in 2005 based on events in 2005.

This last point responds as well to National Union's shamelessly absurd assertion that Magma is to blame for not giving more information to Genesis in 2004. National Union has pointed to no fact (and we are almost ten years into this dispute now) suggesting how Magma

could have given Genesis or ERII in 2004 the specific information called for by Section 15(c) about the subsequently filed Securities Actions. National Union has never explained how Magma could have disclosed events that did not exist until 2005: public disclosures about developments in the Synopsys Action, a stock price drop, and allegedly injured shareholders.

## VII. CONCLUSION

For the reasons set forth above, Magma respectfully requests that the Court grant partial summary judgment against National Union, and enter an Order declaring that Magma's 04/06 D&O Policies apply to the Securities Actions, that the ERII 04/06 Policy is exhausted, that National Union has breached its contract with Magma, and that it is obligated to pay out its $5 million limits, plus interest, to Genesis on behalf of Magma.

Magma also requests that the Court lift the stay on discovery so that Magma can pursue discovery on its cross-claim for bad faith against National Union.

DATED: January 29, 2015 FARELLA BRAUN & MARTEL LLP

By: /s/ Dennis M. Cusack
Dennis M. Cusack

Attorneys for Defendant, Counterclaimant and Crossclaimant MAGMA DESIGN AUTOMATION, INC.