LOSS, JUDGE & WARD, LLP
LEWIS K. LOSS (admitted pro hac vice)
Two Lafayette Centre
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
Telephone: (202) 778-4060
Facsimile: (202) 778-4099
E-mail: lloss@ljwllp.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ROBERT J. STUMPF, JR., Cal. Bar No. 72851
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: rstumpf@sheppardmullin.com

Attorneys for Plaintiff and Counterclaim Defendant
Genesis Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Genesis Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Magma Design Automation, Inc., and National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Defendants. | Case No. 06-5526 EJD<br><br>**GENESIS INSURANCE COMPANY'S REPLY TO NATIONAL UNION'S RESPONSE TO GENESIS' MOVING SEPARATE STATEMENT IN SUPPORT OF MOTION OF GENESIS FOR PARTIAL SUMMARY JUDGMENT** |
| AND RELATED COUNTERCLAIMS, CROSSCLAIMS, AND THIRD-PARTY ACTIONS. | Date: February 12, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 4 |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| **Claim II**<br><br>**Equitable Subrogation Against National Union** | | | |
| 1. The 03/04 Policies do not provide coverage for the Class Action filed against Magma.[1] | Fact 1. Genesis issued the Genesis Insurance Policy to Magma for the policy period from December 15, 2003 to December 15, 2004.<br><br>Brent Olson Supplemental Decl. ("Olson Supp. Decl.") ¶ 2 and Ex. A (Genesis Policy). | Undisputed. | |
| | Fact 2. The Genesis Policy is excess to the primary ERII 03/04 Policy issued to Magma for the same policy period.<br><br>Olson Supp. Decl. ¶ 2, 3 and Exs. A (Genesis Policy) and B (ERII 03/04 Policy). | Undisputed. | |
| | Fact 3. The Genesis Policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 03/04 Policy. | Undisputed. | |

[1] Capitalized terms are defined in the Notice of Motion and Motion of Genesis Insurance Company for Partial Summary Judgment and its accompanying Memorandum of Points and Authorities in Support thereof. The terms "Class Action" and "Securities Action" are used herein interchangeably.

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Olson Supp. Decl. ¶ 2 and Ex. A (Genesis Policy) at 4. | | |
| | Fact 4. The ERII 03/04 Policy, and, by incorporation, the Genesis Policy, contains a notice of circumstances provision that sets forth what information must be provided in writing to constitute a sufficient notice of circumstances.<br><br>Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | Disputed that the policy <u>requires</u> that all information submitted by the insured be in writing. Further, section 15(c) of ERII policy, in addition to listing the type of information requested to be provided, addresses the insured's obligations as follows:<br><br>"The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, assistance, and cooperation as the Company may reasonably require."<br><br>Furthermore, after receiving the information provided by Magma (both in writing and through discussions with Magma's broker), ERII accepted the information as sufficient and/or adequate to constitute "notice of circumstances" under the 03/04 Policy. ERII did not request additional information and did not expect Magma to provide it | The ERII 03/04 Policy is the best evidence of its requirements. It states, in pertinent part:<br><br>"If during the **Policy Period** an **Insured** . . . becomes aware of circumstances which could give rise to a **Claim** and gives <u>written notice</u> of such circumstances to the Company . . . then any **Claim** subsequently arising from the circumstances . . . shall be deemed to have been first made during the **Policy Period** in which the <u>written notice</u> . . . was first given by an **Insured** to the Company . . . ."<br><br>The Policy further provides, in pertinent part:<br><br>"The **Insureds** shall . . . include <u>in any notice under Subsection [15(b)]</u> a description of the . . . circumstances . . . the nature of the alleged or potential damages, the names of all actual or potential claimants, the names of all actual or potential defendants, and |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | with any additional information.<br><br>Olson Supp. Decl., Ex. B at 4 and 25. PAD Decl, Ex A – Nace Depo at 62:9-64:20 | the manner in which such **Insured** first became aware of the . . . circumstances . . . ."<br><br>Sections 15(b) and 15(c) (emphasis added).<br><br>National Union's self-serving interpretation of the requirements of the 03/04 ERII Policy is at odds with the language of the policy. Section 15(c) of the policy specifies the information that "any notice under Subsection [15(b)]" "shall contain," and Section 15(b)(i) requires that such a notice must be in writing.<br><br>Olson Supp. Decl., Ex. B, Section 15.<br><br>Genesis does not dispute that ERII initially accepted Magma's purported notice of circumstances as adequate and did not request additional information from Magma.<br><br>However, National Union fails to acknowledge that ERII's initial acceptance of Magma's purported notice of circumstances was subject to a full reservation of rights, that |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | the Ninth Circuit has determined that the information provided to ERII was not sufficient to constitute a notice of circumstances to Genesis under the ERII policy, that ERII's initial acceptance of Magma's purported notice of circumstances was in error, and that ERII has acknowledged and corrected its error by reallocating coverage for the Securities Action from its 03/04 policy to its 04/06 policy.<br><br>DE 176-5; *see also* Facts 6–10 below. |
