1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                        SAN JOSE DIVISION

7

8    GENESIS INSURANCE COMPANY,              Case No. 5:06-CV-05526-EJD

             Plaintiff,
9
                                            **ORDER GRANTING GENESIS'S**
10       v.                                 **MOTION FOR PARTIAL SUMMARY**
                                            **JUDGMENT; GRANTING IN PART**
11   MAGMA DESIGN AUTOMATION, INC.          **AND DENYING IN PART MAGMA'S**
     and NATIONAL UNION FIRE                **MOTION FOR PARTIAL SUMMARY**
12   INSURANCE COMPANY OF                    **JUDGMENT**
     PITTSBURGH, PA,
13                                           Re: Dkt. Nos. 278, 281
             Defendants.
14
     _____
15
     AND RELATED COUNTERCLAIMS,
16   CROSSCLAIMS, AND THIRD-PARTY
     ACTIONS.
17
     _____

18       Plaintiff Genesis Insurance Company ("Genesis") filed this insurance coverage action

19   against Defendants Magma Design Automation, Inc. ("Magma") and National Union Fire

20   Insurance Company of Pittsburgh, PA ("National Union") asserting claims for declaratory relief

21   and breach of contract.  Presently before the Court are two matters: (1) Genesis's Motion for

22   Partial Summary Judgment, and (2) Magma's Motion for Partial Summary Judgment as to

23   National Union.  See Dkt. Nos. 278, 281.  Oral argument on these matters was held on February

24   12, 2015.  See Dkt. No. 301.  Having fully reviewed the parties' papers and considered the parties'

25   arguments, the Court GRANTS Genesis's Motion for Partial Summary Judgment, and GRANTS

26   IN PART AND DENIES IN PART Magma's Motion for Partial Summary Judgment.

27   Case No. 5:06-CV-05526-EJD
     ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
28   GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
     SUMMARY JUDGMENT

*United States District Court*
*Northern District of California*

# I.  BACKGROUND

## A.  Factual Background

### 1.  <u>Magma's Insurance Policies</u>

Magma obtained a $10 million directors and officers ("D&O") liability insurance policy from Executive Risk Indemnity, Inc. ("ERII") for the period of December 15, 2003 to December 15, 2004 ("ERII 2003-04 Policy").  <u>See</u> Dkt. No. 279, Declaration of Dennis M. Cusack ("Cusack Decl."), Exh. B.  Magma also obtained a first-layer excess D&O liability insurance policy from Genesis for the same policy period ("Genesis 2003-04 Policy") (collectively, the "2003-04 Policy").  <u>See id.</u> Exh. A.  The Genesis policy is a "follow form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 2003-04 Policy, and had a policy limit of $5 million.

After the expiration of the 2003-04 Policy, Magma renewed its $10 million D&O liability insurance policy with ERII for the period of December 15, 2004 to March 30, 2006 ("ERII 2004-06 Policy").  <u>See id.</u> Exh. C.  Magma did not renew its first-layer excess D&O liability insurance policy with Genesis, but it obtained a first-layer excess insurance policy from National Union for the 2004-06 period ("National Union 2004-06 Policy") (collectively, the "2004-06 Policy").  <u>See id.</u> Exh. D.  The National Union policy was a "follow form" policy, and had a policy limit of $5 million.

The 2003-04 Policy and the 2004-06 Policy each contained a "notice of circumstances" provision.  If during the policy period Magma became aware of circumstances which could give rise to a claim and provided the insurer a written notice of such circumstances, then any claim subsequently arising from the circumstances would be deemed to have been first made during the policy period.

### 2.  <u>Underlying Litigation</u>

In September 2004, Synopsys, Inc. filed an action against Magma alleging patent infringement: <u>Synopsys, Inc. v. Magma Design Automation</u>, No. 3:04-cv-03923-MMC (N.D.

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1   Cal.) (the "<u>Synopsys</u> action").  Since the <u>Synopsys</u> action was filed during the 2003-04 policy

2   period, Magma notified ERII and Genesis of the action.  Magma's insurance broker, ABD

3   Insurance and Finances Services ("ABD"), sent a cover letter and a copy of the <u>Synopsys</u>

4   complaint to both ERII and Genesis to serve as a notice of circumstances pursuant to the 2003-04

5   Policy should a future D&O claim arise out of the <u>Synopsys</u> action.  <u>See</u> Cusack Decl., Exhs. F;

6   G; H, Declaration of Richard Nace at ¶ 5; L.  Both ERII and Genesis declined coverage.  <u>See</u> <u>id.</u>,

7   Exh. H, Declaration of Richard Nace at ¶ 6.

8       In November 2004, Rian Jorgensen of ABD called Richard Nace of ERII to request that

9   ERII accept the <u>Synopsys</u> complaint as a notice of circumstances because, in the past, a patent

10   lawsuit against Magma had become a D&O liability claim.  ERII subsequently issued a letter to

11   Magma agreeing to treat the <u>Synopsys</u> complaint as a notice of circumstances, thus any future

12   D&O claim arising out of the <u>Synopsys</u> action would be covered under the ERII 2003-04 Policy.

13   <u>See</u> <u>id.</u> at ¶¶ 6-7; Exh. K.  Genesis also acknowledged the <u>Synopsys</u> complaint as a notice of

14   circumstances under the Genesis 2003-04 Policy.  For the duration of the 2003-04 policy period,

15   Magma did not provide further information to ERII regarding the <u>Synopsys</u> action or any potential

16   claim that could arise.

17       In June 2005, nearly six months after the expiration of the 2003-04 Policy, Magma

18   shareholders filed a securities class action against Magma, <u>In re Magma Design Automation, Inc.</u>

19   <u>Securities Litigation</u>, No. 3:05-cv-02394-CRB (N.D. Cal.), and in July 2005, Magma shareholders

20   filed a shareholder derivative action against Magma, <u>Willis v. Madhavan et al.</u>, No. 105CV045834

21   (Cal. Super. Ct., Santa Clara County) (collectively, the "securities actions").  <u>See</u> Cusack Decl.,

22   Exhs. H, Declaration of Richard Nace at ¶ 4; M.  While these actions were filed during the 2004-

23   06 policy period, ERII concluded that the earlier <u>Synopsys</u> action constituted a notice of

24   circumstances as to these securities actions.  <u>See</u> <u>id.</u> at ¶¶ 8-9.  Thus, ERII invoked coverage under

25   its 2003-04 Policy.  Genesis, however, disagreed with ERII's treatment of the <u>Synopsys</u> action as

26   a notice of circumstances for the securities actions, and thus denied coverage under its 2003-04

27   Case No. 5:06-CV-05526-EJD

28   ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

United States District Court
Northern District of California

1   Policy.  See id., Exh. O at 2-3.  National Union sided with ERII, and thus denied coverage under

2   its 2004-06 Policy.  See id., Exh. N at 4.

