**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SBN 104442
Email: Glenn.Friedman@lewisbrisbois.com
MICHAEL K. JOHNSON, SBN 130193
Email: Michael.Johnson@lewisbrisbois.com
PAUL A. DESROCHERS, SBN 214855
Email: Paul.Desrochers@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, CA 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant and Counter/Cross-Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>MAGMA DESIGN AUTOMATION, INC. *et al*,<br><br>Defendant/Counter-Claimant. | Case No. 06-CV-05526 EJD<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO MAGMA'S CLAIMS FOR BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; ATTESTATION OF COUNSEL**<br><br>**Date: June 9, 2016**<br>**Time: 9:00 a.m.**<br>**Crtrm.: 8, 4th Floor**<br>**Judge: Hon. Edward J. Davila** |
| AND ALL RELATED COUNTER-CLAIMS, CROSS-CLAIMS, AND THIRD PARTY COMPLAINTS. | |

Defendant and Counter/Cross-Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") submits this Separate Statement in support of its motion for summary judgment against Cross-Claimant Magma Design Automation, Inc.'s ("Magma") claims for breach of contract and breach of the implied covenant of good faith and fair dealing, pursuant to this Court's Standing Order for Civil Cases, section IV, paragraph B, part 1.

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| **CLAIM 1 – BREACH OF CONTRACT AGAINST NATIONAL UNION** | | |
| 1. Magma had primary, excess and second layer excess insurance coverage totaling $20 million for both the 2003-2004 and the 2004-2006 policy periods. | **Fact 1.** Magma obtained a $10 million Directors and Officers ("D&O") liability insurance policy from Executive Risk Indemnity, Inc. ("ERII") for the period of December 15, 2003 to December 15, 2004 ("ERII 2003-04 Policy").<br><br>Declaration of Paul A. Desrochers In Support of National Union's MSJ ("PAD Decl.") at ¶ 1 and Exh. A; Docket Number ("Dkt. No.") 279 at ¶ 2 and Exh. B; Dkt. No. 313 (2015 Amended Order on Motions for Summary Judgment ["2015 MSJ Order"]) at p. 2:4-6. | |
| | **Fact_2.** Magma obtained first-layer excess D&O liability insurance from Genesis Insurance Company ("Genesis") for the same policy period ("Genesis 2003-04 Policy").<br><br>PAD Decl. at ¶ 2, Exh. B; Dkt. No. 279 at Exh. A; and 2015 MSJ Order, at p. 2:7-9. | |
| | **Fact 3.** The Genesis 2003-04 Policy is a "following form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 2003-04 Policy, and had a policy limit of $5 million.<br><br>PAD Decl. at ¶ 2, Exh. B; Dkt. No. 279 at Exh. A; and 2015 MSJ Order, at p. 2:9-11. | |
| | **Fact 4.** After expiration of the ERII 2003-04 Policy, Magma renewed its primary $10 million D&O liability insurance policy with ERII for the period of December 15, 2004 to March 30, 2006 ("ERII 2004-06 Policy").<br><br>PAD Decl. at ¶ 3, Exh. C; Dkt. No. 279 at Exh. C; and 2015 MSJ Order, at p. 2:12-14. | |
| | **Fact 5.** Magma obtained a new first-layer excess insurance policy from National Union for the 2004-06 period ("National Union 2004-06 Policy"). The National Union 2004-06 Policy is a following form policy, and had a policy limit of $5 million.<br><br>PAD Decl. at ¶ 4, Exh. D; Dkt. No. 279 at Exh. D; and 2015 MSJ Order, at p. 2:14-18. | |

