**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SBN 104442
Email: Glenn.Friedman@lewisbrisbois.com
MICHAEL K. JOHNSON, SBN 130193
Email: Michael.Johnson@lewisbrisbois.com
PAUL A. DESROCHERS, SBN 214855
Email: Paul.Desrochers@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, CA 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant and Counter/Cross-Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br>Plaintiff/Counter-Defendant,<br>vs.<br>MAGMA DESIGN AUTOMATION, INC. *et al*,<br>Defendant/Counter-Claimant. | Case No. 06-CV-05526 EJD<br>**NATIONAL UNION'S REPLY TO, OBJECTION AND MOTION TO STRIKE MAGMA DESIGN AUTOMATION, INC.'S RESPONSE TO NATIONAL UNION'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br>**Date: June 9, 2016**<br>**Time: 9:00 a.m.**<br>**Courtroom: 8, 4th Floor** |
| AND ALL RELATED CROSS-ACTIONS. | **Judge: Hon. Edward J. Davila** |

Cross-Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this Reply to Magma Design Automation, Inc.'s ("Magma") Response to National Union's Separate Statement in support of its motion for summary judgment pursuant to this Court's Standing Order for Civil Cases ("Standing Order"), Section IV, Paragraph B, Part 3.

Further, National Union objects and moves to strike Magma's "Additional Material Facts," set forth in its Responsive Separate Statement in their entirety, or alternatively (Additional Facts Nos. 14 to 57), on the basis that Magma has violated Standing Order Section IV, Paragraph B, Part 2 by grossly exceeding the permissible page limitations imposed and failing to conform to the Court's pleading format for Responsive Separate Statements.



