UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAGMA DESIGN AUTOMATION, INC. and NATIONAL UNION FIRE INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No. 5:06-cv-05526-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>Re: Dkt. No. 348 |

## INTRODUCTION

This discovery dispute arises in litigation that has been going on for almost 10 years, and this is the first time that this court has been called upon to make any ruling in it. The court will try to put the dispute in context with a brief (and hopefully accurate) summary of the history of this insurance coverage case. The actors are:

Magma Design Automation, Inc. ("Magma"), a local high technology company that carried Director's and Officer's (D&O) liability insurance during the time in question;

Executive Risk Indemnity Inc. ("ERII"), which provided primary D&O coverage to Magma for the policy year 2004 and again for 2005;

Genesis Insurance Company ("Genesis"), which covered Magma under a D&O excess policy for a year that spanned 2003-2004 ("the 03-04 policy");

1    National Union Fire Insurance Company ("National Union"), which covered Magma under

2    a D&O excess policy for years spanning 2004-2006 ("the 04-06 policy").

3    A patent infringement action was filed against Magma in 2004. As sometime happens, the

4    patent action spawned two shareholder securities lawsuits against Magma that were filed in 2005.

5    For insuring purposes under the D&O policies, when did the securities actions arise? There was

6    no dispute that ERII had the primary coverage for both 2004 and 2005. But, which excess carrier

7    had coverage for them? Was it National Union, who was on the risk at the time the suits were

8    filed, or was it Genesis, who was on the risk the year before when the patent case was filed?

9    Under the terms of the Genesis policy, it would actually have been Genesis *if* it had received from

10   Magma at the time of the patent action's filing, a proper "notice of circumstances" advising that a

11   securities lawsuit was looming in the future. Magma said that the notice it had caused to be sent

12   to Genesis back in 2004 said what it needed to say and was sufficient to trigger coverage under the

13   Genesis 03-04 policy for the 2005 securities lawsuits. ERII agreed with Magma, although it also

14   acknowledged that its primary coverage could be deemed invoked for either its 2004 or its 2005

15   policy (which year made no difference to ERII). Genesis disputed the sufficiency of the "notice"

16   and denied coverage. National Union denied coverage. (It is not clear to this court to what extent

17   National Union's denial of coverage was driven by Magma's and ERII's conclusion that Genesis

18   owed the excess coverage.)

19   The present litigation began by Genesis filing a declaratory relief action against Magma

20   challenging the sufficiency of the "notice." Before that suit could be addressed by the court, the

21   parties in the securities actions negotiated a settlement. ERII paid its $10,000,000 limits. Genesis,

22   under reservation of rights, paid its $5,000,000 limits. After the settlement, Genesis wanted its

23   money back, either from National Union or Magma. National and ERII also became parties in a

24   flurry of cross-claims and counterclaims. National said it had good policy defenses. Magma just

25   wanted one of the two excess carriers to be held responsible and did not much care which one it

26   was.

27   The first court ruling on the merits was a summary judgment that declared the 2004

28   "notice" to Genesis was sufficient, triggering coverage for the 2005 securities actions under the

Genesis 03-04 policy. National Union was off the hook.

Genesis appealed the summary judgment, and the Ninth Circuit not only reversed but specifically held that the "notice" was <u>not</u> effective to trigger coverage under Genesis's 03-04 policy. Genesis was vindicated. Back the case came to the District Court.

In a subsequent summary judgment ruling, the District Court found that National Union had the excess coverage for the 2005 securities actions and that National Union must reimburse Genesis for the $5,000,000 that it had ponied up toward the settlement. National Union was back on the hook.

National Union appealed, and the Ninth Circuit reversed. It did not rule out that National Union might ultimately have to come up with the $5,000,000. However, it held that there was no such obligation yet because there had been no exhaustion of ERII's $10,000,000 primary limit of its 2005 policy. (ERII had allocated its $10,000,000 payment to its 2004 policy.) For the moment, National Union was off the hook. Back came the case to the District Court to sort it out. (On account of a retirement, the case was reassigned to a new District Judge.)

Again, summary judgment motions were brought, and the court made a series of rulings:

- The exact same "notice" that Magma sent to Genesis, a notice that the Ninth Circuit held did not trigger coverage under the Genesis policy, was also sent to ERII. Therefore, as a matter of law, the notice to ERII was not sufficient to trigger coverage under ERII's 2004 primary policy. Thus, ERII was mistaken to book its $10,000,000 payment under its 2004 policy and shall adjust its records to apply it instead to its 2005 policy;
- It followed, then, since ERII's primary limits for 2005 had been exhausted, that National Union's excess obligation kicked in;
- Since Genesis paid what National Union should have paid, Genesis was entitled to equitable subrogation, to be reimbursed by National Union for the $5,000,000. Judgment was entered in favor of Genesis and against National Union for that amount, plus interest.
- Based on the record presented, the court declined to rule that National Union had

3

1    breached its contractual obligations to Magma. That remains an open question.

