UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MAGMA DESIGN AUTOMATION, INC.,<br><br>Defendant. | Case No. 5:06-cv-05526-EJD<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 329 |

This insurance action, commenced to determine who was responsible for a payment made to settle lawsuits against Magma Design Automation, Inc. ("Magma"), is now in its tenth and hopefully final year of litigation. Though the central question presented was answered after three appeals - National Union Insurance Company ("National Union"), Magma's first-layer excess insurer for the 2004-06 policy period, owed the settlement payment - two of Magma's crossclaims against National Union are still pending.

Federal jurisdiction arises under 28 U.S.C. § 1332, and presently before the court is National Union's motion for summary judgment on Magma's crossclaims for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. No. 329. Magma opposes the motion.[1] Having carefully reviewed the record, the court finds no dispute of material fact that Magma cannot show damages resulting from the particular breaches it alleges. Thus, National Union's motion will be granted for the reasons explained below.

---

[1] Magma's administrative motion to increase the page limits (Dkt. No. 345) is GRANTED.

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
1

## I. BACKGROUND

### A. Facts and Procedure

The court has previously provided this action's background in detail, but includes only the relevant portions here. Magma had two "towers" of insurance: one for a 2003-04 policy period, and one for a 2004-06 policy period. The primary insurer at the bottom of both towers was Executive Risk Indemnity, Inc. ("ERII"), who issued two $10 million directors and officers ("D&O") liability insurance policies to Magma. The second-layer excess insurer at the top of both towers was XL Insurance Specialty Insurance Company ("XL").

The difference between the towers was at the middle level, or the insurer providing first-layer excess coverage above ERII but below XL. For the 2003-04 coverage period, Genesis Insurance Company ("Genesis") provided Magma with a $5 million "follow form" policy. For the 2004-06 coverage period, National Union provided Magma with an equivalent "follow form" policy.

In September 2004, Synopsys, Inc. filed an action against Magma alleging patent infringement, which ERII accepted as a "notice of circumstances" arising under its 2003-04 policy. Genesis, however, declined to accept the Synopsys action as a "notice of circumstances" under its first-layer excess coverage.

In June 2005, Magma shareholders filed a securities class action against Magma, and in July 2005, Magma shareholders filed a shareholder derivative action (the "underlying actions"). ERII concluded the Syopsys action was a notice of circumstances to the underlying actions and covered them under its 2003-04 Policy. Genesis denied coverage, as did National Union.

The dispute between Genesis and Magma, on the one hand, and National Union and Magma, on the other, at the first-layer excess level led to this case. In its original complaint filed in 2006, Genesis sought a declaration that the underlying actions did not trigger its 2003-04 policy. Magma filed an answer and counterclaim, seeking to determine whether the Genesis 2003-04 policy or the National Union 2004-06 policy covered the underlying actions. Magma also filed a third-party complaint against National Union seeking the same determination, and against ERII

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

2

seeking a declaration as to whether the ERII 2003-04 Policy or the ERII 2004-06 Policy applied.

The underlying actions ended in a settlement in November, 2007. ERII paid its $10 million policy limit towards the settlement and recorded it as covered under the 2003-04 policy. Genesis also contributed its $5 policy limit to the settlement, despite the dispute over coverage. National Union did not contribute.

Several rounds of summary judgment and appeals then ensued in this case. In July 2008, the district court (Judge James Ware) determined the Synopsys action constituted a notice of circumstances under ERII's 2003-04 policy and granted partial summary judgment to National Union. Genesis appealed from that decision, and the Ninth Circuit Court of Appeals reversed in July 2010. The Ninth Circuit held the Synopsys action did trigger Genesis' first-layer excess coverage as a notice of circumstances and remanded for further proceedings.

Back before the district court, Genesis filed an amended complaint seeking to recover its $5 million settlement payment under alternative theories of restitution against Magma and equitable subrogation against National Union. In response, Magma filed an amended counterclaim and crossclaim asserting, inter alia, breach of contract and breach of the covenant of good faith and fair dealing against National Union.

In December 2010, the district court (still Judge Ware) granted partial summary judgment to Genesis on its equitable subrogation claim against National Union. The court found that because the Ninth Circuit held the underlying actions did not arise under Genesis' coverage period, they must have arisen under National Union's coverage period.