| | Fact 5. The ERII 03/04 Policy and Genesis Policy provide coverage only for (1) claims made during the 03/04 policy period or (2) claims made after the 03/04 policy period for which a sufficient notice of circumstances has been provided during the 03/04 policy period.<br><br>Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 13, 24. | Disputed. The ERII 03/04 Policy provides for extending coverage under the policy pursuant to an "Extended Reporting Period" at Section 12. Further, pursuant to Sections 13(g) of the policy (The Related Claims Provision):<br><br>"All Related Claims shall be treated as a single Claim first made on the date the earliest such Related Claim was first made, <u>*or*</u> on the date the earliest of such Related Claims is treated as having been made in accordance with | National Union's first statement is immaterial to the resolution of the issue before the Court. Among other reasons, there is no evidence that Magma elected to purchase the "Extended Reporting Period," and National Union does not contend that it did.<br><br>National Union's second statement also is immaterial. The Ninth Circuit already has held that the "Related Claims Provision" does not operate to extend coverage under the 03/04 ERII Policy to Claims first made after |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | Subsection 15(b) below, _regardless of whether such date is before or during the Policy Period_." (emphasis added)<br><br>Olson Supp. Decl., Ex. B at 22-24 and Dkt Nos. 100 at 4-5; 104 at 2-3, and 176-6. | the expiration of the Policy—i.e., the Securitas Action—as follows:<br><br>"We agree with Genesis that coverage did not extend to the post-policy period claims through the related claims provision. The related claims provision was not intended to provide coverage for post-policy period claims that related to an admittedly uncovered claim."<br><br>DE 139 at 5, ¶ 4. |
| | Fact 6. On September 28, 2004, Magma's insurance broker sent (1) cover letters and (2) a copy of the Synopsys Action complaint to both ERII and Genesis as a purported notice of circumstances.<br><br>Olson Supp. Decl. ¶¶ 4, 5 and Exs. C (cover letter and complaint to ERII) and D (cover letter and complaint to Genesis). | Undisputed insofar as Magma's broker sent letters to Genesis, ERII and XL asking that they acknowledge receipt of the claim to Magma's general counsel and specifically requesting that the insurers accept the information provided as "notice of claim and/or circumstances under the captioned policy." In addition, the letter attached a copy of the Synopsys complaint with exhibits thereto.<br><br>Dkt No. 254-5, 254-6 and PAD Decl., Ex B – Jorgensen Depo Exhibits 3, 4 and 5. | There appears to be no dispute that the referenced letters and enclosures were sent to ERII and Genesis. To the extent Genesis' and National Union's characterizations of those letters and enclosures differ, the letters and enclosures speak for themselves and are the best evidence of their contents. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Fact 7. The cover letters sent to Genesis and ERII are substantively identical.<br><br>*Id.* | Undisputed that the cover letters sent to Genesis, ERII and XL contained the same language.<br><br>PAD Decl., Ex B – Jorgensen Depo Exhibits 3, 4 and5. | |
| | Fact 8. The record contains no evidence that during the ERII 03/04 Policy's period Magma and its insurance broker provided any additional written information to ERII about the Synopsys Action beyond the (1) September 28, 2004 cover letter and (2) copy of the Synopsys Action complaint.<br><br>*Id.*; Olson Supp. Decl. ¶¶ 6, 7 and Exs. E (ERII production) and F (R. Nace Dep. Tr.) at 62:4-8. | Undisputed that no additional "written" information was provided by Magma to ERII. However, additional information was provided to ERII adjuster (Richard Nace) by Magma's broker (Rian Jorgensen). Mr. Nace believed that he may have had more than one discussion with Mr. Jorgensen regarding how the patent suit could develop into a potential claim.<br><br>Mr. Nace stated that Mr. Jorgensen had told him "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim."<br><br>Further, in his notes of the communication with Magma's broker, Mr. Nace indicated that they also discussed the fact that Magma "wanted to be really careful" in | National Union's response beyond the first sentence is immaterial to the resolution of the issue before the Court.<br><br>Section 15 of the 03/04 ERII Policy requires that information conveyed in conjunction with a notice of circumstances must be in writing. *See* Fact 4 and reply above.<br><br>Moreover, the additional information conveyed orally to Mr. Nace is insufficient to satisfy the requirements of Section 15 of the 03/04 ERII Policy. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | relation to the preservation of coverage for future claims.<br><br>As discussed above, section 15(c) of ERII policy requires that the insured give to the insurer such information, assistance, and cooperation as the insurer may reasonably require. After receiving the information provided by Magma (both in writing and through discussions with Magma's broker) ERII accepted the information as sufficient "notice of circumstances" under the policy. ERII did not request additional information and did not expect Magma to provide it with any additional information.<br><br>Olson Supp. Decl., Ex. B at 4 and 25. PAD Decl, Ex A – Nace Depo at 59:6-18, 62:9-64:20, 118:20-120:10 and Exhibit 10 to the deposition. | *See* Genesis' reply regarding Fact 4 above. |
| | Fact 9. Magma and its insurance broker did not provide to ERII during the ERII 03/04 Policy's period the specific written information required by that policy's notice of circumstances | Disputed.<br><br>See response to Fact 8 above. | In National Union's response to Fact 8 above, it does not dispute that "during the ERII 03/04 Policy's policy period Magma and its insurance broker [did not provide] any |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | provision.<br><br>Id.; Olson Supp. Decl. ¶ 3 and Ex. B (ERII 03/04 Policy) at 4 and 24. | | additional written information to ERII about the Synopsys Action beyond the (1) September 28, 2004 cover letter and (2) copy of the Synopsys Action complaint." Nor does National Union dispute that the written information Magma provided to ERII was identical to the written information Magma provided to Genesis, (*see* Facts 6–7 above), or that the Ninth Circuit has determined that this information did not constitute an adequate notice of circumstances to Genesis under the terms of the ERII 03/04 Policy (*see* Fact 10 below).<br><br>*See also* Genesis' reply regarding Fact 8 above. |
| | Fact 10. On July 12, 2010, the Ninth Circuit held that the purported notice of circumstances provided by Magma to Genesis did not constitute a valid notice of circumstances because it "did not contain any of the specific information called for" by the policy provision and fell "short of the types of notice we have held as sufficiently | Disputed that the Ninth Circuit characterized the notice of circumstances provided by Magma as "purported." In its July 12, 2010 Memorandum of Decision, the Ninth Circuit stated that it did "not agree that the notice of circumstances provided to Genesis triggered coverage for the post-policy period claims." Further, the Court stated that "the | National Union appears to take issue only with Genesis' use of the word "purported" in relation to the "notice of circumstances provided by Magma to Genesis." In any event, the Ninth Circuit's July 12, 2010 opinion speaks for itself and is the best evidence of its contents. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | specific under similar notice provisions."<br><br>*Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 F. App'x 728, 730 (9th Cir. 2010). | notice provided by Magma was not sufficiently specific."<br><br>(Emphasis added.)<br><br>Docket No. 139 at pg 3. | |
| 2. The National Union Policy provides coverage for the Class Action filed against Magma. | Fact 11. National Union issued the National Union Policy to Magma for the policy period from December 15, 2004 to March 30, 2006.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy). | Undisputed. | |
| | Fact 12. The National Union Policy is excess to the primary ERII 04/06 Policy issued to Magma for the same policy period.<br><br>Olson Supp. Decl. ¶ 9 and Ex. H (ERII 04/06 Policy). | Undisputed. | |