3   **B.   Procedural History**

4   **1.   Filing of the Instant Action**

5   In September 2006, Genesis commenced the instant action.  It filed a complaint for

6   declaratory relief against Magma, seeking a declaration that the securities actions did not invoke

7   the Genesis 2003-04 Policy, and thus Genesis owed no coverage.

8   In October 2006, Magma filed an answer and counterclaim seeking a determination as to

9   whether the Genesis 2003-04 Policy or the National Union 2004-06 Policy applied to the

10   securities actions.  Magma also filed a third-party complaint against National Union seeking the

11   same determination, and against ERII seeking a declaration as to whether the ERII 2003-04 Policy

12   or the ERII 2004-06 Policy applied.

13   In December 2006, ERII answered and counterclaimed for declaratory relief seeking a

14   declaration that the securities actions were covered by either the ERII 2003-04 Policy or the ERII

15   2004-06 Policy, but not both.

16   **2.   Settlement of the Securities Actions**

17   In November 2007, Magma reached a settlement agreement in the securities actions.  See

18   id., Exh. S, Declaration of Clayton Parker at ¶ 2.  ERII paid $10 million of its policy limit towards

19   the settlement, and recorded it as coverage under the 2003-04 Policy.  See id., Exhs. Q, R.

20   Genesis paid $5 million of its policy limit towards the settlement even though, at that time, there

21   was no judicial determination that its policy applied.  National Union did not contribute to the

22   settlement.

23   **3.   First Motions for Summary Judgment and First Appeal**

24   In July 2008, District Judge James Ware (to whom the present case was then assigned)

25   granted partial summary judgment for National Union, holding that the Synopsys action

26   constituted a notice of circumstances that triggered the 2003-04 Policy.  See Dkt. No. 112.  Thus,

27

28

United States District Court
Northern District of California

4

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

1  Genesis would be liable for providing the first-layer excess coverage of the securities actions.

2      In July 2010, the Ninth Circuit reversed the district court's decision.  It concluded that the

3  notice Magma provided to Genesis was inadequate to satisfy the notice of circumstances

4  provision, and thus the Genesis 2003-04 Policy was not triggered.  Genesis Ins. Co. v. Magma

5  Design Automation, Inc. ("Genesis I"), 386 Fed. Appx. 728, 730 (9th Cir. 2010).  The case was

6  then remanded.  Id. at 731.

7      **4.   Second Motions for Summary Judgment and Second Appeal**

8      On remand, Genesis filed an amended complaint seeking to recover the $5 million it paid

9  towards the settlement of the securities actions under alternative theories of restitution against

10  Magma and equitable subrogation against National Union.  In response, Magma filed an amended

11  counterclaim and crossclaim asserting claims for: (1) declaratory relief against Genesis, (2)

12  declaratory relief against National Union, (3) breach of contract against National Union, and (4)

13  breach of the implied covenant of good faith and fair dealing against National Union.

14      In December 2010, Judge Ware granted partial summary judgment for Genesis, holding

15  that National Union was at risk for coverage because the Ninth Circuit already ruled that Genesis

16  was not.  See Dkt. No. 186.  Judge Ware held that Genesis was entitled to recover its payment of

17  $5 million from National Union under an equitable subrogation theory.

18      In February 2013, the Ninth Circuit again reversed the district court's decision.  Genesis

19  Ins. Co. v. Magma Design Automation, Inc. ("Genesis II"), 506 Fed. Appx. 679, 680 (9th Cir.

20  2013).  The Ninth Circuit stated that ERII invoked its 2003-04 Policy, thus its 2004-06 Policy has

21  not been exhausted.  Id.  Since the ERII 2004-06 Policy has not been exhausted, then the excess

22  coverage under the National Union 2004-06 Policy could not be invoked.  Id.  In order for ERII to

23  adjust its records to reflect exhaustion of the ERII 2004-06 Policy, there must be a judicial

24  determination that ERII's previous decision to invoke the 2003-04 Policy was incorrect.  Id.  Due

25  to the absence of such judicial determination, the Ninth Circuit remanded the case.  Id.  This action

26  was re-assigned to the undersigned judge.

27

28  Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

United States District Court
Northern District of California

### 5. **Recent Developments**

In July 2013, National Union filed motions to dismiss this action.  See Dkt. Nos. 233, 237. In December 2013, this Court granted National Union's motions to dismiss on the grounds that neither Genesis's amended complaint nor Magma's amended counterclaim and crossclaim alleged exhaustion of the ERII 2004-06 Policy.  See Dkt. No. 253 at 7.  This Court permitted amendment of the pleadings to reflect ERII's adjustment of its records.  Id. at 8.  Moreover, this Court allowed the parties to engage in limited discovery addressing the issue of whether there was a material difference between the Synopsys notice of circumstances sent to Genesis, which the Ninth Circuit found to be inadequate, and that sent to ERII.  Id.

In July 2014, Genesis filed its second amended complaint, Magma filed its second amended counterclaim and crossclaim, and National Union filed its crossclaim.  See Dkt. Nos. 254, 255, 258.  National Union also filed an amended third-party complaint.  See Dtk. No. 264.

In January 2015, Genesis and Magma each filed the instant Motions for Partial Summary Judgment.  See Dkt. Nos. 278, 281.[1]  National Union filed an opposition brief for each motion, and Genesis and Magma each filed a reply brief.  See Dkt. Nos. 286, 292, 296, 298.  Oral argument was held on February 12, 2015.

## II.  LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  Celotex Corp. v. Catrett,

[1] Genesis filed a Motion for Partial Summary Judgment that was rejected by the Court because it failed to comply with the undersigned judge's Standing Order for Civil Cases.  See Dkt. Nos. 275, 277.  Thus, Genesis original motion (Dkt. No. 275) is DENIED as moot, and only its most recent motion (Dkt. No. 281) will be considered.