| | | |
|---|---|---|
| | **Fact 6.** XL Insurance Specialty Insurance Company ("XL") provided second layer excess coverage for Magma in both the 2003-04 and 2004-06 policy periods, with limits of $5 million per claim above the underlying $15 million coverage ("XL Excess Policy").<br><br>PAD Decl. at ¶ 6, Exh. E; Dkt. No. 176, Exh. A at pp. 1-7. | |
| 2. The *Synopsys* Action arose during the first policy period. | **Fact 7.** In September 2004, Synopsys, Inc. filed an action against Magma alleging patent infringement: *Synopsys, Inc. v. Magma Design Automation*, No. 3:04-cv-03923-MMC (N.D. Cal.) (the "*Synopsys* Action").<br><br>PAD Decl. at ¶ 7, Exh. F; Dkt. No. 279 at Exh. G; 2015 MSJ Order, at pp. 2:25-3:1. | |
| 3. Magma issued "notice of circumstances" to its 2003-2004 carriers seeking to preserve coverage for future claims arising from the *Synopsys* Action | **Fact 8.** The ERII 2003-04 Policy contained a "notice of circumstances" provision at Section 15(b) of the policy which provided that, if during the policy period its insured "becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to [ERII]; … then any Claim subsequently arising from the circumstances … shall be deemed to have been first made during the Policy Period in which the written notice … was first given by [Magma] to [ERII], provided any such subsequent Claim is reported to the [ERII] as set forth in Subsection 15(a) above."<br><br>PAD Decl., Exh. C at § 15(b); Dkt. No. 279 at Exh. B, § 15(b) at 40; 2015 MSJ Order, at pp. 7:26-8:9. | |
| | **Fact 9.** During the 2003-04 policy period, Magma's insurance broker sent a letter dated September 28, 2004 with a copy of the *Synopsys* complaint to ERII, to Genesis, and to XL, requesting that the carriers accept the information as a notice of circumstances pursuant to the 2003-04 Policy, should a future D&O claim arise out of the *Synopsys* Action.<br><br>PAD Decl. at Exhs. G, H, I, J and M; Dkt. No. 279 at Exhs. F, G, H and L; Dkt. No. 104 at ¶ 5; and 2015 MSJ Order, at p. 3:1-7. | |
| | **Fact 10.** On or about November 9, 2004, Magma's broker contacted Richard Nace of ERII to follow up on Magma's request that ERII accept the *Synopsys* complaint as a | |

| | | |
|---|---|---|
| | notice of circumstances under the ERII 2003-04 Policy. In this discussion, Magma's broker advised Mr. Nace that Magma had had a patent infringement action "morph into a D&O matter in the past and [that Magma wanted] to be really careful." Thus, Magma had reason to believe at that time that its directors and officers could be sued as a result of the patent lawsuit.<br><br>PAD Decl. at Exhs. J, K and M; Dkt No. 104 at ¶ 6-7; Dkt. No. 279 at Exh. K; 2015 MSJ Order, at p. 3:8-10; and Dkt. No. 288, ¶ 4, Exh. A at p. 28. | |
| 4. ERII and XL accepted notice of circumstances under their 2003-04 policies and preserved coverage for future claims arising from the *Synopsys* Action | **Fact 11.** On or about November 9, 2004, subsequent to his discussion with Magma's broker and pursuant to Magma's request, Mr. Nace, on behalf of ERII, issued a coverage letter to Magma agreeing to accept the *Synopsys* complaint as a "notice of potential future claim," thus preserving coverage under the ERII 2003-04 Policy for any future D&O claim arising out of the *Synopsys* Action.<br><br>PAD Decl. at Exhs. J and K; Dkt. No. 279 at ¶ 8, Exh. K. | |
| | **Fact 12.** On December 28, 2004, XL notified Magma that it was adopting ERII's position and agreed to accept the Synopsys complaint and Magma's September 28, 2004 letter as "notice of circumstances" under the XL 2003-04 Policy.<br><br>PAD Decl. at Exh. E; Dkt. No. 176, Exh. A at 5. | |
| | **Fact 13.** Following its receipt of Magma's correspondence and documents tendering the *Synopsys* Action and requesting that Genesis accept the correspondence and Synopsys complaint as "notice of circumstances" under its 2003-04 policy, Genesis neither rejected nor accepted Magma's request, nor did it advise Magma that the "notice of circumstances" request was inadequate.<br><br>PAD Decl. at Exh. L; Dkt. No. 62 at p. 5:2-8. | |
| | **Fact 14.** After ERII accepted "notice of circumstances" under the ERII 2003-04 Policy, Magma did not provide further information to ERII or its other carriers regarding the *Synopsys* Action or any | |