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| **CLAIM 1 – BREACH OF CONTRACT AGAINST NATIONAL UNION** | | |
| 1. Magma had primary, excess and second layer excess insurance coverage totaling $20 million for both the 2003-2004 and the 2004-2006 policy periods. | **Fact 1.** Magma obtained a $10 million Directors and Officers ("D&O") liability insurance policy from Executive Risk Indemnity, Inc. ("ERII") for the period of December 15, 2003 to December 15, 2004 ("ERII 2003-04 Policy").<br><br>Declaration of Paul A. Desrochers In Support of National Union's MSJ ("PAD Decl.") at ¶ 1 and Exh. A; Docket Number ("Dkt. No.") 279 at ¶ 2 and Exh. B; Dkt. No. 313 (2015 Amended Order on Motions for Summary Judgment ["2015 MSJ Order"]) at p. 2:4-6. | Undisputed. |
| | **Fact_2.** Magma obtained first-layer excess D&O liability insurance from Genesis Insurance Company ("Genesis") for the same policy period ("Genesis 2003-04 Policy").<br><br>PAD Decl. at ¶ 2, Exh. B; Dkt. No. 279 at Exh. A; and 2015 MSJ Order, at p. 2:7-9. | Undisputed. |
| | **Fact 3.** The Genesis 2003-04 Policy is a "following form" policy that incorporates the terms, conditions, and exclusions of the primary ERII 2003-04 Policy, and had a policy limit of $5 million.<br><br>PAD Decl. at ¶ 2, Exh. B; Dkt. No. 279 at Exh. A; and 2015 MSJ Order, at p. 2:9-11. | Undisputed. |
| | **Fact 4.** After expiration of the ERII 2003-04 Policy, Magma renewed its primary $10 million D&O liability insurance policy with ERII for the period of December 15, 2004 to March 30, 2006 ("ERII 2004-06 Policy").<br><br>PAD Decl. at ¶ 3, Exh. C; Dkt. No. 279 at Exh. C; and 2015 MSJ Order, at p. 2:12-14. | Undisputed. |
| | **Fact 5.** Magma obtained a new first-layer excess insurance policy from National Union for the 2004-06 period ("National Union 2004-06 Policy"). The National Union 2004-06 Policy is a following form policy, and had a policy limit of $5 million.<br><br>PAD Decl. at ¶ 4, Exh. D; Dkt. No. 279 at Exh. D; and 2015 MSJ Order, at p. 2:14-18. | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | **Fact 6.** XL Insurance Specialty Insurance Company ("XL") provided second layer excess coverage for Magma in both the 2003-04 and 2004-06 policy periods, with limits of $5 million per claim above the underlying $15 million coverage ("XL Excess Policy").<br><br>PAD Decl. at ¶ 6, Exh. E; Dkt. No. 176, Exh. A at pp. 1-7. | Undisputed that XL provided excess coverage in both years, but the terms of the XL 03-04 and 04-06 policies differ materially. The 03-04 XL Policy has a 50% co-insurance provision. The 04-06 XL Policy does not.<br><br>*See* Magma's Additional Material Facts ("AMF") 50 and 51, *infra*; *and see* XL 03-04 Policy and Co-Insurance Endorsement attached thereto (Exh. I to the Cusack Decl.); XL 04-06 Policy (Exh. J to the Cusack Decl.) |
| 2. The *Synopsys* Action arose during the first policy period. | **Fact 7.** In September 2004, Synopsys, Inc. filed an action against Magma alleging patent infringement: *Synopsys, Inc. v. Magma Design Automation*, No. 3:04-cv-03923-MMC (N.D. Cal.) (the "*Synopsys* Action").<br><br>PAD Decl. at ¶ 7, Exh. F; Dkt. No. 279 at Exh. G; 2015 MSJ Order, at pp. 2:25-3:1. | Undisputed. |
| 3. Magma issued "notice of circumstances" to its 2003-2004 carriers seeking to preserve coverage for future claims arising from the *Synopsys* Action | **Fact 8.** The ERII 2003-04 Policy contained a "notice of circumstances" provision at Section 15(b) of the policy which provided that, if during the policy period its insured "becomes aware of circumstances which could give rise to a Claim and gives written notice of such circumstances to [ERII]; … then any Claim subsequently arising from the circumstances … shall be deemed to have been first made during the Policy Period in which the written notice … was first given by [Magma] to [ERII], provided any such subsequent Claim is reported to the [ERII] as set forth in Subsection 15(a) above."<br><br>PAD Decl., Exh. C at § 15(b); Dkt. No. 279 at Exh. B, § 15(b) at 40; 2015 MSJ Order, at pp. 7:26-8:9. | Undisputed. |
| | **Fact 9.** During the 2003-04 policy period, Magma's insurance broker sent a letter dated September 28, 2004 with a copy of the *Synopsys* complaint to ERII, to Genesis, and to XL, requesting that the carriers | Undisputed. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | accept the information as a notice of circumstances pursuant to the 2003-04 Policy, should a future D&O claim arise out of the *Synopsys* Action.<br><br>PAD Decl. at Exhs. G, H, I, J and M; Dkt. No. 279 at Exhs. F, G, H and L; Dkt. No. 104 at ¶ 5; and 2015 MSJ Order, at p. 3:1-7. | |
| | **Fact 10.** On or about November 9, 2004, Magma's broker contacted Richard Nace of ERII to follow up on Magma's request that ERII accept the *Synopsys* complaint as a notice of circumstances under the ERII 2003-04 Policy. In this discussion, Magma's broker advised Mr. Nace that Magma had had a patent infringement action "morph into a D&O matter in the past and [that Magma wanted] to be really careful." Thus, Magma had reason to believe at that time that its directors and officers could be sued as a result of the patent lawsuit.<br><br>PAD Decl. at Exhs. J, K and M; Dkt No. 104 at ¶ 6-7; Dkt. No. 279 at Exh. K; 2015 MSJ Order, at p. 3:8-10; and Dkt. No. 288, ¶ 4, Exh. A at p. 28. | The first two sentences are undisputed. The third sentence is immaterial, conclusory and argumentative.<br><br>*See* July 12, 2010 Ninth Circuit Mem. Op. (Dkt. No. 139); *see also* 2015 Amended MSJ Order (Dkt. No. 313). |
| **<u>National Union's Reply to Fact 10</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact nor does the evidence cited dispute this fact.** | | |
| 4. ERII and XL accepted notice of circumstances under their 2003-04 policies and preserved coverage for future claims arising from the *Synopsys* Action | **Fact 11.** On or about November 9, 2004, subsequent to his discussion with Magma's broker and pursuant to Magma's request, Mr. Nace, on behalf of ERII, issued a coverage letter to Magma agreeing to accept the *Synopsys* complaint as a "notice of potential future claim," thus preserving coverage under the ERII 2003-04 Policy for any future D&O claim arising out of the *Synopsys* Action.<br><br>PAD Decl. at Exhs. J and K; Dkt. No. 279 at ¶ 8, Exh. K. | Undisputed that Mr. Nace sent a letter on November 9, 2004, which speaks for itself. The words beginning with "thus" are immaterial, conclusory and argumentative.<br><br>*See* July 12, 2010 Ninth Circuit Mem. Op. (Dkt. No. 139); *see also* 2015 Amended MSJ Order (Dkt. No. 313). |
| **<u>National Union's Reply to Fact 11</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact. Further, Magma's comments are immaterial as the evidence cited by Magma does not dispute this fact or support Magma's comments.** | | |
| | **Fact 12.** On December 28, 2004, XL notified Magma that it was adopting ERII's position and agreed to accept the Synopsys complaint and Magma's September 28, 2004 letter as "notice of circumstances" | Undisputed but incomplete, as XL did so under a reservation of rights; also immaterial. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | under the XL 2003-04 Policy.<br><br>PAD Decl. at Exh. E; Dkt. No. 176, Exh. A at 5. | |
| **<u>National Union's Reply Fact 12</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 13.** Following its receipt of Magma's correspondence and documents tendering the *Synopsys* Action and requesting that Genesis accept the correspondence and Synopsys complaint as "notice of circumstances" under its 2003-04 policy, Genesis neither rejected nor accepted Magma's request, nor did it advise Magma that the "notice of circumstances" request was inadequate.<br><br>PAD Decl. at Exh. L; Dkt. No. 62 at p. 5:2-8. | Undisputed but immaterial. |
| | **Fact 14.** After ERII accepted "notice of circumstances" under the ERII 2003-04 Policy, Magma did not provide further information to ERII or its other carriers regarding the *Synopsys* Action or any potential claims that could arise.<br><br>PAD Decl. at Exh. M; Dkt. No. 288, Exh. A, at pp. 16-18. | Undisputed. |
| 5. The securities class action and shareholder derivative suits are filed based upon the facts alleged in the *Synopsys* Action | **Fact 15.** In June 2005, after the expiration of the 2003-04 Policy, Magma shareholders filed a securities class action against Magma, *In re Magma Design Automation, Inc. Securities Litigation*, No. 3:05-cv-02394-CRB (N.D. Cal.), and in July 2005, Magma shareholders filed a shareholder derivative action against Magma, *Willis v. Madhavan et al*., No. 105CV045834 (Cal. Super. Ct., Santa Clara County) (collectively, the "Securities Actions").<br><br>PAD Decl. at Exh. J, ¶ 4; Dkt. No. 104 at ¶ 4; and 2015 MSJ Order, at p. 3:16-21. | Undisputed. |
| 6. ERII accepts coverage for the Securities Actions under its 2003-2004 policy based on the previously accepted notice of circumstances | **Fact 16.** Based upon the information it had previously received from Magma, ERII determined that the notice of the *Synopsys* Action given by Magma constituted a "notice of circumstances" as to the Securities Actions, and placed the coverage under its 2003-04 Policy. | Undisputed but incomplete. ERII did so under a reservation of rights. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| provided by Magma | PAD Decl. at Exh. J, ¶¶ 8-9 and Exh. O; Dkt. No. 104 at ¶¶ 7-9; Dkt. No. 88, Exh. N; and 2015 MSJ Order, at p. 3:21-24. | |
| **<u>National Union's Reply to Fact 16</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 17.** In deciding to place coverage for the Securities Actions under the ERII 2003-04 Policy, ERII's adjuster, Mr. Nace, reviewed ERII's files and the applicable policy provisions and determined that the Securities Actions arose from the circumstances that were the subject of the notice of circumstances request previously discussed with Magma's broker, and that the Securities Actions were thus deemed to have been first made during the 2003-2004 policy period.<br><br>PAD Decl. at Exh. J, ¶ 8-9, Exh. M at pp. 4-5 and 12-14, and Exh. O; Dkt. No. 104 at ¶¶ 7-9; Dkt. No. 88, Exh. N. | Undisputed but incomplete because ERII did so under a reservation of rights. This fact is otherwise immaterial.<br><br>*See* July 12, 2010 Ninth Circuit Mem. Op. (Dkt. No. 139); *see also* 2015 Amended MSJ Order (Dkt. No. 313). |
| **<u>National Union's Reply to Fact 17</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact. Further, Magma's comments are immaterial as the evidence cited by Magma does not dispute this fact or support Magma's comments.** | | |
| | **Fact 18.** Genesis disagreed with ERII's placement of coverage under the 2003-04 policy period, and denied coverage for the Securities Actions based on its contention that it had not accepted the notice of circumstances provided by Magma's broker, or agreed with the decisions by ERII and XL to accept "notice of circumstances" under the 2003-04 policies.<br><br>PAD Decl. at Exh. N; Dkt. No. 279, Exh. O at 2-3; and 2015 MSJ Order, at p. 3:24-26. | Undisputed. |
| | **Fact 19.** National Union first learned of Magma's prior notice of potential future claims from ERII's August 23, 2005 preliminary coverage letter wherein it placed coverage for the Securities Actions under the ERII 2003-04 Policy. Accordingly, because the loss had been placed in the 2003-04 policy period by the primary carrier, National Union denied coverage under its 2004-06 Policy.<br><br>PAD Decl. at Exhs. O and P; Dkt. No. 88 at Exhs. L, N and Q; Dkt. No. 279, Exh. N at | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | 4; and 2015 MSJ Order, at p. 3:26-4:1. | |
| 7. Magma cannot demonstrate that it has suffered any damages to support its breach of contract claim as the defense and the settlement of the Securities Actions were fully funded by its insurers | **Fact 20.** The defense of the Securities Actions was funded under the ERII 2003-04 Policy.<br><br>PAD Decl. at Exhs. J, ¶ 8-9, and Q; Dkt. No. 104 at ¶¶ 8-9; Dkt. No. 255 at p. 17:4-7; 2015 MSJ Order, at p. 3:21-24; Dkt. No. 100, ERII "Statement of Position," at 5-6; and Dkt. No. 88 at ¶¶ 13, 15, and18; Exhs. L, N, and Q. | Undisputed that the funding was initially under the ERII 03-04 Policy, subject to a reservation of rights, and that ERII later reallocated the funding to the 04-06 Policy.<br><br>*See* Magma's AMF 36; 2013 Nace Decl. (Dkt. No. 245, Exh. A); 2015 Amended MSJ Order, 8/31/15 (Dkt. No. 313) at 19. |
| **<u>National Union's Reply to Fact 20</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact. Further, Magma's additional comments and cited evidence are immaterial and do not dispute this fact.** | | |
| | **Fact 21.** In November 2007, Magma and its insurers settled the Securities Actions.<br><br>PAD Decl. at Exh. R at ¶¶ 2-4, and Exh. S; Dkt. No. 279, Exh. S, Declaration of Clayton Parker at ¶ 2; and 2015 MSJ Order at p. 4:16-21. | Undisputed. |
| | **Fact 22.** ERII paid the remaining balance of its $10 million policy limit towards the settlement, and recorded it as coverage under the 2003-04 Policy.<br><br>PAD Decl. at Exh. S; Dkt. No. 279, Exhs. Q and R; Dkt. No. 100 at p. 6:7-16; and 2015 MSJ Order at pp. 4:17-18, and 11:4-5. | Undisputed that the funding was initially under the ERII 03-04 Policy, subject to a reservation of rights, and that ERII later applied the funding to the 04-06 Policy.<br><br>*See* Magma's AMF 36; 2013 Nace Decl. (Dkt. No. 245, Exh. A); 2015 Amended MSJ Order, 8/31/15 (Dkt. No. 313) at 19. |
| **<u>National Union's Reply to Fact 22</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact. Further, Magma's additional comments and cited evidence are immaterial and do not dispute this fact.** | | |
| | **Fact 23.** Genesis paid its $5 million policy limits towards the settlement and XL contributed its $5 million limits under the XL 2003-04 Policy.<br><br>PAD Decl. at Exh. R; Dkt. No. 279, Exh. S at ¶¶ 3, 4; and 2015 MSJ Order, at p. 4:19. | Undisputed that Genesis paid its $5 million limits towards the settlement. Disputed that XL contributed its $5 million limit. Only approximately $2.2 million of the settlement was funded from the XL layer. In addition, the 03-04 XL Policy has a 50% co-insurance provision, so that |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | | XL contributed about $1.1 million and Magma contributed $1.1 million, each under a reservation of rights.<br><br>*See* Magma's AMF 50-56 and evidence cited there. |
| **National Union's Reply to Fact 23: Magma's response does not establish any dispute as to this particular fact – Magma's response merely clarifies that Magma's carriers participated in the settlement to the extent that Magma was entitled to coverage and that Magma's payment towards the settlement were pursuant to its obligations under its policy with XL. Satisfying its obligations under its insurance contract with XL does not constitute damages. (*Emerald Bay Cmty. Ass'n. v. Golden Eagle Ins. Corp.*, 130 Cal. App. 4th 1078, 1088 (2005))** | | |
| | **Fact 24.** Other than satisfying its retention obligation under its policy with ERII, Magma did not contribute from its own pocket any money to fund its defense of any of the covered claims asserted in the Securities Actions or in the settlement of the Securities Actions.<br><br>PAD Decl. at Exhs. R and S; Dkt. No. 279, Exhs. R, S. | Disputed. Magma funded approximately $1.1 million of the settlement of the Securities Actions under a reservation of rights.<br><br>*See* Magma's AMF 50-56 and evidence cited there. |
| **National Union's Reply to Fact 24: Magma's response does not establish any dispute as to this particular fact – Magma's response merely clarifies that Magma's carriers participated in the settlement to the extent that Magma was entitled to coverage and that Magma's payment towards the settlement were pursuant to its obligations under its policy with XL. Satisfying its obligations under its insurance contract with XL does not constitute damages. (*Id.*)** | | |