2    (So does Magma's bad faith claim against National Union.)

3    National Union appealed from the judgment in favor of Genesis. That appeal is pending.

4    National Union also moved for summary judgment on Magma's claims for breach of contract and

5    bad faith. That motion is set for hearing soon.

## DISCUSSION

In Discovery Dispute Report #1 ("DDJR #1"), Magma seeks an order requiring National Union to produce its "claims handling information" (presumably, documents).[1] National Union says, and Magma does not dispute, that this information was produced for the time period starting with the initiation of the securities claims and going up to the date that Magma filed suit against National Union. That is, National Union produced the documents it had about the securities claims, from when they were made to when they were settled. That's not what Magma wants now. Now it wants the claims handling information about its claim against National Union for excess coverage. In other words, it wants National Union's claim file for the very claim that is currently in litigation between them.

In opposing this discovery request, National Union primarily relies on the litigation privilege created by California Civil Code § 47(b), which protects any "publication" made "[i]n any . . . judicial proceeding . . .." Indeed, the idea that a litigation adversary can rummage through the claims handling file of an opponent on the very issue in contention is contrary to usual notions of what is allowable discovery. In rejoinder, Magma points out that, when the litigation is between insured and insurer, there still exists a contractual duty of good faith and fair dealing owed by the insurer and Magma wants the documents which it thinks may prove bad faith.

Why does Magma want these documents? Basically, it wants them because it believes National Union stubbornly refuses to step up to the plate and acknowledge it is liable for the $5,000,000 excess. Magma wrote in DDJR #1: "National Union must have some motivation for continuing to fight that is untied to any reasonable view of the merits. Magma's discovery is

---

[1] Neither party provided copies of any of the actual discovery requests or responses, so the court will go with the shorthand phrase "claims handling information" offered by Magma.

intended to uncover that motivation." The court views that statement as just speculation. Sure, it looks bad for National Union just now, but it is appealing the court's latest ruling against it, and it did have some success (short-lived) on an earlier appeal. As a litigant, it is entitled to its day in court, and Magma is asking this court to authorize a fishing expedition into the heart of the insurer's litigation strategy. The court does not countenance fishing expeditions, especially in this particular pond.

Magma relies for support on White v. Western Title Ins. Co., 40 Cal. 3d 870 (1985). There, the court upheld a bad faith judgment against a title insurer that was based on the evidence that the insurer had made two low-ball settlement offers to the insured. True, that decision opened a crack in the very door that Magma seeks to open wide here, but subsequent courts have not opened it any further and have mostly limited it to its facts. See California Physicians' Service v. Super. Ct., 9 Cal App.4th 1321 (1992); Nies v. Nat'l Auto. & Casualty Ins. Co., 199 Cal. App.3d 1192 (1988); Arbol Media, Inc. v. Hartford Cas. Ins. Co. 2003 U.S. Dist. LEXIS 28465 (C.D. Cal. 2003). Indeed, the insurer has an absolute right to defend against its insured's claims, and opening up its litigation file to its insured would undermine its right to a fair day in court.

Ironically, National Union's initial coverage position (to deny coverage) was precisely the position advocated by its insured, Magma. It was only after Magma's choice to put the excess risk on Genesis's 03-04 policy backfired, that Magma then came back to National Union. By this time, however, National Union thought it may have policy defenses that it had not had at the very beginning of the securities actions. It may have been wrong, and---if the latest summary judgment holds up on appeal---will ultimately have to pay up, but it seems it should be able to litigate the correctness of its legal position without opening up its litigation strategy.

## CONCLUSION

Magma has not cited and the court has not found any precedential decision that permitted discovery such as is sought here. Magma's request for post-litigation "claims handling

1  information" (including reinsurance and reserves) is denied.

2  SO ORDERED.

3  Dated: May 31, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:06-cv-05526-EJD Notice has been electronically mailed to:

Dennis M. Cusack    dcusack@fbm.com, adugan@fbm.com, calendar@fbm.com

Glenn A. Friedman    friedman@lbbslaw.com, groshong@lbbslaw.com

John D. Green    jgreen@fbm.com, adugan@fbm.com, calendar@fbm.com

Lewis Kleiman Loss    lloss@ljwllp.com, dprice@ljwllp.com, mdendinger@ljwllp.com

Michael Kenneth Johnson    Michael.Johnson@lewisbrisbois.com, Sandra.Hayes@lewisbrisbois.com, yasinah.johnson@lewisbrisbois.com

Paul Andre Desrochers    desrochers@lbbslaw.com

Robert John Stumpf    rstumpf@smrh.com, jlivingston@sheppardmullin.com

Terrence Reilly McInnis    terrence.mcinnis@troutmansanders.com, amanda.haynes@troutmansanders.com

Thomas Howard Prouty    thomas.prouty@troutmansanders.com, anabel.pineda@troutmansanders.com, felisa.lybarger@troutmansanders.com