National Union appealed from that decision and in February, 2013, and the Ninth Circuit reversed. The Ninth Circuit held that since ERII had invoked coverage under its 2003-04 Policy, the ERII 2004-06 Policy had not been exhausted, and National Union's first-layer excess coverage had not been triggered. The Ninth Circuit also held that a judicial determination was necessary in order for ERII to adjust its records to reflect exhaustion of 2004-06 Policy. The case was again remanded to make that judicial determination.

After another set of amended pleadings, the district court (by then, the undersigned) again

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
3

ruled on motions for summary judgment. This time, the court determined the Synopsys action did not constitute a notice of circumstances sufficient to trigger ERII's 2003-04 policy, that ERII's 2004-06 policy was triggered and exhausted instead, and that Genesis could recover the $5 million settlement payment with interest from National Union. Another appeal from National Union ensued, but the Ninth Circuit affirmed, thereby ending the dispute over responsibility for the $5 million settlement payment.

### B. Magma's Crossclaims

As stated, two of Magma's crossclaims against National Union remain at issue after rulings by this court and the Ninth Circuit, and are the subjects of the current motion. The first asserts breach of contract, through which Magma alleges:

> National Union has improperly denied coverage and repudiated its obligations under the National Union policy by, among other things, asserting its Prior Notice exclusion as a bar to coverage, claiming that the ERII 04/06 Policy is not exhausted, raising other improper and unfounded defenses to coverage, and refusing to reimburse Genesis the $5 million Genesis paid towards the settlement of the Underlying Policies.

Dkt. No. 255, at ¶ 55.

The second asserts breach of the implied covenant of good faith and fair dealing. Magma alleges National Union breached the covenant in the following ways, "among other things":

> a) unreasonably and without foundation asserting that its Prior Notice exclusion bars coverage for Magma in this action;
>
> b) unreasonably and without foundation asserting the Prior Notice exclusion as a defense to coverage only after Magma agreed to settle the Underlying Actions;
>
> c) unreasonably and without foundation asserting that Magma is estopped to deny that the Prior Notice exclusion bars coverage;
>
> d) by representing to the parties and this Court that Magma would not be left without coverage for the Underlying Actions, but thereafter refusing to step forward and reimburse Genesis for the $5 million it contributed towards the settlement of the Underlying Actions after the Ninth Circuit ruled that the Genesis policy does not provide coverage;
>
> e) asserting without any good faith basis in law or fact that the 04/06 ERII Policy is not and could not be exhausted;

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
4

f) failing to investigate for eight years what information ERII may have received in 2004 beyond a copy of the Patent Infringement Action that might constitute a notice of circumstances;

g) asserting without any good faith basis in law or fact that National Union could justifiably rely on ERII's decision to proceed on the assumption that it had received a proper notice of circumstances in 2004, even though ERII did so under an explicit reservation of rights and National Union could have easily asked ERII what information it had received; and

h) asserting without any good faith basis in law or fact, and in direct conflict with binding California Supreme Court authority, that the "known loss" rule precludes coverage for Magma.

Id.

## II. LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

## III. DISCUSSION

### A. Governing Authority

For its first crossclaim, Magma must prove the standard elements for breach of contract because "[w]hile insurance contracts have special features, they are still contracts." Bank of the West v. Super. Ct., 2 Cal. 4th 1254, 1264 (1992).[2] Those elements are: "'(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" Wall St. Network, Ltd. v. New York Times Co., 164 Cal. App. 4th 1171, 1178 (2008) (quoting Regan Roofing Co. v. Super. Ct., 24 Cal. App. 4th 425, 434-35 (1994)).

Magma's second counterclaim sounds in tort. Pac. S. Mortg. Trust Co. v. Ins. Co. of N. Am., 166 Cal. App. 3d 703, 715 (1985). "In addition to the right to sue an insurer in contract, if the insurer acts unreasonably and without proper cause in failing to investigate a claim, refusing to provide a defense, or either delaying or failing to pay benefits due under the policy, the insured can sue in tort for breach of the covenant of good faith and fair dealing." Richards v. Sequoia Ins. Co., 195 Cal. App. 4th 431, 438 (2011) (citing Emerald Bay Cmty. Ass'n v. Golden Eagle Ins.

---

[2] The court applies California law to this diversity action. HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir. 1997).

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

6

Corp., 130 Cal. App. 4th 1078, 1093 (2005) ("Emerald Bay"). As its name suggests, the covenant is implied in every insurance contract "as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement." Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995).

But "[w]here benefits are withheld for proper cause, there is no breach of the implied covenant." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990). This means that without a viable breach of contract claim against the insurer, an insured's cause of action for breach of the implied covenant of good faith and fair dealing will fail as a matter of law. Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1468 (2011).