| | Fact 13. The National Union Policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 04/06 Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 5. | Undisputed. | |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Fact 14. Exhaustion of the ERII 04/06 Policy due to payment of covered loss is a precondition to coverage under the National Union Policy.<br><br>Olson Supp. Decl. ¶ 8 and Ex. G (National Union Policy) at 6. | Disputed. One element of determining coverage under the National Union Excess Policy is exhaustion of the underlying primary policy. However, to date, there has been no determination of coverage for the subject claims under the National Union Excess Policy and National Union reserved all exclusions, defenses and exceptions to coverage under its policy.<br><br>PAD Decl. ¶ 9, Exh. F and Dkt No. 279-5 at 41-45. | Although National Union labels this fact as "disputed," it does not actually dispute it.<br><br>As for National Union's additional statements, the question of "coverage for the subject claims under the National Union Excess Policy" is the question presently before the Court. Genesis does not dispute that the documents cited by National Union contain variations of the phrase "National Union reserves all rights," but this is immaterial to resolution of the issue presently before the Court. |
| | Fact 15. On June 13, 2005, the Class Action was filed against Magma and certain Magma directors and officers.<br><br>Olson Supp. Decl. ¶ 10 and Ex. I (Class Action complaint). | Undisputed. | |
| | Fact 16. Absent a sufficient notice of circumstances provided during a prior policy period, the Class Action constitutes a Claim made during the policy period of the ERII 04/06 Policy and National Union | Objection – Argument not fact or evidence. Disputed – see response to Fact 5, above.<br><br>Further, Mr. Nace (a former insurance coverage attorney and experienced adjuster) | National Union's objection should be overruled. This is a statement of fact based on the express language of the 03/04 and 04/06 ERII Policies.<br><br>*See also* Genesis' replies |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Policy.<br><br>*Id.*; Olson Supp. Decl. ¶ 9 and Ex. H (ERII 04/06 Policy) at 19. | analyzed the Synopsys complaint, the policy (including § 15(b)), and the information provided by Magma and believes he discussed his determination with others at ERII, prior to accepting notice of circumstances under the policy and based his decision on his prior experience in handling these types of policies and similar requests.<br><br>Finally, the Ninth Circuit has specifically held that ERII determined that the notice it received was adequate.<br><br>PAD Decl ¶ 4, Exh. A – Deposition of Richard Nace, at 11:1-14:23, 16:17 -17:12, 61:9-15, 118:20-120:10 and Exhibit 10 to the deposition, and Dkt No. 208. | regarding Facts 4 and 5 above.<br><br>Genesis acknowledges that the Ninth Circuit's February 5, 2012 decision contains the following: "ERII . . . accepted Magma's notice as adequate." However, the Ninth Circuit remanded the case to the District Court with the specific instruction that "it must . . . determine whether ERII correctly treated the patent-infringement complaint as notice of circumstances that could give rise to a covered claim under its policy." Thus, the Ninth Circuit has expressly not addressed whether ERII's "accept[ance] of Magma's notice as adequate" was correct.<br><br>DE 208 at 4, ¶ 3. |
| | Fact 17. National Union refused to provide coverage for the Class Action on the grounds that coverage was purportedly provided by the Genesis Policy and not the National Union Policy.<br><br>Glenn Friedman Decl. ¶ 18 (Docket Entry | Disputed. ERII, the primary insurer for Magma under both the 03/04 and 04/06 policy periods, accepted notice of circumstances under the 03/04 policy related to the Synopsys Action and placed coverage for the Class Action under its 03/04 Policy because it determined that the | Although it labels this fact as "disputed," National Union does not actually dispute that it has refused to provide coverage for the Securities Action.<br><br>As for National Union's additional statements, the basis for National Union's refusal to |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | ("DE") 88) and DE 88-19 (National Union coverage letter). | Class Action constituted a related claim. Accordingly, as the underlying primary insurer, ERII had placed coverage for the Class Action in the 03/04 policy period, there was no basis for coverage under the 04/06 National Union excess policy. Further, National Union specifically reserved all rights, defenses and exclusions under its policy.<br><br>Dkt No. 100 at 4-5, 104 at 2-3, 176-6 and 279-5 at 41-45. | provide coverage is immaterial to resolution of the issue presently before the Court.<br><br>*See also* Genesis' reply regarding Fact 14 above with respect to National Union's statement that it "reserved all rights, defenses and exclusions under its policy." |
| | Fact 18. The applicable limits of both the ERII 03/04 Policy and the ERII 04/06 Policy are each $10 million.<br><br>Olson Supp. Decl. ¶¶ 3, 9 and Ex. B (ERII 03/04 Policy) at 11, Ex. H (ERII 04/06 Policy) at 17. | Undisputed that the ERII 03/04 and 04/06 contain the same $10 million policy limits. | |