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1    477 U.S. 317, 323 (1986).  If the moving party meets this initial burden, the burden then shifts to

2    the non-moving party to go beyond the pleadings and designate specific materials in the record to

3    show that there is a genuinely disputed fact.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The

4    court must draw all reasonable inferences in favor of the party against whom summary judgment

5    is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

6    However, the mere suggestion that facts are in controversy, as well as conclusory or

7    speculative testimony in affidavits and moving papers, is not sufficient to defeat summary

8    judgment.  See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979).  Instead,

9    the non-moving party must come forward with admissible evidence to satisfy the burden.  Fed. R.

10   Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.

11   1990).

12   A genuine issue for trial exists if the non-moving party presents evidence from which a

13   reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the

14   material issue in his or her favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986);

15   Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991).  Conversely, summary judgment must

16   be granted where a party "fails to make a showing sufficient to establish the existence of an

17   element essential to that party's case, on which that party will bear the burden of proof at trial."

18   Celotex, 477 U.S. at 322.

19   **III. PRELIMINARY ISSUE: ERII'S TREATMENT OF THE SYNOPSYS ACTION AS A NOTICE OF CIRCUMSTANCES**

20

21   In Genesis II, the Ninth Circuit instructed this Court on remand to "determine whether

22   ERII correctly treated the [Synopsys] complaint as notice of circumstances that could give rise to a

23   covered claim under its policy."  Genesis II, 506 Fed. Appx. at 680.  Since this issue resolves the

24   parties' instant motions, this issue will be addressed first.

25   It is undisputed that Magma retained ERII as primary insurer and Genesis as first-layer

26   excess insurer for the 2003-04 policy period.  See Cusack Decl., Exhs. A (Genesis), B (ERII).  The

27

Case No. 5:06-CV-05526-EJD

28   ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

United States District Court
Northern District of California

1  2003-04 Policy contained a "notice of circumstances" provision in Section 15(b), stating:

> (b) If during the Policy Period an Insured:
>
> (i)  becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to the Company;
> . . .
> then any Claim subsequently arising from the circumstances referred to in (i) above . . . shall be deemed to have been first made during the Policy Period in which the written notice described in (i) . . . above was first given by an Insured to the Company, provided any such subsequent Claim is reported to the Company as set forth in Subsection 15(a) above.  With respect to any such subsequent Claim, no coverage under this coverage section shall apply to loss incurred prior to the date such subsequent Claim is actually made.

Id., Exh. B, § 15(b) at 40.  Section 15(c) supplies the requirements for an adequate notice of circumstances:

> The Insureds shall, as a condition precedent to exercising any right to coverage under this coverage section, give to the Company such information, assistance, and cooperation as the Company may reasonably require, and shall include in any notice under Subsection 15(a) or (b) a description of the Claim, circumstances, or Securityholder Derivative Demand, the nature of any alleged Wrongful Acts, the nature of the alleged or potential damage, the names of all actual or potential claimants, the names of all actual or potential defendants, and the manner in which such insured first became aware of the Claim, circumstances, or Securityholder Derivative Demand.

Id. at § 15(c) at 40.

In the long history of this case, the crux of the dispute is whether Magma's submission of the Synopsys action to ERII and Genesis constituted an adequate notice of circumstances that would trigger the 2003-04 Policy.  In Genesis I, the Ninth Circuit partially answered this question by finding that the Synopsys notice provided to Genesis did not comply with the requirements set forth by Section 15.  Genesis I, 386 Fed. Appx. at 730.  The Ninth Circuit held since the notice itself was deficient, then the Genesis 2003-04 Policy could not be triggered and Genesis could not be held liable for coverage of the securities actions.  Id. at 730-31; Genesis II, 506 Fed. Appx. at 680.  The remaining question is whether the same finding can be made as to the notice provided to

8

United States District Court
Northern District of California

1   ERII.

2          Under the law of the case doctrine, "a court is generally precluded from reconsidering an

3   issue previously decided by the same court, or a higher court in the identical case." United States

4   v. Lummi Nation, 763 F.3d 1180, 1185 (9th Cir. 2014).  "For the doctrine to apply, the issue in

5   question must have been decided explicitly[.]"  Id.  Here, recent discovery has revealed that the

6   Synopsys notice Magma sent to Genesis was identical to the notice sent to ERII.  See Cusack

7   Decl., Exhs. F, G.  Since the Ninth Circuit has already considered and explicitly found the notice

8   sent to Genesis was deficient under Section 15 of the Policy, then necessarily the identical notice

9   sent to ERII is also deficient.

10         National Union opposes this position, contending that the Ninth Circuit's ruling pertains

11  only to the notice sent to Genesis.  Dkt. No. 286 at 13.  It argues that the ruling does not apply to

12  the notice sent to ERII because ERII chose to find the notice as adequate in compliance with

13  Section 15 of its own policy.  Id. at 12-13.

14         National Union's position is misguided.  In Genesis I, the Ninth Circuit made an express

15  finding as to the substance of the notice:

16

17                  [B]ecause the notice provided by Magma was not sufficiently
                    specific, it cannot be regarded as providing the kind of written
18                  notice that constitutes an insuring event under the notice of
                    circumstances provision.

19  Genesis I, 386 Fed. Appx. at 730 (internal quotations omitted).  Having found the Synopsys notice

20  to be substantively deficient according to the same provision presently at issue, it follows that the

21  identical notice sent to ERII is also substantively deficient.  That ERII chose to originally accept it

22  as adequate is not dispositive as to whether the notice was legally sufficient.  Moreover, ERII has

23  maintained the position that either of its policies could apply.