| | | |
|---|---|---|
| | potential claims that could arise.<br><br>PAD Decl. at Exh. M; Dkt. No. 288, Exh. A, at pp. 16-18. | |
| 5. The securities class action and shareholder derivative suits are filed based upon the facts alleged in the *Synopsys* Action | **Fact 15.** In June 2005, after the expiration of the 2003-04 Policy, Magma shareholders filed a securities class action against Magma, *In re Magma Design Automation, Inc. Securities Litigation*, No. 3:05-cv-02394-CRB (N.D. Cal.), and in July 2005, Magma shareholders filed a shareholder derivative action against Magma, *Willis v. Madhavan et al*., No. 105CV045834 (Cal. Super. Ct., Santa Clara County) (collectively, the "Securities Actions").<br><br>PAD Decl. at Exh. J, ¶ 4; Dkt. No. 104 at ¶ 4; and 2015 MSJ Order, at p. 3:16-21. | |
| 6. ERII accepts coverage for the Securities Actions under its 2003-2004 policy based on the previously accepted notice of circumstances provided by Magma | **Fact 16.** Based upon the information it had previously received from Magma, ERII determined that the notice of the *Synopsys* Action given by Magma constituted a "notice of circumstances" as to the Securities Actions, and placed the coverage under its 2003-04 Policy.<br><br>PAD Decl. at Exh. J, ¶¶ 8-9 and Exh. O; Dkt. No. 104 at ¶¶ 7-9; Dkt. No. 88, Exh. N; and 2015 MSJ Order, at p. 3:21-24. | |
| | **Fact 17.** In deciding to place coverage for the Securities Actions under the ERII 2003-04 Policy, ERII's adjuster, Mr. Nace, reviewed ERII's files and the applicable policy provisions and determined that the Securities Actions arose from the circumstances that were the subject of the notice of circumstances request previously discussed with Magma's broker, and that the Securities Actions were thus deemed to have been first made during the 2003-2004 policy period.<br><br>PAD Decl. at Exh. J, ¶ 8-9, Exh. M at pp. 4-5 and 12-14, and Exh. O; Dkt. No. 104 at ¶¶ 7-9; Dkt. No. 88, Exh. N. | |
| | **Fact 18.** Genesis disagreed with ERII's placement of coverage under the 2003-04 policy period, and denied coverage for the Securities Actions based on its contention that it had not accepted the notice of circumstances provided by Magma's broker, or agreed with the decisions by ERII and XL to accept "notice of circumstances" under the 2003-04 policies. | |