| | **Fact 25.** In July 2014, Magma filed its Second Amended Counterclaim and Crossclaim. In its crossclaim against National Union, Magma alleges a claim breach of contract on the basis that National Union refused "*to reimburse Genesis the $5 million Genesis paid towards the settlement of the Underlying Actions*," thus exposing Magma to "a demand from Genesis" for reimbursement. Accordingly, Magma's sole claim for damages is that it "faces a demand from Genesis to reimburse it in the amount of $5 million plus interest," and that it "has incurred, and will continue to incur, attorney's fees and costs to respond to Genesis's demands."<br><br>Dkt. No. 255, ¶¶ 56, 61. | Disputed. Magma funded approximately $1.1 million of the settlement of the Securities Actions under a reservation of rights. Once National Union pays under its 04-06 Policy, XL will acknowledge coverage under its 04-06 Policy, which does not have a 50% co-insurance provision. As a result, Magma is entitled to reimbursement of the $1.1 million it paid towards the settlement. National Union's breach has damaged Magma in that amount. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | | *See* Magma's AMF 50-56 and evidence cited there. |
| **<u>National Union's Reply to Fact 25</u>: Magma's response does not establish any dispute as to this particular fact – Magma's response merely clarifies that Magma's carriers participated in the settlement to the extent that Magma was entitled to coverage and that Magma's payment towards the settlement were pursuant to its obligations under its policy with XL. Satisfying its obligations under its insurance contract with XL does not constitute damages. (*Id.*)** | | |
| **CLAIM 2 – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** | | |
| 1. Magma cannot show breach of contract as it has suffered no damages and as such there can be no breach of the covenant | See Facts 1 – 25, above. | Disputed. See Magma's responses to Facts 1-25, above. |
| **<u>National Union's Reply</u>: As addressed above, Magma has objected to aspects of National Union's asserted facts but has failed to substantively dispute any of the facts set forth above. See National Union's Reply to Fact's 1-25 above.** | | |
| 2. There is and has been a genuine dispute regarding coverage for the Securities Actions under the National Union policy and the exhaustion of the limits of the underlying primary policy | **Fact 26.** The National Union 2004-06 Policy includes an "exhaustion" provision that states in pertinent part:<br><br>"It is expressly agreed that liability for any covered loss with respect to Claims first made against the Insureds during the Policy Period … and reported in writing to the Insurer pursuant to the terms of this policy shall attach to the Insurer only after the Underlying Insurers and/or the Insureds or the Company shall have paid the full amount of the Total Underlying Limits …"<br><br>PAD Decl. at Exh. D at p. 5 § III; Dkt. No. 279, Exh. D at p. 5, § III; and 2015 MSJ Order, at p. 10:21-25. | Undisputed. |
| | **Fact 27.** Pursuant to the "Definitions" section of the National Union 2004-06 Policy, "Total Underlying Limits" means the amount set forth in item 4(b) of the Declarations [item 4(b) states the limits are $10,000,000], which is the aggregate sum of the limit of liability of all Underlying Policies, which is identified at item 5 of the | Undisputed. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | Declarations as the ERII 2004-06 Policy.<br><br>PAD Decl. at Exh. D, p. 5 § II at ¶¶ (f), (h), (g), and p. 2 at Items 4(b) and 5; Dkt. No. 279, Exh. D at p. 5, § II – Definitions ¶¶ (f), (h), and (g); and p. 2, Declarations Items 4(b) and 5. | |
| | **Fact 28.** Because ERII placed coverage for the Securities Actions in the 2003-04 policy period, defended the claims under its 2003-04 policy, and paid its 2003-04 policy limits in settlement of the claims, there was no exhaustion of the Total Underlying Limits to trigger any obligations under the National Union 2004-06 Policy and National Union properly denied coverage for the claims.<br><br>See Facts 1 – 24, above. | Disputed and argumentative.<br><br>*See* Magma's responses to Facts 1-24, above; *see also* Magma's AMF 1-57, below. |
| **<u>National Union's Reply to Fact 28</u>: This fact is undisputed. Magma's response and objection does not establish any dispute as to this particular fact. Further, fails to cite to any <u>specific evidence</u> in support of its response – Citation to the entirety of its Responsive Separate Statement does not comply with this Court's Standing Order by citation to specific evidence in the record establishing the dispute.** | | |
| | **Fact 29.** Following settlement of the Securities Actions, and in response to summary judgments filed by the excess carriers, ERII submitted a "Statement of Position" wherein it discussed its acceptance of the Patent Infringement complaint as "'notice of circumstances which could give rise to a Claim' within the meaning of § 15(b) of the ERII 2003-04 Policy," and its decision to place coverage in the 2003-04 policy period. ERII advised the Court and all parties as follows:<br><br>"ERII has committed to contribute what remains of the Limits of Liability to **the ERII 03/04 Policy** toward settlement of the [Securities Actions]. Upon ERII's contribution toward these settlements, the **Limits of Liability of the ERII 03/04 Policy will be exhausted** and ERII will have no further obligations under that Policy."<br><br>PAD Decl. at Exh. Q at 4:12-5:9 and 6:7-16; Dkt No. 100 at 4:12-5:9 and 6:7-16, emphasis added. See also, Dkt. No. 103 at ¶ 5. | Disputed because materially incomplete and misleading. The entire Statement of Position includes the following promise from ERII:<br><br>If this Court should determine, however, that the Securities Class Action, the Derivative Action and the Unfair Competition Action are properly deemed first made during the Policy Period of the ERII 04/06 Policy instead, ERII will adjust its records to reflect that all amounts paid in connection with those actions were paid under the ERII 04/06 Policy. If this should occur, the Limits of Liability of the ERII 04/06 Policy would be exhausted by the amount of ERII's payments |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | | instead, and ERII will have no further obligations under that Policy.<br><br>Dkt. No. 100 at 6:11-16. |
| **National Union's Reply to Fact 29: This fact is undisputed. Magma's response and objection does not establish any dispute as to this particular fact.** | | |
| | **Fact 30.** In its initial counterclaim in this action, Magma sought a determination as to whether the Genesis 2003-04 Policy or the National Union 2004-06 Policy applied to the securities actions. Magma also filed a third-party complaint against National Union seeking the same determination, and against ERII seeking a declaration as to whether the ERII 2003-04 Policy or the ERII 2004-06 Policy applied. Magma's initial third party complaint did not include a claim for bad faith against National Union.<br><br>Dkt. No. 11; and 2015 MSJ Order at p. 4:7-11. | Undisputed but immaterial. |
| | **Fact 31.** In opposing Genesis' initial motion for summary judgment, Magma took the position that it had "provided Genesis with Sufficient Notice of Circumstances During the 2003-2004 Policy Period." Magma also argued that "Genesis waived any right to reject Magma's Notice of Circumstances as "defective." It was Magma's express position that "The Underlying Actions are all related claims deemed made during the 2003-04 Policy Period."<br><br>Dkt. No. 101, at p. 1:2-23. | Undisputed but immaterial. |
| | **Fact 32.** In its concluding statements in its opposition to National Union's previous motion for Partial Summary Judgment, Magma reiterated its position that: "… **Magma believes that the Genesis Policy is triggered, given the timing of notice and Genesis's duty to investigate and its duty to advise the insured as to any shortcomings in such notice**."<br><br>Dkt. No. 102, at pp. 4-6, and at p. 9:22-25. | Undisputed but immaterial. |
| | **Fact 33.** At the hearing of the motions, Magma's attorney specifically told the | Undisputed but immaterial. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | court that the arguments it was advancing (the same arguments relied upon by National Union) are "reasonable:"<br><br>"**There's a reasonable argument and basis for why one policy should be chosen over another.** [¶] Magma believes that it's the '03 – '04 policy which should be covered and, therefore, the excess policies should cover the underlying claims and Magma believes that for two reasons: One, because Magma provided a Notice of Circumstance to Genesis and Notice of Circumstance which Genesis accepted; and, two, because the underlying claims are related to the patent infringement case pursuant to the related claims provision in the '03 – '04 policies."<br><br>PAD Decl. at Exh. T at p. 33:18-34:4; Dkt. No. 137, 4/18/08 Transcript at p. 33:18-34:4, emphasis added. | |
| | **Fact 34.** In July 2008, the district court granted partial summary judgment for National Union, holding that the Synopsys Action constituted a notice of circumstances that triggered the 2003-04 Policy, and therefore, Genesis was responsible for providing the first-layer excess coverage of the Securities Actions.<br><br>PAD Decl. at Exh. U; Dkt. No. 112; 2015 MSJ Order, at p. 4:23-26. | Undisputed but immaterial. |
| | **Fact 35.** In reaching its decision, the court explained:<br><br>"It is undisputed that Magma sent both ERII and Genesis the Infringement Action complaint and accompanying letter, which each party acknowledges was intended to serve as a notice of circumstances. . . . While Magma may not have identified an alleged "Wrongful Act" committed by an insured person, such an identification is not clearly required by the policy language. The policy language refers to the nature of "any alleged Wrongful Acts," which allows for the potential that there may not be "any alleged Wrongful Acts" at the time of the notice. . . . This comports with the underlying purpose of the notice of circumstances—to give notice of potential future claims related to the circumstances. | Undisputed but immaterial. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | "Magma also made known to ERII and Genesis that it viewed a D&O claim as the potential for covered damages in two ways: (1) by requesting the companies to accept the Infringement Action as a proper notice of circumstances; and (2) by specifically mentioning to Mr. Nace that a patent infringement claim could give rise to a covered claim. . . . Accordingly, the Court finds that Magma gave a proper notice of circumstances within the ERII 03/04 Policy Period."<br><br>PAD Decl. at Exh. U, p. 10:5-23; Dkt. No. 112 at 10:5-23. | |
| | **Fact 36.** The matter was appealed to the Ninth Circuit (09-15204), and Magma reiterated its position that the loss belonged in the 2003-04 policy period on appeal.<br><br>Magma's counsel Dennis Cusack argued to the panel that "**Magma and National Union and, I think, Executive Risk agree that coverage in this case ought to fall to Genesis … .**"<br><br>Counsel also stated that, "Executive Risk, the primary carrier, with no dog in this fight, looked at the policy, looked at the same facts, the infringement action and the subsequent securities action and concluded that the earlier policy year, Executive Risk and Genesis above, applies to this case given the notice of circumstances provisions in its policy."<br><br>Counsel argued that Magma "specifically told Genesis and Executive Risk … [t]his is a notice of circumstance. We're telling you that a subsequent claim covered by the directors and officers liability policy may follow. [¶] Now, Executive Risk took that infringement action complaint. An experienced claims manager, presumably applying common sense, their experience **and acting in good faith**, said, yes, we accept this as a notice of circumstance."<br><br>PAD Decl. at Exh. V at pp. 12:10-12 , 13:5-11, and 15:6-19 ; Dkt. No. 176, Exh I at pp. 12:10-12 , 13:5-11, and 15:6-19 (emphasis | Undisputed but immaterial. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | added). | |
| | **Fact 37.** The Ninth Circuit reversed the district court's decision and concluded that the notice of circumstances that Magma provided to Genesis was inadequate. The Court specifically did not decide whether the notice of circumstances provided to ERII was sufficient and the case was remanded back to the district court for further proceedings.<br><br>PAD Decl. at Exh. W; See, *Genesis Ins. Co. v. Magma Design Automation, Inc.* ("Genesis I"), 386 Fed. Appx. 728, 730 (9th Cir. 2010); and 2015 MSJ Order, at p. 5:1-5. | Undisputed that the First Appeal did not specifically decide whether the notice of circumstances given to ERII was sufficient; however, the ruling became the law of the case and, as applied to the undisputed fact that ERII had received the same information as Genesis, as a practical matter decided the issue as to ERII.<br><br>*See* 2015 Amended MSJ Order (Dkt. No. 313). |
| **<u>National Union's Reply to Fact 37</u>: This fact is undisputed. Magma's response and objection does not establish any dispute as to this particular fact. Further, Magma's response calls for a legal conclusion. (F.R.E. 602)** | | |
| | **Fact 38.** On remand, Genesis filed an amended complaint seeking to recover the $5 million it paid towards the settlement of the securities actions under alternative theories of restitution against Magma and equitable subrogation against National Union.<br><br>Dkt. No. 153; 2015 MSJ Order, at p. 5:7-9. | Undisputed. |
| | **Fact 39.** In response, Magma filed an amended counterclaim and crossclaim asserting claims for: (1) declaratory relief against Genesis, (2) declaratory relief against National Union, (3) breach of contract against National Union, and [*for the first time*] (4) breach of the implied covenant of good faith and fair dealing against National Union.<br><br>Dkt. No. 154; and 2015 MSJ Order, at p. 5:9-12. | Undisputed. |
| | **Fact 40.** National Union filed motions to dismiss as to both the Genesis and Magma amended pleadings. The primary basis for National Union's motions to dismiss was that neither Genesis nor Magma had plead, nor could they plead, exhaustion of the ERII 2004-06 primary policy underlying the National Union excess policy and without exhaustion of the underlying primary policy there is no coverage under | Undisputed that National Union filed motions to dismiss, but disputed as to National Union's characterization of the motions, which speak for themselves. For example, National Union raised its prior notice exclusion as a defense to coverage. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | an excess policy.<br><br>Dkt. Nos. 158 and 161. | |
| **<u>National Union's Reply to Fact 40</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 41.** Genesis and Magma filed motions for summary judgment as to their respective claims and in December 2010, the district court granted partial summary judgment for Genesis, holding that National Union owed coverage because the Ninth Circuit already ruled that the Genesis 2003-04 Excess Policy was not triggered. The court held that Genesis was entitled to recover its payment of $5 million from National Union under an equitable subrogation theory. National Union appealed that decision.<br><br>Dkt. Nos. 168, 169, 186, and 202; and 2015 MSJ Order, at p. 5:13-16. | Undisputed that Genesis and Magma filed motions for summary judgment, and that the court entered judgment in favor of Genesis. Disputed as to National Union's characterization of the motions and the court's order, which speak for themselves. |
| **<u>National Union's Reply to Fact 41</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 42.** In February 2013, the Ninth Circuit again reversed. *Genesis Ins. Co. v. Magma Design Automation, Inc.* ("*Genesis II*"), 506 Fed. Appx. 679, 680 (9th Cir. 2013). See, Dkt. No. 208.<br><br>The Court held that ERII invoked its 2003-04 Policy, thus ERII's 2004-06 Policy was not exhausted, and therefore, coverage under the National Union 2004-06 Policy could not be triggered. The Court explained that ERII's statement that it would "adjust its records" to reflect exhaustion of the ERII 2004-06 Policy was "explicitly contingent" on a judicial determination that ERII's decision to invoke the 2003-04 Policy based on the notice of circumstances was incorrect; however, "[t]here has been no such determination." Accordingly, the Ninth Circuit reversed and remanded the case with instructions to "determine whether ERII correctly treated the [Synopsys] complaint as notice of circumstances that could give rise to a covered claim under its policy." | Undisputed that the Ninth Circuit issued a ruling on the Second Appeal. Disputed as to National Union's characterization of it, which speaks for itself. |