### B. D&O Policies and the Duty to Indemnify

A standard insurance policy generally imposes two duties on an insurer: a duty to indemnify the insured, and a duty to defend the insured. Hartford Cas. Ins. Co. v. Swift Distribution, Inc., 59 Cal. 4th 277, 286-87 (2014). A description of the differences between these duties helps to place Magma's crossclaims in the correct context.

"The duty to defend is broader than the duty to indemnify." Id. at 287. Whereas the duty to defend attaches upon the possibility that a claim may be covered by the policy regardless of whether covered damages are awarded, the duty to indemnify "is only determined when the insured's underlying liability is established." Ringler Assocs. Inc. v. Maryland Cas. Co., 80 Cal. App. 4th 1165, 1185 (2000). Under the latter duty, "the 'contractual language limits reimbursement to costs incurred in the defense of claims that would be insurable under the [p]olicies.'" Health Net, Inc. v. RLI Ins. Co., 206 Cal. App. 4th 232, 259 (2012) (quoting Pan Pac. Retail Props., Inc. v. Gulf Ins. Co., 471 F.3d 961, 970 (9th Cir. 2006)). "In other words, in the absence of a contractual duty to defend, when defense costs are recoverable only as covered losses, only those defense costs which were actually related to the defense of covered claims may be reimbursed." Id.

Magma's policy with National Union was a D&O policy. There is generally no duty to defend clause in a D&O policy, but only a duty to indemnify. Id. Thus, rather than the insurer

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
7

providing and paying for a defense to the insured in real time, "defense costs are defined as part of 'Damages' for which indemnification is to be paid." Id. "[T]he insurer reimburses defense expenditures only after the insured selects counsel, controls the defense, and submits the defense bill." Exec. Risk Indem., Inc. v. Jones, 171 Cal. App. 4th 319, 324 n.4 (2009). Stated differently, "[t]he liability limits of a D&O policy are inclusive of and depleted by the reimbursement of defense costs." Id.

### C. Application

#### i. Breach of Contract

National Union argues the court should enter judgment in its favor because Magma cannot prove it suffered damages from the alleged breach of contract. Since Magma would bear the evidentiary burden on its claim, National Union need only point out a failure of evidence on the elements. Celotex Corp., 477 U.S. at 325. If it does so, Magma must then sustain the burden of production. See Reza v. Pearce, 806 F.3d 497, 505 (9th Cir. 2015).

"Damages are . . . a necessary element of the breach of contract cause of action. Navellier v. Sletten, 106 Cal. App. 4th 763, 775 (2003). In turn, "[a] breach of contract without damage is not actionable." Patent Scaffolding Co. v. William Simpson Const. Co., 256 Cal. App. 2d 506, 511 (1967).

Breach of contract damages generally encompass "the amount which will compensate . . . for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code, § 3300; accord Patent Scaffolding, 256 Cal. App. 2d at 511 ("Damages are not recoverable which are not causally connected with the breach of a contract."). They come in three types: (1) general damages, which "flow directly and necessarily from a breach of contract" (Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist., 34 Cal. 4th 960, 968 (2004)); (2) "special" or consequential damages, which "do not arise directly and inevitably" but which are recoverable to the extent they "were either actually foreseen . . . or were

'reasonably foreseeable' when the contract was formed" (Id. at 970); and (3) nominal damages,[3] which can be awarded "[w]hen a breach of duty has caused no appreciable detriment to the party affected" (Cal. Civ. Code, § 3360).

Relying primarily on the California Court of Appeal's decision in Emerald Bay, National Union contends the undisputed facts demonstrate that Magma did not sustain breach of contract damages because other insurers - namely Genesis and XL - funded the settlement of the underlying actions. In Emerald Bay, the court was confronted with an insured's claim for breach of contract against an insurer that denied coverage for an earlier lawsuit against the insured. It was undisputed, however, that the insured was provided a complete defense by another insurer under a separate policy, and the trial court granted a motion for judgment to the insurer on that basis.