| | Fact 19. ERII paid covered loss totaling $10 million in connection with the Class Action and related litigation against Magma.<br><br>Richard Nace Decl. ¶ 9 (DE 254-13). | Undisputed that ERII paid $10 million in defense costs and settlement monies under its 03/04 policy period in connection with the resolution of the Securities Actions. | While ERII may have originally allocated its payment to the 03/04 ERII Policy, it has since reallocated that payment to the 04/06 ERII Policy.<br><br>Richard Nace Decl., ¶ 10 (DE 254-13). |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Fact 20. ERII has allocated its $10 million in payments to the ERII 04/06 Policy.<br><br>*Id.* at ¶ 10. | Disputed. National Union acknowledges that Mr. Nace has submitted a declaration stating that ERII, based on its own analysis of the rulings in this matter, decided to shift its payments to the 04/06 policy period. However, NU asserts that ERII is precluded from doing so based on the doctrines of waiver and estoppel.<br><br>Docket Nos. 100, 104, 208 at pg 3, 245 at 23-26 and 264. | While National Union labels this fact as "disputed," it does not actually dispute that ERII has allocated its payments to the 04/06 ERII Policy.<br><br>As for National Union's further statement, this is argument and not a statement of fact. |
| | Fact 21. The ERII 04/06 Policy has been exhausted through the payment of $10 million in covered loss.<br><br>*Id.* | Disputed – See response to Fact 20, above. | *See* Genesis' reply regarding Fact 20 above. |
| | | Additional Fact: ERII stated that should there be a judicial determination that the Securities Actions are properly deemed first made under the 04/06 policy period then ERII would adjust its records to reflect that payments were made under the ERII 04/06 Policy.<br><br>Docket Nos. 100 and 104 | Disputed insofar as DE 100 cited by National Union speaks for itself and is the best evidence of its contents.<br><br>Further, National Union does not dispute that: (1) the Ninth Circuit has determined that the written information Magma provided to Genesis was inadequate to constitute a notice of circumstances under the terms of the 03/04 ERII Policy (*see* Fact 10 |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | above); and (2) the written information Magma provided to Genesis was identical to the written information Magma provided to ERII (*see* Facts 6–9 above). Implicit in the Ninth Circuit's July 12, 2010 decision, therefore, is that the information Magma provided to Genesis and ERII also was not sufficient to constitute a notice of circumstances to ERII under the terms of the 03/04 ERII Policy.<br><br>Moreover, ERII never has said, and there is no evidence, that a judicial determination of the type described by National Union was the only circumstance in which it would allocate its payments to the 04/06 ERII Policy.<br><br>(DE 104 does not support this statement of additional fact.) |
| | | Additional Fact: ERII specifically advised The Ninth Circuit adopted ERII's position in stating that ERII's "'adjustment of its records' … was explicitly contingent on a judicial determination that its decision [regarding treatment of | Disputed insofar as National Union inaccurately quotes DE 208. DE 208 speaks for itself and is the best evidence of its contents. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | the Securities Actions] was incorrect" … and The Ninth Circuit has specifically stated that "[t]here has been no such determination." (emphasis added)<br><br>Docket No. 208 at pg 3. | |
| 3. Genesis is entitled to equitable subrogation against National Union | Fact 22. Genesis advanced its full $5 million in policy limits toward the settlement of the Class Action, subject to a full reservation of rights.<br><br>Dec. 20, 2010 Order (DE 186) at 6-7. | Disputed as to whether or not Genesis' payment of its policy limits was subject to a reservation of rights.<br><br>Dkt No. 171 at 7:25-12:27, and 168-2 at 115-126. | National Union does not dispute that "Genesis advanced its full $5 million in policy limits toward the settlement of the Class Action." Nor does National Union actually dispute that Genesis' advancement was "subject to a full reservation of rights." Rather, National Union simply asserts that there is some question regarding the latter. There is not. This Court (Judge Ware) has determined that "Genesis made an express reservation of rights to seek reimbursement directly from Magma." (DE 186 at 7). This finding was not disturbed by the Ninth Circuit in its February 5, 2010 decision. (DE 208).<br><br>In any event, however, whether Genesis' payment was subject to a reservation of rights is immaterial to the |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | resolution of the issue presently before the Court. |