24         Therefore, pursuant to the Ninth Circuit's instruction, and the fact that the notices sent to

25  Genesis and ERII are identical, this Court finds that ERII did not correctly treat the Synopsys

26  complaint as notice of circumstances that could give rise to a covered claim under its 2003-04

27                                                    9

    Case No. 5:06-CV-05526-EJD
28  ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
    GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT

United States District Court
Northern District of California

1    Policy.  Accordingly, the 2003-04 Policy was not triggered.

2    **IV. MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

3         Having determined that the <u>Synopsys</u> notice sent to ERII was deficient, and that the 2003-

4    04 Policy was not triggered, the Court will now evaluate Magma's Motion for Partial Summary

5    Judgment.  Magma moves for partial summary judgment on its second cause of action for

6    declaratory relief against National Union on the following issues: (1) that the 2004-06 Policy

7    applies to the securities actions; (2) that the ERII 2004-06 Policy is exhausted; and (3) that

8    National Union's prior notice exclusion does not bar coverage.  Dkt. No. 278 at 3.  Moreover,

9    Magma moves for partial summary judgment on its third cause of action for breach of contract

10   against National Union on the following issues: (1) that National Union has breached its policy;

11   and (2) that National Union must pay its $5 million policy limit, plus interest, on behalf of

12   Magma.  <u>Id</u>.  Each issue will be addressed in turn.

13        **A.  Second Cause of Action for Declaratory Relief**

14             **1.  <u>Magma's 2004-06 Policy</u>**

15        Magma moves for a declaration that the 2004-06 Policy applies to the securities actions.

16   Dkt. No. 278 at 3.  It is undisputed that the securities actions were filed in June and July 2005,

17   during the 2004-06 policy period.  During this policy period, ERII served as the primary insurer

18   and National Union served as the first-layer excess insurer.  <u>See</u> Cusack Decl., Exhs. C, D.

19   Therefore, ERII and National Union were obligated to provide coverage for the securities actions,

20   and the 2004-06 Policy was triggered.  Accordingly, Magma's motion as to this issue is

21   GRANTED.

22             **2.  <u>Exhaustion of ERII's 2004-06 Policy</u>**

23        Pursuant to the "exhaustion" provision of the 2004-06 Policy, National Union is

24   responsible for coverage:

25             after the Underlying Insurers and/or Insured or the Company have
26             paid the full amount of the Total Underlying Limits [of the primary
             policy].

27

Case No. 5:06-CV-05526-EJD
28   ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

United States District Court
Northern District of California

1    Cusack Decl., Exh. D at 155, § III.  Thus, after ERII has provided its primary coverage of up to

2    $10 million, the policy is deemed to be exhausted and National Union must then provide first-

3    layer excess coverage of up to $5 million.  See id. at 151.

4          It is undisputed that ERII has already paid its policy limit of $10 million.  See id., Exh. V,

5    Declaration of Richard F. Nace, Jr. at ¶ 9.  Since ERII originally made the payment under its

6    2003-04 Policy, in dispute is whether ERII can now shift the payment to its 2004-06 Policy and

7    deem it to be exhausted such that National Union must provide first-layer excess coverage.

8          Magma argues that the 2004-06 Policy has been exhausted because ERII has already paid

9    its $10 million policy limit, and while the payment was made pursuant to the 2003-04 Policy, ERII

10   has maintained the position that the payment could be considered covered by either policy.  Dkt.

11   No. 278 at 8; see Cusack Decl., Exh. Q.  National Union, on the other hand, contends that the

12   2004-06 Policy has not been exhausted for the following reasons: (1) ERII has waived the right to

13   disavow the notice of circumstances because it had already accepted it as proper under its 2003-04

14   Policy; (2) the equitable principle of estoppel precludes shifting coverage to a subsequent policy;

15   (3) the doctrine of quasi-estoppel precludes ERII from asserting a position that is contrary to one

16   previously asserted; (4) pursuant to the known loss rule, the securities actions do not constitute

17   covered losses that would warrant coverage under the National Union 2004-06 Policy; and (5)

18   Magma's own failure to provide an adequate notice of circumstances resulted in a coverage gap

19   that precludes liability.

20          **a.  *National Union's Defenses***

21               **i.  Waiver**

22          To argue that the ERII 2004-06 Policy has not been exhausted, National Union contends

23   that ERII waived its right to disavow the Synopsys notice of circumstances.  Waiver is the

24   intentional relinquishment of a known right.  Gordon v. Deloitte & Touche, LLP Grp. Long Term

25   Disability Plan, 749 F.3d 746, 752 (9th Cir. 2014).  "Typically, waiver analysis looks only at the

26   acts of the waiving party to see if there was an intentional relinquishment of a known right[.]"  Id.

27
     Case No. 5:06-CV-05526-EJD
28   ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
     GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
     SUMMARY JUDGMENT

United States District Court
Northern District of California

National Union argues that ERII expressly waived the right to disavow the notice of circumstances because it accepted the notice as adequate pursuant to Section 15 of its own policy. Dkt. No. 286 at 14.  National Union's argument, however, is flawed because at the time of the Synopsys notice, no right to accept or deny coverage of the securities actions was ripe for ERII to relinquish since it could not have been known that the securities actions would be filed in the future.  Indeed, even National Union's retained expert witness states that:

> [a]t the time the notice of circumstances was first given and later accepted by ERII, the parties were still within the 2003-2004 policy period.  There were not yet any subsequent suits and, thus, the issue of relation back could not have been ripe for determination.

Dkt. No. 291, Amended Declaration of Joseph P. Monteleone at ¶ 21.  From this statement, it is apparent that coverage for any subsequent claim, such as the securities actions, could not have been definitively determined until those claims were actually presented.  The acceptance of the notice of circumstances is not a guarantee to cover all claims, no matter their subject and form. Until the claim is made, there is no right that can be relinquished, and therefore no possibility of waiver.

National Union further argues that while ERII reserved its right to deny coverage and/or rescind the 2003-04 Policy, it did not reserve the right to refute its own acceptance of the notice of circumstances.  Dkt. No. 286 at 15.  Again, National Union's argument is misplaced.  The record shows that a provision of the November 2004 letter ERII sent to Magma accepting the Synopsys complaint as notice of circumstances states:

> ERII expressly reserves all rights under the [2003-04 Policy] and/or available at law to deny coverage and/or to rescind the Policy on additional or alternative bases as other terms, conditions, exclusions, endorsements, and provisions of the Policy, including representations, statements, declarations, and omissions in connection with the application, are found to be applicable.