| | | |
|---|---|---|
| | PAD Decl. at Exh. N; Dkt. No. 279, Exh. O at 2-3; and 2015 MSJ Order, at p. 3:24-26. | |
| | **Fact 19.** National Union first learned of Magma's prior notice of potential future claims from ERII's August 23, 2005 preliminary coverage letter wherein it placed coverage for the Securities Actions under the ERII 2003-04 Policy. Accordingly, because the loss had been placed in the 2003-04 policy period by the primary carrier, National Union denied coverage under its 2004-06 Policy.<br><br>PAD Decl. at Exhs. O and P; Dkt. No. 88 at Exhs. L, N and Q; Dkt. No. 279, Exh. N at 4; and 2015 MSJ Order, at p. 3:26-4:1. | |
| 7. Magma can not demonstrate that it has suffered any damages to support its breach of contract claim as the defense and the settlement of the Securities Actions were fully funded by its insurers | **Fact 20.** The defense of the Securities Actions was funded under the ERII 2003-04 Policy.<br><br>PAD Decl. at Exhs. J, ¶ 8-9, and Q; Dkt. No. 104 at ¶¶ 8-9; Dkt. No. 255 at p. 17:4-7; 2015 MSJ Order, at p. 3:21-24; Dkt. No. 100, ERII "Statement of Position," at 5-6; and Dkt. No. 88 at ¶¶ 13, 15, and18; Exhs. L, N, and Q. | |
| | **Fact 21.** In November 2007, Magma and its insurers settled the Securities Actions.<br><br>PAD Decl. at Exh. R at ¶¶ 2-4, and Exh. S; Dkt. No. 279, Exh. S, Declaration of Clayton Parker at ¶ 2; and 2015 MSJ Order at p. 4:16-21. | |
| | **Fact 22.** ERII paid the remaining balance of its $10 million policy limit towards the settlement, and recorded it as coverage under the 2003-04 Policy.<br><br>PAD Decl. at Exh. S; Dkt. No. 279, Exhs. Q and R; Dkt. No. 100 at p. 6:7-16; and 2015 MSJ Order at pp. 4:17-18, and 11:4-5. | |
| | **Fact 23.** Genesis paid its $5 million policy limits towards the settlement and XL contributed its $5 million limits under the XL 2003-04 Policy.<br><br>PAD Decl. at Exh. R; Dkt. No. 279, Exh. S at ¶¶ 3, 4; and 2015 MSJ Order, at p. 4:19. | |
| | **Fact 24.** Other than satisfying its retention obligation under its policy with ERII, Magma did not contribute from its own pocket any money to fund its defense of | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | any of the covered claims asserted in the Securities Actions or in the settlement of the Securities Actions.<br><br>PAD Decl. at Exhs. R and S; Dkt. No. 279, Exhs. R, S. | |
| | **Fact 25.** In July 2014, Magma filed its Second Amended Counterclaim and Crossclaim. In its crossclaim against National Union, Magma alleges a claim breach of contract on the basis that National Union refused "*to reimburse Genesis the $5 million Genesis paid towards the settlement of the Underlying Actions*," thus exposing Magma to "a demand from Genesis" for reimbursement. Accordingly, Magma's sole claim for damages is that it "faces a demand from Genesis to reimburse it in the amount of $5 million plus interest," and that it "has incurred, and will continue to incur, attorney's fees and costs to respond to Genesis's demands."<br><br>Dkt. No. 255, ¶¶ 56, 61. | |
| **CLAIM 2 – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** | | |
| 1. Magma can not show breach of contract as it has suffered no damages and as such there can be no breach of the covenant | See Facts 1 – 25, above. | |
| 2. There is and has been a genuine dispute regarding coverage for the Securities Actions under the National Union policy and the exhaustion of the limits of the underlying primary policy | **Fact 26.** The National Union 2004-06 Policy includes an "exhaustion" provision that states in pertinent part:<br><br>"It is expressly agreed that liability for any covered loss with respect to Claims first made against the Insureds during the Policy Period … and reported in writing to the Insurer pursuant to the terms of this policy shall attach to the Insurer only after the Underlying Insurers and/or the Insureds or the Company shall have paid the full amount of the Total Underlying Limits …"<br><br>PAD Decl. at Exh. D at p. 5 § III; Dkt. No. 279, Exh. D at p. 5, § III; and 2015 MSJ Order, at p. 10:21-25. | |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | | |
|---|---|---|
| | **Fact 27.** Pursuant to the "Definitions" section of the National Union 2004-06 Policy, "Total Underlying Limits" means the amount set forth in item 4(b) of the Declarations [item 4(b) states the limits are $10,000,000], which is the aggregate sum of the limit of liability of all Underlying Policies, which is identified at item 5 of the Declarations as the ERII 2004-06 Policy.<br><br>PAD Decl. at Exh. D, p. 5 § II at ¶¶ (f), (h), (g), and p. 2 at Items 4(b) and 5; Dkt. No. 279, Exh. D at p. 5, § II – Definitions ¶¶ (f), (h), and (g); and p. 2, Declarations Items 4(b) and 5. | |
| | **Fact 28.** Because ERII placed coverage for the Securities Actions in the 2003-04 policy period, defended the claims under its 2003-04 policy, and paid its 2003-04 policy limits in settlement of the claims, there was no exhaustion of the Total Underlying Limits to trigger any obligations under the National Union 2004-06 Policy and National Union properly denied coverage for the claims.<br><br>See Facts 1 – 24, above. | |
| | **Fact 29.** Following settlement of the Securities Actions, and in response to summary judgments filed by the excess carriers, ERII submitted a "Statement of Position" wherein it discussed its acceptance of the Patent Infringement complaint as "'notice of circumstances which could give rise to a Claim' within the meaning of § 15(b) of the ERII 2003-04 Policy," and its decision to place coverage in the 2003-04 policy period. ERII advised the Court and all parties as follows:<br><br>"ERII has committed to contribute what remains of the Limits of Liability to **the ERII 03/04 Policy** toward settlement of the [Securities Actions]. Upon ERII's contribution toward these settlements, the **Limits of Liability of the ERII 03/04 Policy will be exhausted** and ERII will have no further obligations under that Policy."<br><br>PAD Decl. at Exh. Q at 4:12-5:9 and 6:7-16; Dkt No. 100 at 4:12-5:9 and 6:7-16, emphasis added. See also, Dkt. No. 103 at ¶ 5. | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| | **Fact 30.** In its initial counterclaim in this action, Magma sought a determination as to whether the Genesis 2003-04 Policy or the National Union 2004-06 Policy applied to the securities actions. Magma also filed a third-party complaint against National Union seeking the same determination, and against ERII seeking a declaration as to whether the ERII 2003-04 Policy or the ERII 2004-06 Policy applied. Magma's initial third party complaint did not include a claim for bad faith against National Union.<br><br>Dkt. No. 11; and 2015 MSJ Order at p. 4:7-11. | |
| | **Fact 31.** In opposing Genesis' initial motion for summary judgment, Magma took the position that it had "provided Genesis with Sufficient Notice of Circumstances During the 2003-2004 Policy Period." Magma also argued that "Genesis waived any right to reject Magma's Notice of Circumstances as "defective." It was Magma's express position that "The Underlying Actions are all related claims deemed made during the 2003-04 Policy Period."<br><br>Dkt. No. 101, at p. 1:2-23. | |
| | **Fact 32.** In its concluding statements in its opposition to National Union's previous motion for Partial Summary Judgment, Magma reiterated its position that: "… **Magma believes that the Genesis Policy is triggered, given the timing of notice and Genesis's duty to investigate and its duty to advise the insured as to any shortcomings in such notice**."<br><br>Dkt. No. 102, at pp. 4-6, and at p. 9:22-25. | |
| | **Fact 33.** At the hearing of the motions, Magma's attorney specifically told the court that the arguments it was advancing (the same arguments relied upon by National Union) are "reasonable:"<br><br>"**There's a reasonable argument and basis for why one policy should be chosen over another.** [¶] Magma believes that it's the '03 – '04 policy which should be covered and, therefore, the excess policies should cover the underlying claims and Magma believes that for two reasons: One, because Magma provided a Notice of | |