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | PAD Decl. at Exh. X; See Genesis II, 506 Fed. Appx. at 680; and 2015 MSJ Order, at p. 5:17-25. | |
| **<u>National Union's Reply to Fact 42</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 43.** In December 2013, this Court granted National Union's refiled motions to dismiss on the grounds that neither Genesis's amended complaint nor Magma's amended counterclaim and crossclaim alleged exhaustion of the ERII 2004-06 Policy.<br><br>Dkt. No. 253 at 7; and 2015 MSJ Order, at p. 6:2-4. | Undisputed that this Court issued a ruling on National Union's motions to dismiss, but disputed as to National Union's characterization of the Order, which speaks for itself. |
| **<u>National Union's Reply to Fact 43</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 44.** In support of its opposition to National Union's motion to dismiss, Genesis submitted a new declaration from ERII asserting that, in light of the ruling by the Ninth Circuit, ERII had reevaluated its decision to accept the notice of circumstances provided by Magma, had determined the notice was insufficient and had reallocated its payments under the ERII 2003-04 Policy to the ERII 2004-06 Policy.<br><br>PAD Decl. at Exh. Y; Dkt. No. 245 at p. 25, ¶ 10; and 2015 MSJ Order, at p. 6:2-4. | Undisputed that Genesis submitted a new declaration from Richard Nace, but disputed as to National Union's characterization of it, which speaks for itself. |
| **<u>National Union's Reply to Fact 44</u>: This fact is undisputed. Magma's comments do not dispute the issue and are immaterial as Magma has failed to refer to any evidence to support its comments.** | | |
| | **Fact 45.** In granting National Union's motion to dismiss the Court allowed Genesis and Magma leave to amend their pleadings but also permitted the parties to engage in limited discovery to determine whether there was a material difference between the notice of circumstances sent to Genesis, which the Ninth Circuit found to be inadequate, and the notice sent to ERII.<br><br>Dkt. No. 253 at 8; 2015 MSJ Order, at p. | Undisputed. |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Claim or Defense | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response / Evidence |
|---|---|---|
| | 6:4-8. | |
| | **Fact 46.** In July 2014, Genesis filed its second amended complaint, and Magma filed its Second Amended Counterclaim and Crossclaim. In its crossclaim against National Union, Magma for the first time alleges exhaustion of the ERII 2004-06 Policy underlying the National Union 2004-06 Policy.<br><br>See Dkt. No.255. | Undisputed that Genesis and Magma filed these pleadings, but disputed as to National Union's characterization of them, which speak for themselves. Magma also disputes specifically that it alleged exhaustion "for the first time" in that pleading.<br><br>*See* Magma's Answer and Amended Counterclaim and Crossclaim (Dkt. No. 154). |
| **<u>National Union's Reply to Fact 46</u>: This fact is undisputed. Magma's response does not establish any dispute as to this particular fact. Further, Magma's additional comments and cited evidence are immaterial and do not dispute this fact nor do the words "exhaustion" or "exhaust" appear anywhere in the materials cited by Magma in support of its objection.** | | |
| | **Fact 47.** In January 2015, Genesis and Magma each filed Motions for Partial Summary Judgment. The court subsequently granted Genesis's motion for summary judgment as to its equitable subrogation claim <u>against National Union</u>, and granted Magma's motion for summary judgment <u>solely as to Magma's claim for declaratory relief</u>.<br><br>See Dkt. No. 313. | Undisputed. |
| | **Fact 48.** The court entered judgment against National Union, and awarded <u>Genesis</u> the $5 million that Genesis contributed to the settlement of the Securities Actions, plus prejudgment interest. The court did not award Magma any damages on its claims. National Union's appeal of this judgment is currently pending before the Ninth Circuit.<br><br>See Dkt. Nos. 317, 320, 322; and Ninth Circuit, case no. 15-16999. | Undisputed. |
| | | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**NATIONAL UNION OBJECTS TO MAGMA'S IMPROPER RESPONSIVE SEPARATE STATEMENT**