On the insured's appeal from the judgment, the Emerald Bay court observed two relevant principles of insurance law in reaching its decision. First, the court recognized that one insurer's duty to provide a defense "will not excuse a second insurer's failure to honor its separate and independent contractual obligation to defend." 130 Cal. App. 4th at 1088. Second, the court noted that the existence of several insurance policies does not increase the insured's right to recover for the same loss; instead, "the insureds right of recovery is restricted to the actual amount of the loss." Id. at 1090 (quoting Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1295 (1998). Thus, the court held that "where there are several policies of insurance on the same risk and the insured has recovered the full amount of its loss from one or more, but not all, of the insurance carriers, the insured has no further rights against the insures who have not contributed to its recovery." Id. at 1091. Under those circumstances, the court determined "the liability of the remaining insurers to insured ceases, even if they have done nothing to indemnify or defend the insured." Id. The judgment in favor of the insurer was therefore affirmed.

---

[3] Magma did not raise nominal damages in its opposition. Even if it did, the Ninth Circuit has held that the availability of nominal damages under California law does not defeat summary judgment without a showing of "'appreciable and actual damage.'" Ruiz v. Gap, Inc., 380 Fed. App'x. 689, 691 (9th Cir. 2010) (quoting Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1015 (9th Cir. 2000)).

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
9

Though Emerald Bay involves the duty to defend rather than the duty to indemnify, its reasoning nonetheless provides general support for National Union's position that Magma is unable to prove its breach of contract crossclaim because it was not damaged. Magma responds to Emerald Bay by describing three possible forms of damage: (1) National Union's alleged breach left Magma "exposed to liability to Genesis for $5 million plus interest;" (2) the breach required Magma to pay $1,094,811 toward the settlement of the underlying action, denying Magma the use of those funds for years; and (3) Magma has paid attorney's fees and costs totaling over $56,000 to "forestall Genesis obtaining a judgment against Magma."

The identified forms of damages do not satisfy Magma's burden in opposition to National Union's motion for summary judgment. The first form of damages is no longer viable. Since this motion was filed, the Ninth Circuit ruled on the third appeal in this case. In doing so, the Ninth Circuit held that ERII could properly adjust its records to reflect exhaustion of the 2004-06 policy, that National Union's first layer excess coverage was therefore triggered for that period, and that Genesis could recover the $5 million settlement payment it made, with interest, from National Union. Dkt. No. 358. Genesis has been fully reimbursed. Dkt. No. 373. As a consequence, Magma is not liable for payments made by Genesis to settle the underlying action and any claims by Genesis against Magma for such payments are moot.

Nor is the second form of damages one that can support a claim for breach of contract. Magma only expended its own funds to settle the underlying actions because the terms of the 2003-04 policy with its second layer excess insurer, XL, provided for 50% coinsurance. Magma was therefore required to pay half of any covered loss falling within XL's coverage for that period, and there is no dispute that it did so nearly ten years ago - in November, 2007. Yet, Magma clarifies in the opposition to this motion that its crossclaims are not based on National Union's initial denial of coverage in 2006, but on its conduct *subsequent to* the first appeal in this action.[4]

---

[4] More specifically, Magma states as follows:

> Magma's bad faith claim describes National Union's conduct after the First Appeal. At that point, no reasonable basis existed for

That appeal was resolved in 2010, almost three years after Magma contributed to the settlement. It is axiomatic that injury sustained prior to the purported breach of a contract cannot support a claim for general or special damages, because it is factually impossible for a pre-existing injury to be proximately caused by a subsequent breach. See St. Paul Fire & Marine Inc. Co. v. Am. Dynasty Surplus Lines Ins. Co., 101 Cal. App. 4th 1038 (2002) (holding that "[a]n essential element of a claim for breach of contract are damages resulting from the breach," and that "[c]ausation of damages in contract cases requires that the damages be proximately caused by the defendant's breach").[5] Accordingly, Magma could not as a matter of law recover for its contribution to the settlement from National Union even under its own theory. But in any event, Magma recognizes it can now seek reimbursement from XL based on the 100% coverage provided by its second layer excess insurance coverage for the 2004-06 policy period.

What remains are attorney's fees and costs incurred by Magma in defending against Genesis' motion for summary judgment in 2010. This form of damages fares no better because a reasonable jury could not, on this evidentiary record, classify the fees and costs as general or

---

> National Union to refuse to pay Genesis on Magma's behalf. As a result, most of National Union's facts regarding the parties' positions on the "notice of circumstances" through the First Appeal are not disputed or material . . . . before the First Appeal, the only issue was whether Genesis or National Union owed coverage for the Securities Action.

Dkt. No. 339, at 3:13-21.