| | Fact 23. At the time Genesis made its payment, there was no judicial determination whether Genesis's or National Union's excess policy provided coverage for the Class Action.<br><br>*Id.* at 14. | National Union does not dispute that at the time of the settlement of the Securities Actions, there had yet to be a judicial determination as to coverage for the Securities Actions, as Magma had requested (and obtained) a stay of the coverage litigation pending resolution of the Securities Actions. To date, there has been no judicial determination that ERII's decision to place the Securities Actions under its 03/04 policy was incorrect.<br><br>Docket No. 48, 208 at pg 3. | National Union does not dispute this fact.<br><br>As to National Union's additional statements, Genesis does not dispute that "Magma had requested (and obtained) a stay of the coverage litigation pending resolution of the Securities Actions," but this is immaterial to the resolution of the issue presently before the Court.<br><br>Further, while Genesis does not dispute that there has been no express determination that "ERII's decision to place the Securities Actions under its 03/04 policy was incorrect," this is implicit in the Ninth Circuit's July 12, 2010 decision in light of the court's determination that the written information provided by Magma to Genesis was inadequate to constitute a notice of circumstances under Section 15 of the 03/04 ERII Policy, and the written information provided by Magma to ERII was identical to the |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | information provided to Genesis.<br><br>*See* Facts 6–10 above. |
| | Fact 24. Genesis made the $5 million payment, *inter alia*, to avoid a later potential finding of bad faith denial of insurance benefits.<br><br>*Id.* | Objection – Argument, not fact or evidence. National Union is not in a position to respond to the reasoning behind why Genesis paid its policy limits toward the settlement. However, both other insurers on the 03/04 policy year – ERII (the primary) and XL (the second layer excess) - had accepted notice of circumstances under the 03/04 policy and placed coverage for the Securities Actions under their 03/04 policies and had agreed to contribute the limits of those policies toward settlement in order to satisfy coverage obligations imposed on them under their respective policies with Magma.<br><br>Dkt No. 176-1, 176-5 and 176-6. | National Union's objection should be overruled. While National Union may not be able to assess the validity of this statement, it is, nonetheless, a statement of fact.<br><br>The remainder of National Union's response is immaterial to resolution of the issue presently before the Court.<br><br>*See also* Genesis' reply regarding Fact 19 above.<br><br>Moreover, DE 176-1, cited by National Union, does not support its statement concerning "both other insurers." In fact, that letter, sent on behalf of XL, expressly acknowledges as an open issue whether the 03/04 or 04/06 ERII Policy applies to the Securities Action, stating:<br><br>"[D]epending on which policy is ultimately determined to be applicable to these matters, the securities |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | fraud class action plaintiffs' . . . demand would be in excess of the remaining policy limits under the primary and excess policies."<br><br>and<br><br>"We shall continue to proceed pursuant to a full reservation of rights, remedies and defenses under each of the 2003-04 Policy and the 2004-06 Policy and applicable law." |
| | Fact 25. The Ninth Circuit has ruled that Genesis did not owe coverage under the Genesis Policy for the settlement of the Class Action and was not liable for the $5 million it paid toward the settlement of the Class Action.<br><br>*Genesis Ins. Co.*, 386 F. App'x at 730. | Dispute the characterization of the Ninth Circuit's July 12, 2010 ruling in which the Ninth Circuit reversed the underlying ruling related to the "notice of circumstances" issue as to Genesis. The Court made no statement regarding the $5 million paid by Genesis in settlement as Magma's claims regarding Genesis' lack of entitlement to reimbursement had yet to be adjudicated nor had there been any determination as to coverage under the National Union Excess Policy.<br><br>Dkt Nos. 112 and 139. | National Union's response is disingenuous at best. While the Ninth Circuit's July 12, 2010 opinion might not have expressly stated that Genesis was not liable for the $5 million it paid toward the settlement of the Securities Action, that is the clear import of the court's decision, and no one, including National Union, has contended following that decision that Genesis owed coverage for the $5 million it contributed the settlement of the Securities Action.<br><br>Moreover, the dispute between Magma and Genesis as to whether Genesis would be entitled to recoup its |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | | settlement payment from Magma if it is unable to recoup it from National Union is immaterial to the resolution of the issue presently before the Court. |