Cusack Decl., Exh. K at 2.  In an August 2005 letter, shortly after the tender of the securities actions, ERII sent to Magma a reservation of rights that included the same provision as in the

12

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

November 2004 letter.  See id., Exhs. M at 6; H, Declaration of Richard Nace at ¶ 4 (stating in his March 2008 declaration that ERII had reserved, and continued to reserve, its rights as to whether the securities actions constituted a claim under the ERII 2003-04 Policy).  Given the explicit language whereby ERII reserved its right to deny and/or rescind its 2003-04 Policy, it is not necessary for ERII to have also explicitly stated that it reserved its rights to later refute its own acceptance of the notice of circumstances.  ERII's ability to later refute its own acceptance is implied in its right to deny and/or rescind its policy.  Additionally, a May 2006 letter ERII sent to the defendants of the Synopsys and securities actions states:

> should it later be determined that the Litigation falls or potentially falls within the coverage of [the 2004-06 Policy] instead of the [2003-04 Policy], advancements of Defense Costs by ERII for the Litigation will be deemed to have been made pursuant to the [2004-06 Policy], and will be credited by ERII against the $10 million aggregate [2004-06 Policy].

Id., Exh. Q at 2.  Since 2006, ERII has expressed a position that it would honor either one of its policies.  Collectively, this shows that ERII has not relinquished any right to later refute its acceptance of the Synopsys notice.

National Union attempts to argue that shifting coverage from one policy to another does not comport with standard practices in the insurance industry by offering a declaration of its retained expert witness in which he states:

> [i]n [the expert's] opinion, such shifting of the loss at a late stage to the detriment of National Union and perhaps others is not supported by any fair application of industry custom and practice.

Dkt. No. 289, Declaration of Joseph P. Monteleone at ¶ 26.  This conclusory statement of opinion is not sufficient to demonstrate that ERII legally waived the ability to shift payments from one policy period to another.

Lastly, National Union contends that the 2004-06 Policy has not been exhausted because the Ninth Circuit adjudicated only Genesis's right to dispute the adequacy of the Synopsys notice, but not ERII's right.  Dkt. No. 286 at 15.  National Union is misguided.  Besides the fact that this

13

United States District Court
Northern District of California

1   argument does not advance its position on waiver, National Union misconstrues the Ninth

2   Circuit's ruling.  The Ninth Circuit ruled that the <u>Synopsys</u> notice provided to Genesis was

3   inadequate, but instructed this Court to determine whether ERII was correct in treating the

4   <u>Synopsys</u> notice as adequate for its own policy.  <u>See Genesis II</u>, 506 Fed. Appx. at 680.  As

5   explained above, this Court has now established that ERII was incorrect in treating the <u>Synopsys</u>

6   notice as adequate.  Given that ruling, National Union's argument fails.

7          In sum, National Union has not presented a meritorious argument to demonstrate that ERII

8   waived its right to disavow the <u>Synopsys</u> notice of circumstances it had originally accepted as

9   adequate.

10                                    **ii.   Equitable Estoppel**

11          To argue that the ERII 2004-06 Policy has not been exhausted, National Union contends

12   that ERII is estopped from shifting coverage to a subsequent policy because National Union had

13   previously relied on the acceptance of coverage under the 2003-04 Policy.  Dkt. No. 286 at 16-17.

14   To apply the doctrine of equitable estoppel, four elements must be present: "(1) the party to be

15   estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or

16   must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the

17   other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his

18   injury." <u>City of Oakland v. Oakland Police & Fire Ret. Sys.</u>, 224 Cal. App. 4th 210, 239 (2014).

19   While a waiver analysis looks at the actions of the waiving party, estoppel looks at the actions of

20   the non-waiving party to see if that party detrimentally relied on those acts.  <u>Gordon</u>, 749 F.3d at

21   752.

22          Here, the focus is on National Union's actions to see if it has detrimentally relied on the

23   coverage ERII provided pursuant to its 2003-04 Policy.  National Union, however, does not state

24   what actions it took to show detrimental reliance, nor does it state how it detrimentally relied on

25   ERII's position of invoking its 2003-04 Policy.  Since National Union has not contributed any

26   funds towards Magma's settlement of the securities actions, the Court can only presume that

27                                              14

United States District Court
Northern District of California

1   National Union detrimentally relied on ERII's position by abstaining from making a payment.

2   This, however, is only a presumption given that National Union has not elaborated on its injury or

3   detrimental reliance.  Accordingly, this argument of equitable estoppel fails.

### iii. Doctrine of Judicial Estoppel

5   National Union further contends that ERII is precluded from unilaterally changing its

6   position regarding its acceptance of notice of circumstances under its 2003-04 Policy, and its

7   decision to place coverage for the securities actions under the 2003-04 Policy.  Dkt. No. 286 at 19.

8   "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions,

9   precludes a party from gaining an advantage by taking one position, and then seeking a second

10  advantage by taking an incompatible position."  In re Hoopai, 581 F.3d 1090, 1097 (9th Cir.

11  2009).  This is "an equitable doctrine invoked by a court in its discretion, and is intended to

12  protect the integrity of the judicial process by preventing a litigant from playing fast and loose

13  with the courts."  Id. (internal quotations and citations omitted).  "In determining whether to apply

14  the doctrine, [the court] typically consider[s] (1) whether a party's later position is clearly

15  inconsistent with its original position; (2) whether the party has successfully persuaded the court

16  of the earlier position; and (3) whether allowing the inconsistent position would allow the party to

17  derive an unfair advantage or impose an unfair detriment on the opposing party."  Id. (internal

18  quotations omitted).

19  Here, there is no indication that ERII has attempted to gain an advantage by taking one

20  position, and then seeking a second advantage by taking an incompatible position in these legal

21  proceedings.  In 2006, ERII expressed its position that either its 2003-04 Policy or 2004-06 Policy

22  applied, but not both.  In 2007, when Magma settled the securities actions, ERII contributed its

23  $10 million policy limit.  Since then, ERII has maintained the position that either one of its

24  policies applied.  ERII cannot escape liability because it has already paid its policy limit, and ERII

25  has not expressed an intention to escape liability by seeking reimbursement.  Therefore, ERII

26  refuting its acceptance of the Synopsys notice of circumstances is not conduct that warrants the

27  Case No. 5:06-CV-05526-EJD

28  ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

United States District Court
Northern District of California

1   exercise of judicial estoppel because ERII is not asserting an inconsistent or incompatible position,

2   ERII is not deriving an unfair advantage by refuting the notice, and an unfair detriment is not

3   imposed on National Union.  National Union's obligation to pay its policy limit is not a detriment,

4   but a contractual obligation pursuant to its 2004-06 Policy.  Accordingly, National Union's

5   argument of judicial estoppel fails.