| | | |
|---|---|---|
| | Circumstance to Genesis and Notice of Circumstance which Genesis accepted; and, two, because the underlying claims are related to the patent infringement case pursuant to the related claims provision in the '03 – '04 policies."<br><br>PAD Decl. at Exh. T at p. 33:18-34:4; Dkt. No. 137, 4/18/08 Transcript at p. 33:18-34:4, emphasis added. | |
| | **Fact 34.** In July 2008, the district court granted partial summary judgment for National Union, holding that the Synopsys Action constituted a notice of circumstances that triggered the 2003-04 Policy, and therefore, Genesis was responsible for providing the first-layer excess coverage of the Securities Actions.<br><br>PAD Decl. at Exh. U; Dkt. No. 112; 2015 MSJ Order, at p. 4:23-26. | |
| | **Fact 35.** In reaching its decision, the court explained:<br><br>"It is undisputed that Magma sent both ERII and Genesis the Infringement Action complaint and accompanying letter, which each party acknowledges was intended to serve as a notice of circumstances. . . . While Magma may not have identified an alleged "Wrongful Act" committed by an insured person, such an identification is not clearly required by the policy language. The policy language refers to the nature of "any alleged Wrongful Acts," which allows for the potential that there may not be "any alleged Wrongful Acts" at the time of the notice. . . . This comports with the underlying purpose of the notice of circumstances—to give notice of potential future claims related to the circumstances.<br><br>"Magma also made known to ERII and Genesis that it viewed a D&O claim as the potential for covered damages in two ways: (1) by requesting the companies to accept the Infringement Action as a proper notice of circumstances; and (2) by specifically mentioning to Mr. Nace that a patent infringement claim could give rise to a covered claim. . . . Accordingly, the Court finds that Magma gave a proper notice of circumstances within the ERII 03/04 Policy Period." | |