National Union objects to and moves to strike the "additional material facts" asserted n Magma's Responsive Separate Statement in that Magma improperly expanded the scope of the issues to be addressed and violated this Court's standing order regarding Responsive Separate Statements. (See Judge Edward J. Davila's Standing Order for Civil Cases ("Standing Orders"), Section IV, Paragraph B, Part 2)

Pursuant to Standing Order Section IV(B)(2), Magma was required to respond to National Union's statement of material facts indicating whether each of the facts listed is disputed or undisputed and, if disputed, to cite to evidence in the record establishing the dispute. To the extent necessary, Magma is permitted to identify any additional material facts it asserts establish a genuine issue which would preclude summary determination of the matters at issue. The Standing Orders further provide that "**the Responsive Separate Statement shall add no more than 5 pages to the Moving Separate Statement**." Magma's Responsive Separate Statement adds an additional fourteen (14) pages to National Union's Moving Separate Statement.

Magma has included eleven (11) pages solely devoted to purported "additional material facts" which are not set forth in response to any of the "claims or defenses" delineated in National Union's Moving Separate Statement. Magma seeks, through its Responsive Separate Statement, to manufacture issues and improperly expand the scope of National Union's motion. Moreover, Magma's purported "additional material facts" are not material to the matters at issue in National Union's Motion. As such National Union objects to each purported "Additional Material Fact" as violative of Standing Order Section IV(B)(2) (hereinafter referenced as "SO § IV(B)(2)").

Accordingly, because Magma has flagrantly ignored this Court's Standing Order, and has improperly sought to expand the issues before the Court on National Union's Motion For Summary Judgment, **Magma's Responsive Separate Statement should be stricken in its entirety.** Alternatively, the Court should strike Magma's "additional material facts" set forth on those pages which exceed the additional 5 pages permitted, Magma's "additional material facts number 14 to 57, as not in conformance with the Court's Standing Order.