[5] Particular factual distinctions mean that cases such as McMillin Companies, LLC v. American Safety Indemnity Company, 233 Cal. App. 4th 518 (2015), and Risely v. Interinsurance Exchange of the Automobile Club, 183 Cal. App. 4th 196 (2010), both of which distinguish Emerald Bay, do not govern this case. Neither involves an issue of proximate cause. And critical to the holdings of both are breaches of the insurer's duty to defend, which is separate and independent to each insurer even when there are multiple insurers on the same risk. See McMillan, 233 Cal. App. 4th at 537 (finding the insurer's reliance on Emerald Bay misplaced because "the predicate in Emerald Bay - namely, that at all times the insured had been provided a complete defense by a participating insurer . . . is not present here"); see also Risely, 183 Cal. App. 4th at 211 ("[I]n cases in which the non-defending insurer's failure to provide a defense potentially increased the insured's exposure to personal liability, the insured may demonstrate damages from an alleged breach of the duty to defend, notwithstanding that another insurer assumed the costs of provided a defense."). In contrast the insurers in McMillin and Risely, National Union did not owe Magma a duty to defend under its policy.

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
11

special damages proximately caused by National Union's alleged breach. For general damages, Magma does not explain why attorney's fees and costs incurred by an insured in litigation with one insurer "flow directly and necessarily" from another insurer's breach of contract,[6] and Magma has not submitted any evidence demonstrating that these fees and costs were so "sufficiently predictable to the parties at the time of contracting" that National Union should be deemed to have expected them. Lewis Jorge, 34 Cal. 4th at 968.

Similarly, for special damages, Magma has not produced any evidence to show that National Union assumed the risk for these fees and costs at the time of contract formation, or that the nature of the policy or the circumstances in which it was made "compel the inference that [National Union] should have contemplated" reimbursing Magma's fees and costs for its litigation with another insurer. Id. at 970.

But even putting aside the absence of evidence demonstrating National Union's awareness or contemplation at the time of contract formation, Magma's ability to recover these fees and costs as damages for the breach of a D&O policy faces a more fundamental problem. As explained, a D&O policy obligates an insurer with a duty to indemnify - not a duty to defend - arising only when liability for a claim covered under the policy is established. See Ringler Assocs., 80 Cal. App. 4th at 1185. Here, no matter how understandably frustrating the circumstances were to Magma, a reasonable jury could not find that a claim covered by the National Union policy was established at the time Magma incurred defense fees and costs in 2010. It was not until 2017, when the Ninth Circuit ruled on the third appeal, that National Union's liability to indemnify Magma was, in fact, established. Only then could ERII adjust its records to reflect exhaustion of the 2004-06 policy, thereby triggering National Union's first-layer excess coverage. And under the plain terms of the National Union policy, exhaustion of ERII's 2004-06 policy was a necessary precursor to any claim falling within its period of excess coverage. Thus, there was in 2010 a

---

[6] It is helpful to recognize that what Magma proposes to recover are not what are commonly known as Brandt fees since the litigation with Genesis was not to obtain the benefits due under the National Union policy. See Brandt v. Super. Ct., 37 Cal. 3d 813, 817 (1985).

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
12

"genuine issue" as to National Union's liability under the policy for the underlying actions, and "there can be no bad faith liability imposed on the insurer for advancing its side of that dispute." McCoy v. Progressive W. Ins. Co., 171 Cal. App. 4th 785, 793 (2009).

In sum, the court concludes that Magma failed to bear its burden in opposing National Union's motion for summary judgment. Even when viewing the mostly undisputed record in the light most favorable to Magma, a reasonable jury could not find that Magma sustained any damages as a result of the breach of contract alleged in its crossclaim. Accordingly, National Union's motion will be granted as to the crossclaim.

### ii. Breach of the Covenant of Good Faith and Fair Dealing

Magma's crossclaim against National Union for breach of the covenant of good faith and fair dealing cannot be maintained as a matter of law without a viable claim for breach of contract. Behnke, 196 Cal. App. 4th at 1469. Summary judgment will also be entered as to this crossclaim.

## IV. ORDER

Based on the foregoing, the National Union's motion for summary judgment (Dkt. No. 329) is GRANTED. The motion for relief from non-dispositive pretrial order of the magistrate judge (Dkt. No. 351) is DENIED AS MOOT.

It is the court's understanding that this decision resolves all outstanding issues at the district court level. Accordingly, the Case Management Conference scheduled for October 26, 2017, is VACATED. However, the parties shall file a brief joint statement on or before **October 20, 2017**, which provides what, if any, additional action the court or the parties still need to undertake.

**IT IS SO ORDERED.**

Dated: October 16, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:06-cv-05526-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
13