| | Fact 26. National Union refused to offer any sum toward the settlement of the Class Action.<br><br>Olson Supp. Decl. ¶ 11 and Ex. J (November 20, 2007 Letter) at 2. | Disputed. NU advised Magma that it was not contributing to the settlement because ERII had determined that coverage for the Securities Actions fell under its 03/04 policy based on its prior acceptance of NOC and the related nature of the claims. As such, the limits underlying the NU policy had not been exhausted.<br><br>Dkt Nos. 176 at 3:3-18 and 279-5 at 41-45. | Although National Union labels this fact as "disputed," it does not actually dispute that it refused to offer any sum toward the settlement of the Securities Action.<br><br>As for National Union's further statements, *see* Genesis' reply regarding Fact 17 above. |
| 4. Genesis is entitled to prejudgment interest running from July 21, 2008 against National Union | Fact 27. On July 21, 2008, Genesis paid its full $5 million policy limits toward the settlement of the Class Action.<br><br>Dec. 20, 2010 Order (DE 186) at 6. | Undisputed. | |
| **Waiver and Estoppel** | | | |
| 1. Neither waiver nor estoppel bar ERII from (1) determining | Fact 28. ERII's Aug. 23, 2005 letter to Magma about the Class Action contained an express reservation of ERII's | Disputed. As indicated in its various correspondence to Magma, in particular in its correspondence | ERII's August 23, 2005 letter speaks for itself and is the best evidence of its content. National Union's interpretation of |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| that the purported notice of circumstances it received from Magma was insufficient, (2) determining that the Class Action was a claim made during the 04/06 policy period, (3) allocating its $10 million total in payments to the ERII 04/06 Policy, and (4) asserting that ERII 04/06 Policy is exhausted. | rights.<br><br>Olson Supp. Decl. ¶ 12 and Ex. K (August 23, 2005 Coverage Letter) at 7. | accepting the notice of circumstances as well as in its Aug. 23, 2005 letter, ERII solely stated that it was reserving rights as to its coverage determination and did not, in any respect, reserve the right to subsequently (after the expiration of the policy) reverse its determination as to the NOC. To do so would make nonsense of its acceptance.<br><br>Dkt Nos. 176-5 at 2, 176-6 at 6 and Declaration of Joseph Monteleone at 5:3-10 and 7:9-8:2. | the import of the language included in ERII's letter is argument, not a statement of fact. |
| | Fact 29. On December 5, 2006, ERII sought a declaratory judgment that the Class Action was a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16. | Undisputed. | |
| | Fact 30. In 2008, ERII stated that it did not take a position on whether | Undisputed that, in its "Statement of Position" filed with the Court, | "[T]he basis for [ERII's] placement of coverage in the 03/04 policy period" |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | the 03/04 policy period or 04/06 policy period applied to the Class Action.<br><br>ERII Statement of Non-Opposition (DE 100) at 4. | ERII stated that it did "not take a position with respect to"…"whether the 03/04 Policy Period or 04/06 Policy Period properly applies to the" Securities Actions. However, ERII then proceeds to set forth the basis for its placement of coverage in the 03/04 policy period. Further, the Declaration of Richard Nace in support of Magma's MSJ again sets forth ERII's analysis of the issues and why its placement of the matter in the 03/04 policy period was proper.<br><br>Dkt Nos. 100 and 104. | is immaterial to the resolution of the issue presently before the Court. |
| | Fact 31. In 2008, ERII expressed its willingness to allocate its $10 million in payments to the ERII 04/06 Policy.<br><br>*Id.* at 6. | Undisputed that ERII has stated that should there be a judicial determination that the Securities Actions are properly deemed first made under the 04/06 policy period then ERII would adjust its records to reflect that payments were made under the ERII 04/06 Policy.<br><br>Further, ERII specifically advised the Court and the Ninth Circuit adopted ERII's position in stating that ERII's "'adjustment of its records' … was explicitly contingent on | DE 100, 104, and 108 speak for themselves and are the best evidence of their contents.<br><br>*See also* Genesis' response to National Union's "Additional Facts" above. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | | a judicial determination that its decision [regarding treatment of the Securities Actions] was incorrect" … and the Ninth Circuit has specifically stated that "[t]here has been no such determination." (emphasis added)<br><br>Dkt Nos. 100, 104 and 208 at pg 3. | |