6                                   **iv.  Known Loss Rule**

7          To argue that the ERII 2004-06 Policy has not been exhausted, National Union argues that

8   Magma knew or suspected that a future claim was likely to arise out of the <u>Synopsys</u> action before

9   Magma sought an excess insurance policy from National Union.  Dkt. No. 286 at 21.  Given

10  Magma's knowledge, National Union argues, the securities actions were not a "loss" that arose

11  during the 2004-06 policy period, and thus the 2004-06 Policy cannot be invoked.  <u>Id</u>.  The basis

12  for this argument is the "known loss" rule.

13         Section 22 of the California Insurance Code provides:

14                 Insurance is a contract whereby one undertakes to indemnify another
                   against loss, damage, or liability arising from a contingent or
15                 unknown event.

16  Thus, under California's "known loss" rule, "when a loss is 'known or apparent' before a policy of

17  insurance is issued, there is no coverage."  <u>Montrose Chem. Corp. v. Admiral Ins. Co.</u>, 10 Cal. 4th

18  645, 690 (1995).

19         National Union's argument is misplaced here because the California Supreme Court has

20  rejected National Union's interpretation of the known loss rule.  In <u>Montrose Chemical Corp. v.</u>

21  <u>Admiral Insurance Co.</u>, 10 Cal. 4th 645, 690 (1995), the California Supreme Court reiterated that

22  "all that is required to establish an insurable risk is that there be *some* contingency."  Further,

23  "[e]ven where subsequent damage might be deemed inevitable, such inevitability does not alter the

24  fact that at the time the contract of insurance was entered into, the event was only a *contingency* or

25  *risk* that might or might not occur within the term of the policy."  <u>Id</u>. (internal quotations omitted)

26  (emphasis in original).  The insured's previous knowledge of a potential future dispute does not

16

27  Case No. 5:06-CV-05526-EJD
    ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
28  GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT

1    preclude it from insurance coverage because while a future action may have been inevitable, the

2    insured's *liability* in a potential future action was not a certainty.  Id.  "There was still a

3    contingency, and the fact that [the insured] knew it was more probable than not that it would be

4    sued (successfully or otherwise) is not enough to defeat the potential of coverage[.]"  Id.

5          Here, Magma sent a notice of circumstances to ERII and Genesis pursuant to the 2003-04

6    Policy.  The notice was just that—a notice that the Synopsys action had been filed, and that it

7    could potentially lead to a future D&O liability claim.  At that point, Magma's *liability* in a future

8    D&O liability claim was not a certainty.  See Cusack Decl., Exhs. I, Deposition of Richard F.

9    Nace at 58, 91 (suggesting that in 2004, there was uncertainty about what a future D&O claim

10   could look like); J, Deposition of Rian D. Jorgensen at 80 (same).  Even when Magma later

11   entered into its 2004-06 insurance contract with National Union, Magma's *liability* in a future

12   D&O liability claim, such as the securities actions, was still not a certainty.  The fact that Magma

13   knew or could have known that it was more probable than not that it would be sued is insufficient

14   to defeat the potential of coverage under the National Union 2004-06 Policy.

15         Furthermore, in Montrose Chemical Corp., the California Supreme Court noted that the

16   insurer's policies did not purport to cover damages that occurred prior to its policy period, and

17   only covered those damages that might occur in the future during the policy period.  10 Cal. 4th at

18   691.  At the time the insured purchased its policy from the insurer, the existence and extent of

19   such prospective injuries were unknown and contingent.  Id.  Likewise, here, the National Union

20   2004-06 Policy does not purport to cover Magma's damages that occurred prior to the date the

21   2004-06 Policy went into effect.  Thus, at the time Magma obtained its 2004-06 Policy from

22   National Union, the existence and extent of any injury Magma could potentially suffer in a future

23   D&O liability claim was unknown and contingent.

24         In sum, in accordance with the holding of Montrose Chemical Corp., Magma's notice of

25   circumstances prior to its purchase of the National Union 2004-06 Policy did not establish any

26   legal obligation to pay damages such that the known loss rule is implicated.  See id. at 693.  The

17

28

United States District Court
Northern District of California

notice did no more than formally place ERII and Genesis on notice of the <u>Synopsys</u> action.  <u>See id</u>.  Since the known loss rule does not apply in this instance, Magma is entitled to seek coverage under the National Union 2004-06 Policy.

### v.   Coverage Gap

Finally, National Union contends that the "gap in coverage" is Magma's own making since it failed to provide an adequate notice of circumstances that complied with the policy's notice provision.  Dkt. No. 286 at 23.  As such, National Union argues that it should not be penalized for Magma's own failure to comply with the notice provision.  <u>Id</u>.

National Union's effort to blame Magma for a gap in coverage in order to escape liability is meritless.  Magma obtained the appropriate D&O liability insurance coverage from ERII, Genesis, and National Union.  As the insured, it is Magma's rightful expectation that when a claim arises that is covered under its insurance policy, the insurer will perform its obligation of providing such coverage.  Pursuant to the 2003-04 Policy, Magma submitted a notice of circumstances that it believed to be adequate.  That five years later the Ninth Circuit's holding of an inadequate notice would justify National Union escaping liability would be fundamentally unfair and unjust for Magma.  National Union's effort to blame Magma is not supported by public policy or any authority.  Therefore, National Union's argument is rejected.

### vi.  Conclusion as to National Union's Defenses

In sum, Magma has shown that the ERII 2004-06 Policy has been exhausted because ERII has already paid its $10 million policy limit, that ERII has maintained the position that either one of its policies could apply, and that National Union's defenses are unpersuasive.  Accordingly, this Court finds that the ERII 2004-06 Policy has been exhausted.

### b.  *Adjustment of Records*

In <u>Genesis II</u>, the Ninth Circuit stated the following:

> Coverage under National Union's policy was contingent on exhaustion of the primary coverage provided by [ERII], for the 2004-06 policy period.  ERII, however, treated the 2005 lawsuits as

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

United States District Court
Northern District of California

claims under Magma's 2003-04 policy.  ERII's statement that it would "adjust its records" to reflect exhaustion of the 2004-06 policy was explicitly contingent on a judicial determination that its decision was incorrect.

There has been no such determination.

Genesis II, 506 Fed. Appx. at 680.

This Court has now determined that ERII was incorrect in treating the securities actions under the 2003-04 Policy.  See supra at § III.  The Court also determined that the securities actions should have triggered the 2004-06 Policy, and that ERII's $10 million payment of its policy limit constitutes exhaustion of the ERII 2004-06 Policy.  See supra at §§ IV(A)(1), IV(A)(2)(a)(vi). The judicial determination required by the Ninth Circuit has been made.