| | | |
|---|---|---|
| | PAD Decl. at Exh. U, p. 10:5-23; Dkt. No. 112 at 10:5-23. | |
| | **Fact 36.** The matter was appealed to the Ninth Circuit (09-15204), and Magma reiterated its position that the loss belonged in the 2003-04 policy period on appeal.<br><br>Magma's counsel Dennis Cusack argued to the panel that "**Magma and National Union and, I think, Executive Risk agree that coverage in this case ought to fall to Genesis … .**"<br><br>Counsel also stated that, "Executive Risk, the primary carrier, with no dog in this fight, looked at the policy, looked at the same facts, the infringement action and the subsequent securities action and concluded that the earlier policy year, Executive Risk and Genesis above, applies to this case given the notice of circumstances provisions in its policy."<br><br>Counsel argued that Magma "specifically told Genesis and Executive Risk … [t]his is a notice of circumstance. We're telling you that a subsequent claim covered by the directors and officers liability policy may follow. [¶] Now, Executive Risk took that infringement action complaint. An experienced claims manager, presumably applying common sense, their experience **and acting in good faith**, said, yes, we accept this as a notice of circumstance."<br><br>PAD Decl. at Exh. V at pp. 12:10-12 , 13:5-11, and 15:6-19 ; Dkt. No. 176, Exh I at pp. 12:10-12 , 13:5-11, and 15:6-19 (emphasis added). | |
| | **Fact 37.** The Ninth Circuit reversed the district court's decision and concluded that the notice of circumstances that Magma provided to Genesis was inadequate. The Court specifically did not decide whether the notice of circumstances provided to ERII was sufficient and the case was remanded back to the district court for further proceedings.<br><br>PAD Decl. at Exh. W; See, *Genesis Ins. Co. v. Magma Design Automation, Inc.* ("Genesis I"), 386 Fed. Appx. 728, 730 (9th Cir. 2010); and 2015 MSJ Order, at p. 5:1-5. | |

| | | |
|---|---|---|
| | **Fact 38.** On remand, Genesis filed an amended complaint seeking to recover the $5 million it paid towards the settlement of the securities actions under alternative theories of restitution against Magma and equitable subrogation against National Union.<br><br>Dkt. No. 153; 2015 MSJ Order, at p. 5:7-9. | |
| | **Fact 39.** In response, Magma filed an amended counterclaim and crossclaim asserting claims for: (1) declaratory relief against Genesis, (2) declaratory relief against National Union, (3) breach of contract against National Union, and [*for the first time*] (4) breach of the implied covenant of good faith and fair dealing against National Union.<br><br>Dkt. No. 154; and 2015 MSJ Order, at p. 5:9-12. | |
| | **Fact 40.** National Union filed motions to dismiss as to both the Genesis and Magma amended pleadings. The primary basis for National Union's motions to dismiss was that neither Genesis nor Magma had plead, nor could they plead, exhaustion of the ERII 2004-06 primary policy underlying the National Union excess policy and without exhaustion of the underlying primary policy there is no coverage under an excess policy.<br><br>Dkt. Nos. 158 and 161. | |
| | **Fact 41.** Genesis and Magma filed motions for summary judgment as to their respective claims and in December 2010, the district court granted partial summary judgment for Genesis, holding that National Union owed coverage because the Ninth Circuit already ruled that the Genesis 2003-04 Excess Policy was not triggered. The court held that Genesis was entitled to recover its payment of $5 million from National Union under an equitable subrogation theory. National Union appealed that decision.<br><br>Dkt. Nos. 168, 169, 186, and 202; and 2015 MSJ Order, at p. 5:13-16. | |
| | **Fact 42.** In February 2013, the Ninth Circuit again reversed. *Genesis Ins. Co. v. Magma Design Automation, Inc.* ("*Genesis II*"), 506 Fed. Appx. 679, 680 (9th Cir. 2013). See, Dkt. No. 208. | |