**MAGMA'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

**IN OPPOSITION TO NATIONAL UNION'S MOTION**

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| After the First Appeal, National Union has repeatedly refused to pay the claim in bad faith. | **Fact 1.** ERII's first reservation of rights letter in response to the Securities Actions said that it would respond under the 03-04 Policy pursuant to the "notice of circumstances," but under a full reservation of rights.<br><br>August 23, 2005 Letter from ERII to Magma (Cusack Decl., Exh. A). | **Objection: SO § IV(B)(2)**<br><br>Undisputed that ERII's August 23, 2005, correspondence accepted the Securities Actions under the 03-04 Policy pursuant to the previously accepted "notice of circumstances," but otherwise object to Magma's characterization of the letter as the document speaks for itself.<br><br>(See Cusack Decl., Exh. A) |
| | **Fact 2.** National Union denied coverage on the grounds that the claim was deemed made prior to its policy period. This was its only stated reason for denying coverage.<br><br>August 26, 2005 Letter from National Union to Magma (Cusack Decl., Exh. B). | **Objection: SO § IV(B)(2)**<br><br>Undisputed that National Union denied coverage on the grounds that ERII placed coverage for the Securities Actions in the prior policy period, not any policy period for which National Union provided coverage. Disputed that this was the sole basis for National Union's denial of coverage.<br><br>(See Cusack Decl., Exh. B) |
| | **Fact 3.** Genesis disagreed with ERII's assumption that the Synopsys Action constituted a "notice of circumstances" and denied coverage.<br><br>August 31, 2005 Letter from Genesis to Magma (Cusack Decl., Exh. C). | **Objection: SO § IV(B)(2)**<br><br>Undisputed but irrelevant. |
| | **Fact. 4.** Magma sent Genesis's letter to National Union and stated that Magma would protect its rights to coverage under either the 03-04 Policies or the 04-06 Policies.<br><br>September 16, 2005 letter from Magma to National Union (Cusack Decl., Exh. D). | **Objection: SO § IV(B)(2)**<br><br>Undisputed that Magma forwarded Genesis's letter to National Union. Disputed as to Magma's mischaracterization of the language of the letter. The document speaks for itself. Furthermore, this "fact" is |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | | irrelevant to the subject motion.<br>(See Cusack Decl., Exh. D) |
| | **Fact 5.** When ERII started paying defense costs above the self-insured retention, it said it would pay under its 03-04 Policy but would deem its payments made under the 04-06 Policy if it were determined that Genesis's position was correct.<br><br>May 24, 2006 Letter from Terrence R. McInnis to Mary E. McCutcheon (Cusack Decl., Exh. E). | **Objection: SO § IV(B)(2)**<br>Undisputed that in May 2006, counsel for ERII issued correspondence to Magma's counsel regarding ERII's payments of defense costs under the 03-04 Policy. Disputed and False that ERII conditioned any transfer of coverage on a determination as to the appropriateness of Genesis's coverage position or that Genesis is mentioned at all in the subject correspondence. Furthermore, this "fact" is irrelevant to the subject motion.<br>(Cusack Decl., Exh. E) |
| | **Fact 6.** After Genesis filed this action, consistent with its previous reservations, ERII sought a declaration that the Securities Actions "are properly treated as a single Claim first made during *either* the 03/04 Policy Period *or* the 04/06 Policy Period, but not both."<br><br>ERII Answer and Counterclaim (Dkt. No. 26) at ¶ 25 (emphasis in original). | **Objection: SO § IV(B)(2)**<br>Undisputed that ERII brought a counterclaim seeking a declaration from the Court as indicated and the document speaks for itself. Disputed as to Magma's characterization ERII's "previous reservations" and Magma provides no support for this assertion. Furthermore, this "fact" is irrelevant to the subject motion. |
| | **Fact 7.** ERII confirmed this neutral position when it filed its Statement of Position in connection with the 2008 summary judgment motions:<br><br>If this Court should determine, however, that the Securities Class Action, the Derivative Action and the Unfair Competition Action are properly deemed first made during the Policy Period of the ERII 04/06 Policy instead, ERII will | **Objection: SO § IV(B)(2)**<br>Undisputed that ERII filed a Statement of Position in this action (Dkt No. 100) and that the documents states what is quoted. However, National Union objects to Magma's prefatory comments as they are speculation and conjecture and Magma provides no supporting evidence. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | adjust its records to reflect that all amounts paid in connection with those actions were paid under the ERII 04/06 Policy. If this should occur, the Limits of Liability of the ERII 04/06 Policy would be exhausted by the amount of ERII's payments instead, and ERII will have no further obligations under that Policy.<br><br>Dkt. No. 100 at 6:11-16. | |
| | **Fact 8.** National Union filed an Answer to Magma's cross-complaint on December 5, 2006. Nowhere in that Answer did National Union cite any of the specific defenses it has raised since the First Appeal.<br><br>Answer, Dkt. No. 25. | **Objection: SO § IV(B)(2)**<br>Undisputed as to the first sentence. Disputed and False as to the remainder as National Union specifically asserted estoppel as an affirmative defense in its Answer and specifically asserted that coverage "may be barred, in whole, or in part by the terms, conditions, exclusions, limitations, and/or exceptions to coverage contained in the National Union Excess Policy."<br>(Answer, Dkt. No. 25 at 4:14-26 and 9:8-10, 21-25.) |
| | **Fact 9.** Magma filed a Motion to Stay the coverage litigation pending resolution of the Securities Actions. In that motion, Magma described the issue as a game of "hot-potato" between Genesis and National Union, each arguing that coverage was provided by the other. (National Union filed no response.)<br><br>Motion, Dkt. No. 33 at 5:12-25. | **Objection: SO § IV(B)(2)**<br>Undisputed that Magma filed a Motion to Stay the action and that National Union did not oppose the motion. Objection: Irrelevant and immaterial as to the remaining assertions. |
| | **Fact 10.** The parties' first Joint Case Management Conference Statement filed on December 27, 2006, stated that the case was about which of the two excess policies applied to the loss, depending on the "notice of circumstances" issue. | **Objection: SO § IV(B)(2)**<br>Undisputed that the parties filed a Joint Case Management Conference statement. Disputed that the document states what is represented by Magma. The |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | Joint CMC Stmt, Dkt. No. 38. | document speaks for itself.<br><br>(See Dkt. No. 38.) |
| | **Fact 11.** National Union did not mention any other defenses to coverage over the course of the next eight months as Genesis pressed the Court to lift the stay and allow the parties to brief the issues.<br><br>Green Decl., Exh. 7 (Dkt. No. 168-2); Order Lifting Stay (Dkt. No. 57). | **Objection: SO § IV(B)(2)**<br><br>Irrelevant and immaterial to the matter at issue. Disputed and False as National Union specifically asserted estoppel as an affirmative defense in its Answer and also asserted that coverage "may be barred … by the terms, conditions, exclusions, limitations, and/or exceptions to coverage" set forth in its policy. Further, National Union repeatedly asserted that its policy was expressly excess to the underlying ERII policy, hence no coverage until underlying policy is exhausted.<br><br>(See Answer, Dkt No. 25; Cusack Decl. Exh. B; Friedman Decl. ¶¶ 12 and 13, Dkt. No. 176) |
| | **Fact 12.** On October 30, 2007, plaintiffs demanded $17 million to settle the Securities Actions. This was the amount plaintiffs understood to be the available insurance limits: "This demand is based upon and contingent upon confirmation that Magma's maximum available remaining insurance coverage is just over $17 million."<br><br>Exh. A to Declaration of Clayton Parker ("Parker Decl.") (Dkt No. 168-3); *see also* 3/7/08 Simon Decl. (Dkt No. 99) at ¶ 2. | **Objection: SO § IV(B)(2)**<br><br>Undisputed that the letter from plaintiffs' counsel states what is quoted and that plaintiffs' demanded $17 million to settle the Securities Actions. Disputed as to what plaintiffs did or did not understand to be the available limits as this is based on conjecture and speculation by Magma. The document speaks for itself.<br><br>(See Dkt. No. 168-3, Ex. A) |
| | **Fact 13.** The $17 million consisted of ERII's $10 million primary layer, plus $5 million from the Genesis/National Union layer, plus $5 million from the next excess layer provided by X.L. Insurance | **Objection: SO § IV(B)(2)**<br><br>Undisputed that the total policy limits for the two towers of insurance policies (i.e. the 03-04 and 04-06 policies) amounts |



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | Company, minus an estimated $3 million paid by ERII to that date for defense costs.<br><br>Parker Decl., ¶ 4 (Dkt. No. 168-3). | to $17 million for each period. Objection: Irrelevant and immaterial as to the remaining assertions. |
| | **Fact 14.** Genesis and National Union each received a copy of the letter.<br><br>Simon Decl. (Dkt. No. 99) at ¶ 2; Green Decl., Exh. 8 (Dkt. No. 168-2). | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 15.** Magma negotiated with plaintiffs based on the assumption that the $5 million Genesis/National Union layer of coverage was available to fund any settlement.<br><br>Parker Decl., ¶ 5 (Dkt. No. 168-3). | **Objection: SO § IV(B)(2)**<br>Undisputed that Magma contends that it made the referenced assumption. Disputed that Magma's assumption was appropriate in light of National Union's counsel's communications with Magma's counsel as to National Union's expressed position prior to Magma's settlement of the Securities Actions.<br>(See Friedman Decl. ¶¶ 12 and 13, Dkt. No. 176; Green Decl. Exhs. 8 & 13, Dkt. No. 168-2) |
| | **Fact 16.** On October 31, 2007, Magma demanded that Genesis and National Union fund a settlement with plaintiffs of as much as $17 million.<br><br>Green Decl., Exh. 9 (Dkt. No. 168-2). | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 17.** National Union replied: "Please be advised that National Union continues to maintain its coverage position concerning this matter in all respects. This position has been made known to Magma Design counsel in the ongoing coverage action before Judge James Ware."<br><br>*Id.* at Exh. 8. | **Objection: SO § IV(B)(2)**<br>Undisputed. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | **Fact 18.** Magma then demanded that Genesis and National Union agree to fund a counter offer to plaintiffs.<br><br>*Id.* at Exh. 10. | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 19.** Genesis agreed but National Union refused on the grounds that "coverage for the claim is provided by Genesis and not AIG [*i.e.*, National Union]."<br><br>*See id.* at Exh. 12 (confirming letter). | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 20.** Following the settlement, National Union filed a motion for summary judgment on February 1, 2008.<br><br>National Union Motion for Summary Judgment (Dkt. No. 87). | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 21.** In opposing National Union's motion, Genesis assured this Court that "this pending coverage litigation was limited to this claims-made issue *and that under no circumstance would Magma not have coverage for the settlement*."<br><br>Genesis Opp. (Dkt. No. 98) at 1:14-19 (emphasis added). | **Objection: SO § IV(B)(2)**<br>Undisputed that Genesis's opposition expressed its opinion as set forth in the quoted language. Object that Genesis's assurances and/or opinions are not relevant to the matters at issue. |
| | **Fact 22.** At the hearing, the Court stated its assumption that coverage would be provided under one policy or the other:<br><br>The Court: . . . That's the first proposition I'm trying to suggest. In other words, I cannot leave the policy holder here in a situation where neither Genesis nor National Union is on the hook for the excess, that one or the other is on the hook for the excess.<br><br>Transcript, Exh. 19 to Green Decl. (Dkt. No. 168-2) at 54:24-55:4. | **Objection: SO § IV(B)(2)**<br>**Objection** - Irrelevant and Immaterial and not a fact or evidence. A Court's statements during oral argument are not relevant or part of the Court's ruling. (See *Silverado Modjeska Rec. & Park Dist. v. Orange County*, 197 Cal App 4th 282 (2011).)<br>Undisputed that the Court expressed its intention to not leave the policy holder without coverage. Disputed that this was an "assumption that |