| | Fact 32. Since at least December 2006, ERII has consistently taken the position that the Class Action could be a claim first made under either the 03/04 policy period or the 04/06 policy period, but not both policy periods.<br><br>ERII Answer and Counterclaim (DE 26) at 16; ERII Statement of Non-Opposition (DE 100) at 4. | Disputed. Since its August 23, 2005 correspondence, ERII's stated position has been that the Class Action claims related to the Synopsys claims which ERII accepted as notice of circumstances of potential future claims and, accordingly, that coverage for the Securities Claims was appropriately placed in the 03/04 policy period.<br><br>Dkt Nos. 100, 104, 176-5,176-6 & 208 at pg 3. | The documents cited by Genesis and National Union speak for themselves and are the best evidence of their contents.<br><br>The documents cited by National Union do not support its response to Fact 32. |
| | Fact 33. At the time of the Class Action settlement discussions, it was the understanding of all parties involved that the instant insurance coverage action involved the single question of whether the Class Action was covered under the 03/04 policy period or | Disputed. National Union was not privy to or understood the basis for or assumptions under which the other parties or their counsel negotiated the settlement with the plaintiffs in the Securities Actions. To the extent Genesis and/or Magma did so | Although National Union labels this fact as "disputed," it does not actually dispute it. Rather, National Union merely states, in effect, that it does not have sufficient information on which to form a belief as to the accuracy of this |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | the 04/06 policy period.<br><br>Jeremy Simon Decl. ¶ 3 (DE 99) and Dennis Cusack Decl. ¶ 19 (DE 279) and Hearing Tr. At 54:24-55:4 and 64:17-65:5 (DE 279-6 at 48-53). | under a belief that National Union had agreed that its layer of coverage was available – such a belief is not supported by the evidence. National Union's counsel's uncontroverted declaration in this action demonstrates that he advised Magma's counsel prior to the settlement that National Union did not agree with this view of the case.<br><br>Docket No. 176 at 3:3-18. | statement of fact.<br><br>As for the declaration of National Union's counsel that it cites, the declaration does not describe any specific communication between National Union and Magma, or their respective counsel. Nor does it contradict the evidence cited by Genesis. If anything, it goes to the question of whether the parties' understanding as described by Genesis was reasonable. This is immaterial to the resolution of the issue presently before the Court.<br><br>Further, National Union does not dispute that at the hearing Genesis cites, the Court twice stated its assumption that coverage would be provided under one policy or the other and asked to hear from any party that took the position that that was not the case. Nor does National Union dispute that it did not tell the Court that its assumption was incorrect. |

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/ Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | Fact 34. Genesis's decision to contribute its policy limits towards the settlement of the Class Action, subject to a reservation of rights, was influenced by its belief that no party was asserting the possibility that excess coverage would be unavailable under the National Union Policy if it were established the Class Action was a claim first made in the 04/06 policy period.<br><br>*Id.* | Disputed. As stated above, National Union was not privy to or advised as to the reasoning and/or analysis of Genesis or its counsel as to their understandings of the parties positions related to settlement. However, National Union's counsel's declaration in this action demonstrates that he advised Magma's counsel prior to the settlement that National Union may have defenses that would preclude coverage under the National Union Excess Policy. National Union denied coverage from the outset and reserved all defenses to coverage. Accordingly, there was no basis for Genesis to presume there would be coverage under the National Union Policy.<br><br>Dkt No. 25, 176 at 3:3-18, and 279-5 at 41-45. | Although National Union labels this fact as "disputed," it does not actually dispute it. Rather, National Union merely states, in effect, that it does not have sufficient information on which to form a belief as to the accuracy of this statement of fact.<br><br>Moreover, what National Union's counsel may or may not have told Magma's counsel, as opposed to Genesis or its counsel, does not contradict this statement of fact.<br><br>*See also* Genesis' reply regarding Fact 33 above. |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: January 30, 2015

By: /s/ Robert J. Stumpf, Jr.

Robert J. Stumpf, Jr. (Cal. Bar No. 72851)
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-mail: RStumpf@sheppardmullin.com

AND

Lewis K. Loss
(Admitted Pro Hac Vice)
LOSS, JUDGE & WARD, LLP
Two Lafayette Centre
1133 21st Street, N.W.
Suite 450
Washington, D.C. 20036
Telephone: (202) 778-4060
Facsimile: (202) 778-4099
E-mail: lloss@ljwllp.com

*Attorneys for Plaintiff and Counterclaim Defendant Genesis Insurance Company*