Since there has been a judicial determination, ERII can properly adjust its records to reflect the exhaustion of the ERII 2004-06 Policy.  The record shows that ERII has shifted its $10 million payment from the ERII 2003-04 Policy to the ERII 2004-06 Policy.  See Cusack Decl., Exhs. I, Deposition of Richard F. Nace at 39-40; V, Nace Decl. at ¶ 10.  This is deemed proper. Accordingly, Magma's motion as to the exhaustion of the ERII 2004-06 Policy is GRANTED.

Since the ERII 2004-06 Policy is deemed to be exhausted, National Union is now liable for providing first-layer excess insurance coverage pursuant to the National Union 2004-06 Policy.

### 3.  **National Union's Prior Notice Exclusion**

In its motion, Magma requests the Court to adjudicate the following issue:  That National Union's prior notice exclusion does not bar coverage.  Dkt. No. 278 at 3.  While Magma does not elaborate on this argument, it appears that Magma is referring to National Union's known-loss-rule argument.  See id. at 13.  To the extent Magma moves for a finding that the known loss rule does not preclude coverage under the National Union 2004-06 Policy, the motion is GRANTED for the reasons stated above.  See supra at § IV(A)(2)(a)(iv).

### B.  **Third Cause of Action for Breach of Contract**

Magma moves for partial summary judgment on its third cause of action for breach of contract against National Union on the following issues: (1) that National Union has breached its

19

United States District Court
Northern District of California

policy; and (2) that National Union must pay its $5 million policy limits, plus interest, on behalf of Magma.  Dkt. No. 278 at 3.

The Ninth Circuit has recognized that "[a] district court does not have a duty to search for evidence that would create a factual dispute." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007).  Moreover, "it would be unfair to the district court to require it to search the entire record if a party fails to disclose where in the record the evidence for the factual claims can be found." Id. (citing Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001)) (internal quotations omitted).  Here, Magma must submit its own affirmative argument that National Union breached its policy and that it must pay its $5 million policy limit on behalf of Magma.  Other than merely stating these as issues in the introductory section of its brief (see Dkt. No. 278 at 3), Magma has failed to provide an affirmative argument regarding these issues.  Accordingly, Magma's motion as to these issues is DENIED.

## V.  GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Genesis moves for partial summary judgment on the following issues: (1) whether Genesis, as Magma's subrogee, may recover its settlement payment from National Union, which issued a policy to Magma that provided coverage for the settlement in question; and (2) whether Genesis is entitled to an award of prejudgment interest.  Dkt. No. 281 at 8.

### A.  Equitable Subrogation

As explained above, this Court has determined that the 2004-06 Policy has been triggered, that the ERII 2004-06 Policy has been exhausted, and that National Union is liable under its 2004-06 Policy.  At issue is whether Genesis is entitled to recover its $5 million settlement payment from National Union.

"Subrogation is a common law doctrine based in equity that permits an insurer to take the place of the insured to pursue recovery from third-party tortfeasors responsible for the insured's loss." Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 957 (9th Cir. 2013).  "As the party who pays the insured's loss, the insurer (the subrogee) 'stands in the shoes' of the

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

United States District Court
Northern District of California

insured (the subrogor), and succeeds to the insured's rights and remedies." Id. Equitable subrogation is governed by state law, thus under California law, the party seeking subrogation must meet five criteria: (1) "the claimant must have paid the debt owed to the lienholder in order to protect the claimant's own interest;" (2) "the claimant must not have acted as a volunteer;" (3) "the claimant could not have been primarily liable for the debt he paid;" (4) "the claimant must have paid the entire debt owed to the lienholder;" and (5) "the subrogation must not work an injustice to the rights of others." In re Hamada, 291 F.3d 645, 651 (9th Cir. 2002).

Here, Genesis contends that it is entitled to recover from National Union the $5 million it contributed towards the securities actions settlement. Dkt. No. 281 at 12. In opposition, National Union argues that it should not pay Genesis because National Union was not the proximate cause of the events which prompted settlement of the securities actions; rather, Magma is responsible for its own losses incurred through the securities actions. Dkt. No. 292 at 14-15. Moreover, National Union argues that it should not pay because it was not a party to any agreement or understanding between Magma and Genesis in which Genesis agreed to pay towards the settlement. Id. at 16. National Union contends that permitting Genesis to subrogate its claims to pursue recovery from National Union would impose an injustice upon National Union. Id. at 17.

The "claimant" in this instance is Genesis, since it is the party seeking subrogation. Genesis has already contributed its $5 million first-layer excess policy limit towards Magma's settlement of the securities actions in order to avoid a later potential finding of bad faith denial of insurance benefits. Thus, the first factor has been met. At the time of the settlement, there was no judicial determination as to whether Genesis's policy or National Union's policy applied. Since ERII had applied its 2003-04 Policy, Magma demanded payment from Genesis as the first-layer excess insurer under that policy. Since Genesis originally declined coverage under the Genesis 2003-04 Policy, Genesis's eventual payment was not "voluntary." See Cusack Decl., Exh. O (Genesis informing Magma that it was declining coverage for the securities actions under the Genesis 2003-04 Policy). As such, the second factor has been met. In Genesis I, the Ninth Circuit

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

1    ruled that Genesis was not liable for coverage of the securities actions.  Genesis I, 386 Fed. Appx.

2    at 731.  Thus, the third factor has been met.  Genesis paid the entire $5 million first-layer excess

3    policy limit towards the settlement.  Thus, the fourth factor has been met.  Lastly, National

4    Union's conclusory argument that subrogation would impose an unjust upon it is unpersuasive.

5    National Union has not made any contributions towards the securities actions settlement, and the

6    Court has determined that the National Union 2004-06 Policy applies.  Thus, denying subrogation

7    would actually impose an injustice on Genesis.  The fifth factor has been met.