| | | |
|---|---|---|
| | The Court held that ERII invoked its 2003-04 Policy, thus ERII's 2004-06 Policy was not exhausted, and therefore, coverage under the National Union 2004-06 Policy could not be triggered. The Court explained that ERII's statement that it would "adjust its records" to reflect exhaustion of the ERII 2004-06 Policy was "explicitly contingent" on a judicial determination that ERII's decision to invoke the 2003-04 Policy based on the notice of circumstances was incorrect; however, "[t]here has been no such determination." Accordingly, the Ninth Circuit reversed and remanded the case with instructions to "determine whether ERII correctly treated the [Synopsys] complaint as notice of circumstances that could give rise to a covered claim under its policy."<br><br>PAD Decl. at Exh. X; See Genesis II, 506 Fed. Appx. at 680; and 2015 MSJ Order, at p. 5:17-25. | |
| | **Fact 43.** In December 2013, this Court granted National Union's refiled motions to dismiss on the grounds that neither Genesis's amended complaint nor Magma's amended counterclaim and crossclaim alleged exhaustion of the ERII 2004-06 Policy.<br><br>Dkt. No. 253 at 7; and 2015 MSJ Order, at p. 6:2-4. | |
| | **Fact 44.** In support of its opposition to National Union's motion to dismiss, Genesis submitted a new declaration from ERII asserting that, in light of the ruling by the Ninth Circuit, ERII had reevaluated its decision to accept the notice of circumstances provided by Magma, had determined the notice was insufficient and had reallocated its payments under the ERII 2003-04 Policy to the ERII 2004-06 Policy.<br><br>PAD Decl. at Exh. Y; Dkt. No. 245 at p. 25, ¶ 10; and 2015 MSJ Order, at p. 6:2-4. | |
| | **Fact 45.** In granting National Union's motion to dismiss the Court allowed Genesis and Magma leave to amend their pleadings but also permitted the parties to engage in limited discovery to determine whether there was a material difference between the notice of circumstances sent to Genesis, which the Ninth Circuit found to be inadequate, and the notice sent to ERII. | |

| | | |
|---|---|---|
| | Dkt. No. 253 at 8; 2015 MSJ Order, at p. 6:4-8. | |
| | **Fact 46.** In July 2014, Genesis filed its second amended complaint, and Magma filed its Second Amended Counterclaim and Crossclaim. In its crossclaim against National Union, Magma for the first time alleges exhaustion of the ERII 2004-06 Policy underlying the National Union 2004-06 Policy.<br><br>See Dkt. No.255. | |
| | **Fact 47.** In January 2015, Genesis and Magma each filed Motions for Partial Summary Judgment. The court subsequently granted Genesis's motion for summary judgment as to its equitable subrogation claim <u>against National Union</u>, and granted Magma's motion for summary judgment <u>solely as to Magma's claim for declaratory relief</u>.<br><br>See Dkt. No. 313. | |
| | **Fact 48.** The court entered judgment against National Union, and awarded <u>Genesis</u> the $5 million that Genesis contributed to the settlement of the Securities Actions, plus prejudgment interest. The court did not award Magma any damages on its claims. National Union's appeal of this judgment is currently pending before the Ninth Circuit.<br><br>See Dkt. Nos. 317, 320, 322; and Ninth Circuit, case no. 15-16999. | |

I have reviewed the foregoing Separate Statement and I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

DATED: January 12, 2016

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Paul A. Desrochers*

Glenn A. Friedman
Michael K. Johnson
Paul A. Desrochers
Attorneys for Defendant and Counter/Cross Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.