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Issue | Magma's Additional Material Fact | National Union's Response. |
| --- | --- | --- |
| | | coverage would be provided under one policy or the other" and the evidence provided by Magma does not support this assertion. |
| | **Fact 23.** National Union did not speak up when the Court later repeated its assumption that coverage would be provided under one policy or the other:<br><br>But it seems to me that was the point of my consistency question. It wasn't as well phrased as you just articulated it. That's at the heart of the Court's concern, and I would wish to hear further from any party who takes a position that that is not the case, that you could find yourself in a circumstance where the notice of circumstances was inadequate, for example, because it didn't have the detail, and, therefore, it's defective and that would relieve an excess policy in what you're calling year two of an obligation of pick it up. . . . I didn't hear that clearly, and so I'm not considering that's the argument.<br><br>*Id*. at 64:17-65:5. | **Objection: SO § IV(B)(2)**<br><br>**Objection** - Irrelevant and Immaterial and not a fact or evidence. A Court's statements during oral argument are not relevant or part of the Court's ruling. (See *Silverado Modjeska Rec. & Park Dist. v. Orange County*, 197 Cal App 4th 282 (2011).)<br><br>Undisputed that the Court transcript of the proceeding sets for the cited language. Disputed that the Court "assumed" that "coverage would be provided under one policy or the other" and the evidence provided by Magma does not support this assertion. |
| | **Fact 24.** In its ensuing Order, Judge Ware restated his understanding that the coverage litigation was about "whether Genesis or National Union must provide excess coverage after ERII's coverage obligations are exhausted."<br><br>2008 MSJ Order, (Dkt. No. 112) at 3:3-7 (footnote omitted). | **Objection: SO § IV(B)(2)**<br><br>**Objection** - Irrelevant and Immaterial and not a fact or evidence. A Court's statements during oral argument are not relevant or part of the Court's ruling. (See *Silverado Modjeska Rec. & Park Dist. v. Orange County*, 197 Cal App 4th 282 (2011).)<br><br>Undisputed that Judge Ware's Order stated the quoted language. Disputed that this was his understanding of what the coverage litigation was about, rather it was his stated desire to not leave the policy |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | | holder without coverage.<br><br>(See Dkt. No. 168-2, Green Decl. Exh. 19 at 54:24-55:4.) |
| | **Fact 25.** After the First Appeal, National Union decided to cite its Prior Notice exclusion and argued: The information Genesis and ERII got was not a "notice" for purposes of a "notice of circumstances," but it was a "notice" for purposes of its "prior notice" exclusion.<br><br>National Union Motion to Dismiss (Dkt. No. 161) at 8-10. | **Objection: SO § IV(B)(2)**<br><br>Undisputed that National Union's motion to dismiss asserted its Prior Notice exclusion. Disputed Magma's insinuation that this was first instance National Union raised this defense. Furthermore, this "fact" is irrelevant to the subject motion.<br><br>(See Dkt. No. 87) |
| | **Fact 26.** Only one case in the entire country had addressed the prior notice exclusion and found National Union's position completely at odds with why claims-made policies have "notice of circumstances" provisions.<br><br>*Aetna Cas. & Sur. Co. v. Allsteel Inc.*, 709 N. E. 2d 680 (Ill. App. 1999); Magma's Motion for Summary Adjudication (Dkt. No. 168-1) at 18; National Union's Opposition to Magma's MSJ (Dkt. No. 175) at 13-15. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** Irrelevant and Immaterial.<br><br>National Union distinguished and did not rely on the *Allsteel* decision. National Union's assertion of this policy exclusion based upon California case law interpreting and applying coverage defenses including but not limited to: *Continental Cas. Co. v. City of Richmond*, 753 F2d 1076 (9th Cir 1985); *Century Transit System, Inc. v. American Empire Surplus Lines Insurance Co.*, 42 Cal App 4th 121 (1996); and *State Farm Fire & Cas. Co. v. Salas*, 222 Cal App 3d 268 (1990).<br><br>(See National Union's Opposition to Magma's MSJ (Dkt. No. 175) at 7:10 – 9:25.) |
| | **Fact 27.** This Court and the Ninth Circuit in the Second Appeal dismissed National Union's prior notice argument. | **Objection: SO § IV(B)(2)**<br><br>Undisputed but Irrelevant and Immaterial to the matters at issue. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | 2010 Order on MSJs (Dkt. No. 186) at 9-11; 2013 Mem. Op. (Dkt. No. 213) at 2-3. | |
| | **Fact 28.** National Union contended after the First Appeal that the Ninth Circuit had decided as a matter of law that ERII had exhausted its 03-04 Policy and ERII therefore could not do otherwise.<br><br>National Union Motion to Dismiss (Dkt. No. 161) at 5-8. | **Objection: SO § IV(B)(2)**<br>Undisputed as to the Ninth Circuit's determination that ERII had exhausted its 03-04 policy. The remainder of the assertion is unintelligible. **Objection:** This is not a "material fact" or "evidence."<br>(See Dkt. No. 161 at 5-8.) |
| | **Fact 29.** The Ninth Circuit had not breathed a word about exhaustion in the First Appeal.<br><br>2010 Mem. Op. (Dkt. No. 139). | **Objection: SO § IV(B)(2)**<br>Undisputed that the Ninth Circuit Memorandum of Decision does not contain the word "exhaustion." **Objection:** This is not a "material fact" or "evidence." |
| | **Fact 30.** National Union also contended more broadly and without reasoning that ERII had decided to pay its limits out of the 03-04 Policy and it could not change that decision, even to conform to the Ninth Circuit's ruling and its obligations to Magma.<br><br>*See, e.g.,* National Union Opposition to Magma's Motion for Partial Summ. Judg. (Dkt. No. 175) at 16-18. | **Objection: SO § IV(B)(2)**<br>Undisputed that National Union asserted that ERII was bound by its decision to accept "notice of circumstances" and place coverage in the 03-04 policy period. Disputed as to the remainder of Magma's assertion as the evidence cited does not support this assertion.<br>(Dkt. No. 175 at 16-18) |
| | **Fact 31.** Mr. Nace's 2008 Declaration confirmed that the only communication ERII had received in 2004, aside from the Synopsys Action complaint, was a statement from Mr. Jorgensen "that Magma had, in the past, had a patent suit become a directors' and officers' liability claim."<br><br>Nace 2008 Decl. (Dkt. No. 104) at ¶ 7, 2:9-10. | **Objection: SO § IV(B)(2)**<br>Disputed that Mr. Nace's 2008 declaration asserts that his November 9, 2004 discussion with Mr. Jorgensen, was the "only communication" ERII received. Magma misstates what the declaration says. **Objection:** This is not a "material fact" or "evidence."<br>(See Dkt. No. 104, ¶¶ 6 and 7 |



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | | (Nace Declaration); Dkt. No. 288-1 at pgs 11-13) |
| | **Fact 32.** After the Securities Actions settled, National Union said it wanted discovery before the Court heard summary judgment motions on the "notice of circumstances" issue.<br><br>Joint CMC Statement (Dkt. No. 80) at ¶ 6. | **Objection: SO § IV(B)(2)**<br><br>Undisputed. **Objection:** This is not a "material fact" or "evidence." |
| | **Fact 33.** National Union filed its own motion and opposed Genesis's motion without requesting any discovery.<br><br>National Union 2008 MSJ (Dkt. No. 89); National Union Opp. to Genesis's 2008 MSJ (Dkt. No. 96) at ¶ . | **Objection: SO § IV(B)(2)**<br><br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 34.** After the First Appeal in 2010, National Union propounded discovery, but only to Genesis and not on the exhaustion issue.<br><br>Interrogatories, Document Requests, 10/26/10, attached as Exhs. F and G to the Cusack Decl. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant.<br><br>Undisputed that, following the First Appeal, National Union propounded discovery to Genesis related to its assertion that it was entitled to recover from National Union as Magma's subrogee. Disputed as to the remainder of the sentence.<br><br>(See Dkt No. 228, 251 and 253) |
| | **Fact 35.** National Union opposed Magma's 2010 motion for summary adjudication without demanding discovery.<br><br>National Union Opp. to Magma's 2010 MSJ (Dkt. No. 175). | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant.<br><br>Undisputed that National Union did not propound discovery to Magma prior to opposing Magma's motion for summary adjudication. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | **Fact 36.** After the Second Appeal, ERII confirmed that, in light of the facts and the Ninth Circuit's ruling, it did in fact exhaust its 04-06 Policy beneath National Union's.<br><br>2013 Nace Decl. (Dkt. No. 245, Exh. A); 2015 Amended MSJ Order (Dkt. No. 313) at 10-19. | **Objection: SO § IV(B)(2)**<br><br>Undisputed that in July of 2013, Genesis submitted a declaration from Mr. Nace indicating that, <u>contrary to explicit statements by the Ninth Circuit</u>, ERII had taken upon itself to decide that the Ninth Circuit had decided that its acceptance of "notice of circumstances" was improper and transfer its policy payments to the 04-06 policy period.<br><br>(See Dkt No. 245, Exh. A, ¶ 10 and Dkt No. 208 at ¶ 2) |
| | **Fact 37.** National Union did not articulate "waiver" and "estoppel" as defenses until it filed its Third Party Complaint against ERII in August 2014 – *nine years after tender of the Securities Actions*.<br><br>National Union's Third Party Complaint (Dkt. No. 259) at ¶¶ 49-63. | **Objection: SO § IV(B)(2)**<br><br>Disputed and False. National Union asserted estoppel as an affirmative defense to Magma's claims in its initial Answer. In addition, National Union specifically asserted that coverage may be barred by the terms, conditions, exclusions, limitations, and/or exceptions to coverage contained in its policy and further reserved the right to supplement its defenses to Magma's claims should the facts or circumstances demonstrate alternative or additional affirmative defenses were appropriate. At the time National Union filed its initial Answer, Magma and ERII were advocating that coverage was appropriately placed in the 03-04 policy period. Accordingly, Magma's assertion of this fact supports National Union's genuine dispute argument.<br><br>(See Dkt. No. 25) |