8         In sum, Genesis is entitled to recover its $5 million settlement payment from National

9    Union.  Accordingly, Genesis's motion as to this issue is GRANTED.

10   **B.  Prejudgment Interest**

11        In addition to recovering its $5 million settlement payment from National Union, Genesis

12   argues that it is entitled to an award of prejudgment interest calculated from the date it advanced

13   the $5 million payment—July 21, 2008.  Dkt. No. 281 at 21.  In opposition, National Union argues

14   that an award of prejudgment interest would be inappropriate because the question of liability

15   requires judicial resolution.  Dkt. No. 292 at 23.  To the extent National Union bases its argument

16   on the need for a judicial resolution regarding National Union's liability, this argument is moot

17   given the finding above that the National Union 2004-06 Policy is triggered.  Nonetheless, the

18   Court will examine whether a prejudgment interest award is appropriate.

19        Prejudgment interest is a substantive matter governed by state law.  U.S. Fid. & Guar. Co.

20   v. Lee Invs. LLC, 641 F.3d 1126, 1139 (9th Cir. 2011).  Under California law:

21            A person who is entitled to recover damages certain, or capable of
             being made certain by calculation, and the right to recover which is
22           vested in the person upon a particular day, is entitled also to recover
             interest thereon from that day, except when the debtor is prevented
23           by law, or by the act of the creditor from paying the debt.

24   Cal. Civ. Code § 3287(a).  The test for awarding prejudgment interest is whether the defendant

25   actually knows the amount owed or whether there is reasonably available information that the

26   defendant could have computed the amount.  U.S. Fid. & Guar. Co., 641 F.3d at 1139.  As to

27                                          22

28

*United States District Court*
*Northern District of California*

1   "vesting," the requirement is "satisfied at the time that the amount of damages become certain or

2   capable of being made certain, not the time liability to pay those amounts is determined."

3   Evanston Ins. Co. v. OEA, Inc., 566 F.3d 915, 921 (9th Cir. 2009) (collecting cases).

4       Here, the $5 million contribution Genesis made towards the securities actions settlement is

5   an amount that is certain and of which National Union has knowledge.  This amount became

6   vested on the date that Genesis made the payment—on July 21, 2008.  That the Court has now

7   determined that National Union is liable for that amount is not dispositive.  See Evanston Ins. Co.,

8   566 F.3d at 921 (discussing the "vesting" provision as interpreted by the California courts).

9   Therefore, Genesis is entitled to an award of prejudgment interest that began to accrue on July 21,

10  2008.

11      As to the rate of the prejudgment interest, Genesis argues that it should be at 10% per

12  annum pursuant to Section 3289(b) of the California Civil Code.  Dkt. No. 281 at 23.  Section

13  3289(b) provides:

14              If a contract entered into after January 1, 1986, does not stipulate a
                legal rate of interest, the obligation shall bear interest at a rate of 10
15              percent per annum after a breach.

16  Cal. Civ. Code § 3289(b).  Genesis contends that Section 3289(b) applies because an action for a

17  breach of an insurance contract is an action to recover damages for a breach of contract.  Dkt. No.

18  281 at 23.

19      In opposition, National Union argues that if prejudgment interest is awarded, it should be

20  at a rate of 7% per annum pursuant to the California Constitution.  Dkt. No. 292 at 24.  National

21  Union relies on the usury provision of Article XV, Section 1 of the California Constitution, which

22  provides:

23              The rate of interest upon the loan or forbearance of any money,
                goods, or things in action, or on accounts after demand, shall be 7
24              percent per annum but it shall be competent for the parties to any
                loan or forbearance of any money, goods or things in action to
25              contract in writing for a rate of interest.
                . . .
26              The rate of interest upon a judgment rendered in any court of this
                state shall be set by the Legislature at not more than 10 percent per

27                                          23

28  ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
    GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT

United States District Court
Northern District of California

1   annum.  Such rate may be variable and based upon interest rates
2   charged by federal agencies or economic indicators, or both.

3   In the absence of the setting of such rate by the Legislature, the rate
    of interest on any judgment rendered in any court of the state shall
4   be 7 percent per annum.

5   Cal. Const. art. XV, § 1.

6         National Union's argument is unpersuasive because Section 1 applies to a usury

7   transaction, which is not applicable here.  See Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994).

8   Usury is "the charging of an illegal rate of interest as a condition to lending money."  Black's Law

9   Dictionary (10th ed. 2014).  Under California law, the elements of usury are: "(1) [t]he transaction

10  must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3)

11  the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a

12  willful intent to enter into a usurious transaction."  Ghirardo, 8 Cal. 4th at 798.  There is no usury

13  transaction in this case.  There are no allegations that an illegal rate of interest was charged as a

14  condition of lending money, there is no indication that Genesis's contribution towards the

15  securities actions settlement constituted a loan or forbearance, and there is no indication that any

16  of the parties here had a willful intent to enter into a usurious transaction.  Thus, National Union's

17  argument fails.

18        In sum, the Court finds that Genesis is entitled to an award of prejudgment interest at 10%

19  per annum that began to accrue on July 21, 2008.  Accordingly, Genesis's motion as to this issue

20  is GRANTED.

21  **VI. CONCLUSION**

22        Based on the foregoing:

23        1.  Magma's motion for partial summary judgment that Magma's 2004-06 Policy applies to

24  the securities actions is GRANTED.

25        2.  Magma's motion for partial summary judgment that the ERII 2004-06 Policy is exhausted

26  is GRANTED.

27                                                                          24

28  Case No. 5:06-CV-05526-EJD
    ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
    GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
    SUMMARY JUDGMENT

United States District Court
Northern District of California

3.  Magma's motion for partial summary judgment that National Union's prior notice exclusion does not bar coverage is GRANTED to the extent this issue pertains to the known loss rule.

4.  Magma's motion for partial summary judgment that National Union has breached its policy is DENIED.

5.  Magma's motion for partial summary judgment that National Union must pay its $5 million policy limit, plus interest, on behalf of Magma is DENIED.

6.  Genesis's motion for partial summary judgment that Genesis may recover its settlement payment from National Union is GRANTED.

7.  Genesis's motion for partial summary judgment that Genesis is entitled to an award of prejudgment interest is GRANTED.

This case is scheduled for a Case Management Conference at **10:00 a.m. on September 3, 2015**. The parties shall file a Joint Case Management Statement on or before **August 27, 2015**.


**IT IS SO ORDERED**.

Dated: July 8, 2015



EDWARD J. DAVILA
United States District Judge

Case No. 5:06-CV-05526-EJD
ORDER GRANTING GENESIS'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING IN PART AND DENYING IN PART MAGMA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

*United States District Court*
*Northern District of California*