| Issue | Magma's Additional Material Fact | National Union's Response. |
| --- | --- | --- |
| | **Fact 38.** In 2014 for the first time, National Union asserted two counterclaims against Magma, both alleging a claim of misrepresentation in Magma's 2004 application for the National Union policy.<br><br>National Union's Answer and Second Amended Counterclaim (Dkt. No. 258) at 20-30. | **Objection: SO § IV(B)(2)**<br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 39.** National Union relied on statements in what it claimed was an "application" provided by Magma.<br><br>*Id.* at Exh. A. | **Objection: SO § IV(B)(2)**<br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 40.** The document on its face showed that it was an *internal* National Union document, it discussed the Synopsys Action *and the National Union underwriter concluded that Magma was a high risk.*<br><br>*Id.* at Exh. A, at pp. 6 of 62, 32 of 62. | **Objection: SO § IV(B)(2)**<br>Disputed. The document was associated with Magma's application for coverage and was comprised of information provided to National Union by Magma and National Union's analysis of the information it received. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 41.** On July 31, 2014, Magma demanded that National Union withdraw the misrepresentation counterclaims.<br><br>7/31/14 email from Dennis Cusack, Exh. H to the Cusack Decl. | **Objection: SO § IV(B)(2)**<br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 42.** National Union stipulated to dismissal of the counterclaims with prejudice.<br><br>Stipulation (Dkt. No. 261). | **Objection: SO § IV(B)(2)**<br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 43.** National Union also said it would not pay because of Cal. Ins. Code § 22, the "loss-in-progress" or "known loss" rule. This issue was raised for the first time in National Union's reply brief on its | **Objection: SO § IV(B)(2)**<br>Undisputed that National Union raised Cal Ins. Code § 22 in its Reply in Support of its FRCP |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | motion to dismiss filed in 2010.<br><br>National Union Reply (Dkt. No. 182) at 4-6. | 12(b)(6) Motion to Dismiss Magma's Complaint.<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 44.** National Union repeated the "known loss" argument again in its appellate brief on the Second Appeal.<br><br>National Union Opening Brief on Appeal (9th Cir. Case No. 11-15800; App. Dkt. No. 14-1) at 34-36. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 45.** National Union raised the same defense again in opposition to Magma's 2015 motion for summary judgment.<br><br>National Union 2015 Opp. (Dkt. No. 286) at 20-22. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 46.** National Union never cited the California Supreme Court decision that rejected this very argument. *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645 (1995).<br><br>*See* Facts 43-45, above. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| Magma has suffered damages because of National Union's breaches of contract. | **Fact 47.** In 2010 after the First Appeal, Genesis moved for summary judgment against Magma on its restitution claim, arguing that it was entitled to recover its $5 million plus interest from Magma.<br><br>2010 Genesis Motion for Summary Judgment (Dkt. No. 169) at 11-14. | **Objection: SO § IV(B)(2)**<br><br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |
| | **Fact 48.** On December 20, 2010, the Court partially adjudicated Genesis's claim for reimbursement from Magma in favor of Genesis, ruling that Genesis had reserved its rights to seek reimbursement.<br><br>2010 MSJ Order (Dkt No. 186) at 8-9, 11. | **Objection: SO § IV(B)(2)**<br><br>Undisputed. **Objection:** This is not a "material fact" or "evidence" and is irrelevant. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | **Fact 49.** Magma paid approximately $56,192 in attorneys' fees and costs on the cross-motions for summary judgment filed between Genesis and Magma in 2010.<br><br>Cusack Decl. at ¶ 9. | **Objection: SO § IV(B)(2)**<br><br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant.<br><br>National Union lacks information to dispute or admit this fact. However, Magma's defense fees and costs incurred in defense of Genesis's motion do not constitute damages for purposes of its breach of contract claim against National Union.<br><br>(See National Union MSJ (Dkt No. 329) at 12:8-14:2) |
| | **Fact 50.** The XL policy issued to Magma for the 2003-04 policy year provides $5 million in limits, subject to a 50% co-insurance provision (requiring Magma to pay 50% of any covered loss otherwise within the XL policy).<br><br>XL 03-04 Policy and Co-Insurance Endorsement attached thereto (Exh. I to the Cusack Decl.). | **Objection: SO § IV(B)(2)**<br><br>Undisputed. |
| | **Fact 51.** The XL policy issued to Magma for the 2004-06 policy year provides $5 million in limits, but *without* the 50% co-insurance provision.<br><br>XL 04-06 Policy (Exh. J to Cusack Decl.). | **Objection: SO § IV(B)(2)**<br><br>Undisputed. |
| | **Fact 52.** A total amount of $17,189,622.65 was paid to defend and settle the Securities Actions (above Magma's SIR), consisting of $3,409,622.65 in defense costs, $13.5 million in settlement of the securities class action, and $280,000 in settlement of the derivative action.<br><br>Magma/ERII Settlement Agreement at 3 and 4 (Exh. L to Cusack Decl). | **Objection: SO § IV(B)(2)**<br><br>Undisputed. |

| Issue | Magma's Additional Material Fact | National Union's Response. |
|---|---|---|
| | **Fact 53.** ERII paid $10 million towards the defense and settlement costs.<br><br>*Id.* | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 54.** Genesis paid $5 million towards the settlement costs.<br><br>*See, e.g.*, 2015 Amended MSJ Order (Dkt. No. 313) at 4; and see Judgment (Dkt. No. 317). | **Objection: SO § IV(B)(2)**<br>Undisputed. |
| | **Fact 55.** After deducting the ERII and Genesis payments, $2,189,622.65 fell into the XL layer. XL paid $1,094,811.32 under the Co-Insurance Endorsement to its 03-04 Policy, subject to a reservation of rights.<br><br>XL/Magma Settlement Agreement, Exh. K to Cusack Decl. | **Objection: SO § IV(B)(2)**<br>Undisputed that pursuant to the terms of Magma's excess policy with XL for the 2003-04 policy period, Magma agreed to a 50/50 split on any liability payments. |
| | **Fact 56.** Magma paid $1,094,811 under the Co-Insurance Endorsement to the 03-04 Policy, subject to a reservation of rights.<br><br>*Id., and see* Exh. M to the Cusack Decl. | **Objection: SO § IV(B)(2)**<br>Undisputed that pursuant to the terms of Magma's excess policy with XL for the 2003-04 policy period, Magma agreed to a 50/50 split on any liability payments. |
| | **Fact 57.** Magma is entitled to recover its $1,094,811.32 from XL when National Union pays under its 04-06 Policy.<br>*Id.* | **Objection: SO § IV(B)(2)**<br>**Objection:** This is not a "material fact" or "evidence" and is irrelevant. |

I have reviewed the foregoing Reply to Magma's Responsive Separate Statement and I attest that the evidence cited there fairly and accurately supports or disputes the facts asserted.

DATED: March 8, 2016

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Paul A. Desrochers*

Paul A. Desrochers
Attorneys for Defendant and Counter/Cross Defendant
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA